IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL MILLER, | : | |
| Plaintiff | : | No. 1:24-CV-00014 |
| | : | |
| v. | : | Magistrate Judge Schwab |
| | : | |
| COUNTY OF LANCASTER *and* | : | Electronically Filed Document |
| OFFICE OF OPEN RECORDS, | : | |
| Defendants | : | *Complaint Filed 01/04/24* |

## DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO SET ASIDE DEFAULT

Defendant the Pennsylvania Office of Open Records (Defendant), through counsel, hereby files this Brief in Support of its Motion to Set Aside Default pursuant to Local Rule 7.5. Defendant requests that this Court set aside the default entered by the Clerk on February 5, 2024 because it timely filed its Motion for Extension of Time to file its responsive pleading to the Complaint on February 1, 2024, thereby precluding entry of judgment, Plaintiff will not be prejudiced by setting aside default, Defendant has meritorious defenses to all claims asserted within the Complaint, and Defendant has promptly acted in good faith to defend against this case both through its Motion for Extension of Time and in its instant Motion.

## I. STATEMENT OF PROCEDRUAL HISTORY

Plaintiff's *pro se* Complaint was docketed in this matter on January 4, 2024. (Doc. 1.) On January 11, 2024, Defendant was served with a copy of the Complaint. (Doc. 6.)

Undersigned Counsel received referral to represent the Defendant on February 1, 2024, and filed her entry of appearance and motion for extension of time to respond to the complaint that same day. (*See* Docs. 9, 10.) Defendant's Motion for Extension of Time sought leave to extend its time to file its responsive pleading before the time for it to respond to the Complaint expired because its Motion was filed on February 1, 2024. *See* Docs. 9, 10; *see also* Fed. R. Civ. P. 6(b)(1)(A). These filings illustrate Defendant promptly acted in good faith to defend against this action on its merits by the requisite filing deadline.

Plaintiff requested that default be entered against Defendant on February 5, 2024. (Doc. 11.) The Clerk entered default against Defendant on February 5, 2024. (Doc. 12.) Plaintiff then filed his Notice of Intent to Apply for Default judgment on February 6, 2024. (Doc. 13.)

Defendant now files this brief contemporaneously with its Motion to Set Aside the Default Judgment.

## II. ISSUES PRESENTED

A. Whether the Court should set aside the default entered against Defendant by the Clerk because Defendant timely filed its Motion for Extension of Time to respond to the Complaint, Plaintiff will not be prejudiced by the setting aside of the default, Defendant has meritorious defenses, and Defendant has not engaged in culpable conduct?

*Suggested Answer:* Yes.

## III. ARGUMENTS

### STANDARD OF REVIEW

Rule 55(c) provides "[t]he Court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). In determining whether to grant a Motion to Set Aside Default filed under Rule 55(c), the Third Circuit directed district courts to consider: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has presented a meritorious defense; and, (3) whether the default was the result of the defendant's culpable conduct. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984)).

Default judgments are "left primarily to the discretion of the district court." *See United States v. $55,518.05 in United States Currency*, 728 F.2d 192, 194-195 (3d Cir. 1984). Resolution of cases on their merits are preferred over the entry of default judgments. *See id.*

Defendant submits that it timely filed a motion for extension of time to respond to the Complaint, that Plaintiff will not be prejudiced by the setting aside of the default, that it has a meritorious defense, and it has timely participated in this litigation and no culpable conduct can be attributed to it.

**A. Defendant Timely Motioned For Extension of Time to Respond to the Complaint**

The Federal Rules of Civil Procedure provide the explicit guidelines of a response deadline to respond to a civil complaint that is served and how to extend time to respond.

More specifically, Rule 12(a)(1)(A)(i), provides that when served with process, a defendant has twenty-one (21) days to respond to the complaint. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). In addition, pursuant to rule 6(b)(1)(A), a court may extend the time for a response, as is relevant to this matter, via motion before time expires. *See* Fed. R. Civ. P. 6(b)(1)(A).

Moreover, the "timely filing [of] a motion for an extension of the time within which to answer, move, or otherwise respond to the complaint, as here, precludes entry of default." *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 450 (D.N.J. 2014) (citing *Walthour v. Tennis*, Civ. No. 07–443, 2008 WL 314255, at *4 (M.D. Pa. Feb. 4, 2008); *Khan v. Bank of Am. Home Loan Servicing L.P.*, Civ. No. 12–117, 2012 WL 1495592, at *1 n. 2 (D.N.J. Apr. 27, 2012); *Super 8 Worldwide, Inc. v. KNR Hotels, LLC*, Civ. No. 09–3302, 2009 WL 4911942, at *4 (D.N.J. Dec. 11, 2009)).

In this matter, Defendant was served with process of the Complaint on January 11, 2024. (Doc. 6.) In accordance with Rule 6(b)(1)(A) and Rule 12(a)(1)(A)(i), Defendant's response to the Complaint was, therefore, due on or before February 1, 2024. *See* Fed. R. Civ. P. 6(b)(1)(A), 12(a)(1)(A)(i); *see* Doc. 6.

Undersigned Counsel received referral to represent the Defendant on February 1, 2024, and filed her entry of appearance and Defendant's motion for extension of time to respond to the complaint that same day. (*See* Docs. 9, 10.) These filings illustrate Defendant intends to defend against this action on the merits, and acted to do so by the requisite filing deadline. In addition, as Defendant filed its Motion for Extension of time to respond to the Complaint by the requisite deadline, its Motion precludes the entry of default in this matter. *Akishev*, 23 F. Supp. 3d at 450 (citations omitted).

Defendant timely filed its Motion for Extension of Time to file its responsive pleading before the time for it to respond to the Complaint expired because its Motion was filed on February 1, 2024. *See* Docs. 9, 10; *see also* Fed. R. Civ. P. 6(b)(1)(A).

As Defendant timely had Counsel enter her appearance and requested leave for additional time to respond to the Complaint, entry of default is improper and must be set aside. *See Akishev*, 23 F. Supp. 3d at 450 (citations omitted).

## B. Plaintiff Will Not Be Prejudiced From Setting Aside Default

Plaintiff will not be prejudiced from setting aside the Clerk's entry of default. For purposes of the entry of default judgment, generally a plaintiff's prejudice can only be established where relevant evidence or other occurrence prevents the plaintiff from pursuing the claims asserted within the complaint. *See Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656-57 (3d Cir. 1982). A general delay in receiving a final resolution of one's claims or where a plaintiff is tasked with actually litigating his action to its resolution does not establish the requisite prejudice needed to prevent the court from setting aside an entry of default. *See Choice Hotels Int'l, Inc. v. Pennave Assoc., Inc.*, 192 F.R.D. 171, 174 (E.D. Pa. 2000).

Here, Plaintiff will not, nor can he establish, any prejudice from setting aside the entry of default. Defendant timely moved for an extension of time to extend its deadline to respond to the complaint. (Doc. 6, 10.) Additionally, Defendant's Motion was filed ***prior to*** Plaintiffs request for the entry of default and by the deadline for a responsive pleading to be filed. (*See & compare* Docs. 10-12.) Merely having to litigate the civil case to its resolution does not establish any prejudice on Plaintiff's part. *See Choice Hotels Int'l, Inc.*, 192 F.R.D. at 174. As such, this element is in favor of the Court setting aside the entry of default entered against Defendant.

### C. Defendant Has Meritorious Defenses To The Claims Asserted in the Complaint

A "meritorious defense" is one that, if established at trial, would completely bar the plaintiff's sought relief. *See Momah v. Albert Einstein Med. Ctr.*, 161 F.R.D. 304, 308 (E.D. Pa. 1995).

In this matter, Defendant has meritorious defenses to the laundry list of claims asserted in the Complaint as demonstrated by Defendant's contemporaneously filed Motion to Dismiss the Complaint. Defendant's Motion, filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeks to dismiss all claims asserted against it for failure to state any claim upon which relief may be granted. It is Defendant's position that even when the Court takes Plaintiff's averments as true, as it must at the Rule 12(b)(6) stage, all claims fail as a matter of law such that it is entitled to judgment on all claims asserted. Such action illustrates that Defendant has meritorious defenses to all claims asserted within the Complaint. This element, too, weighs in favor of this Court setting aside default.

### D. Defendant Has Not Engaged In Culpable Conduct

The Third Circuit held that "culpable conduct" requires actions to be taken either willfully or in bad faith. *See Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123-124 (3d Cir. 1983). The party requesting that the court set aside the entry of default must act with "reasonable promptness." *See Rockwell Transp. Servs., Inc. v.*

*Int'l Printing & Envelope Co., Inc.*, 2002 WL 1018928, at *1 (E.D. Pa. May 20, 2002) (quotations omitted).

In this matter, Defendant did not partake in culpable conduct. There are no facts before the Court that illustrate that Defendant acted either willfully or in bad faith. Rather, the opposite is evident from the docket in this matter—Defendant timely filed for an extension of time to respond to the Complaint. (Doc. 11.) Such actions can neither be said to constitute culpable conduct needed to establish this element.

In addition, Defendant contemporaneously files its Motion to Dismiss the Complaint pursuant to Rule 12(b)(6) for failure to state any claim upon which relief may be granted with respect to all claims asserted in the Complaint. This prompt response is also indicative of Defendant's good-faith and diligent response to defend against this matter. This element, therefore, is also in favor of the Court setting aside default entered in this matter.

## IV. <u>CONCLUSION</u>

Defendant requests that this Court grant its Motion and set aside the default entered by the Clerk.

|  | Respectfully submitted, |
|---|---|
|  | MICHELLE A. HENRY<br>Attorney General |
| By: | s/ *Mary Katherine Yarish* |
|  | MARY KATHERINE YARISH<br>Deputy Attorney General<br>Attorney ID #328843 |

**Office of Attorney General**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**Phone: (717) 783-6315**

**KAREN M. ROMANO**
**Chief Deputy Attorney General**
**Civil Litigation Section**

myarish@attorneygeneral.gov

**Date:   February 9, 2024**

*Counsel for Defendant Office of Open Records*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL MILLER,** | : | |
| Plaintiff | : | No. 1:24-CV-00014 |
| | : | |
| v. | : | Magistrate Judge Schwab |
| | : | |
| **COUNTY OF LANCASTER** and **OFFICE OF OPEN RECORDS,** | : | Electronically Filed Document |
| | : | |
| Defendants | : | Complaint Filed 01/04/24 |

## CERTIFICATE OF SERVICE

I, Mary Katherine Yarish, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on February 9, 2024, I caused to be served a true and correct copy of the foregoing document titled *Defendant's Brief in Support of its Motion to Set Aside Default* to the following:

## VIA ECF

Michael Miller
108 North Reading Road
Suite F, 246
Ephrata, PA 17522
reaganfive@protomail.com
*Pro Se Plaintiff*

Sarah Hyser-Staub
McNees Wallace & Nurick LLC
100 Pine Street
Harrisburg, PA 17101
sstaub@mcneeslaw.com
*Counsel for Defendant County of Lancaster*

   *s/ Mary Katherine Yarish*
**MARY KATHERINE YARISH**
Deputy Attorney General