UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL MILLER, | : | No. 1:24-cv-00014-SES |
| Plaintiff, | : | |
| | : | |
| v. | : | (Magistrate Judge Schwab) |
| | : | |
| COUNTY OF LANCASTER, *et al.*, | : | |
| Defendants. | : | (Electronically filed) |

## DEFENDANT COUNTY OF LANCASTER'S BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)

Defendant County of Lancaster ("Lancaster County" or the "County"), by and through its undersigned counsel McNees Wallace & Nurick LLC, files this brief in support of its previously filed Motion to Dismiss the Complaint. (Doc. No. 8). Miller fails to allege any cause of action in his Complaint; but even if he had, his claims would nevertheless fail. Miller's grievance centers on his dissatisfaction with the Commonwealth's Right to Know Law policies and procedures. Miller is currently (unsuccessfully) litigating those complaints in state court. This Complaint was filed merely to harass and annoy the County.[1] This Court has

---

[1] *See* Fed. R. Civ. P. 11 (providing for sanctions and requiring all parties signing pleadings to certify that "to the best of the person's knowledge, information, and belief . . . (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for

previously held that alleged violations of Pennsylvania's Right to Know Law do not give rise to a federal constitutional claim, and therefore, Miller's Complaint is meritless. The Complaint should be dismissed with prejudice because Miller cannot state a federal claim upon which relief can be granted.

I. **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

    A. **Factual Background**

        i. **"Background Facts"[2]**

Plaintiff Michael Miller ("Miller") initiated this action on January 4, 2024 by filing a *pro se* Complaint ("Complaint") in this Court against Defendants Lancaster County and the Commonwealth of Pennsylvania Office of Open Records ("OOR"). (Doc. No. 1). Miller brings this claim in connection with his involvement in proceedings under Pennsylvania's Right to Know Law ("RTKL"). Miller "seeks a favorable declaration that State actions against him violate constitutional guarantees of free expression, due process, and equal protection." (Doc. No. 1 at 4).

---

establishing new law; [and] (3) the factual contentions have evidentiary support[.]").

[2] Miller has organized the factual allegations in his complaint using various subsections: "Background Facts"; "Denial #1 (Copies of Mail-in Ballots)"; "Denial #2 (Cast Vote Record Report)"; and "Denial #3 (Digital Ballot Images)". The County uses these headings in its discussion for ease of reference only.

Miller, a resident of Lancaster County, alleges he is "a qualified elector pursuant to Pa. Const. Art. VII § 1 (electors)." (Doc. No. 1 ¶ 9). Miller's allegations concern his involvement with various requests for public records under the RTKL regarding elections in which he was a candidate. Miller alleges that on May 17, 2022, he "contested for Pennsylvania State Senate District 36 in an election held in Lancaster County" and on the same date, Lancaster County "announced that approximately 14,000 of the 22,000 ballots it received from 'mail-in' voters could not be counted by [the] County's scanners because the ballots had been misprinted." (*Id.* ¶¶ 13-14).

Miller further alleges that "[s]ome ballots received from voters in Senate District 36 did not have Miller's contest printed on the ballot, therefore those voters were unable to vote for Miller." (*Id.* ¶ 15). Miller claims that, on the same date, the County's "policymaking board directed [the] County's [employees] to procure and mark 14,000 'replacement' mail-in ballots and to count these instead of the ballots returned by voters" and that the County "reported the count of the replacement ballots instead of the ballots completed by voters." (*Id.* ¶¶ 16-17).

Miller claims that on May 31, 2022, "approximately 120 voters in 40 precincts filed petitions in the Lancaster County Court of Common Pleas demanding a hand count of Miller's election on grounds they had information that the reported count was in error," which the Court denied. (*Id.* ¶ 18). That month,

"Miller began to request election information from [Lancaster County] pursuant to the RTKL," which he claims he used "to create and circulate publications critical of [the] County's ballot administration, lack of transparency, and reported vote count." (*Id.* ¶¶ 19-20).

### ii. "Denial #1 (Copies of Mail-in Ballots)"

Miller claims that on June 7, 2022, he sent a request to the County for copies of all mail-in ballots created for the May 2022 election. (Doc. No. 1 ¶ 13). This request was purportedly denied on July 15, 2022. (*Id.* ¶ 25). Miller allegedly appealed this denial on July 27, 2022 to the OOR. (*Id.* ¶ 28). Miller claims that in October 2022, the OOR ordered the County to release records to Miller within 30 days. (*Id.* ¶ 32).

Miller asserts that the County sent him a letter placing restraints on his access to the records. (*Id.* ¶ 35). Miller complained about these restraints to the OOR, which supposedly replied that it no longer had jurisdiction over the matter. (*Id.* ¶ 40).

In late December of 2022, Miller filed a "Petition to Enforce a Final Determination" in the Lancaster County Court of Common Pleas. On May 12, 2023, President Judge Ashworth sustained the County's preliminary objections and dismissed Miller's complaint with prejudice. (*See* Exhibit 9 to Complaint, Doc. 1-2 at 44). Judge Ashworth concluded that the County had "complied with the

OOR's Final Determination by making the records available to [Miller] subject to the regulations it deems necessary for safekeeping." (*Id.* at 53-54).

Miller takes issue with this decision, stating that the court denied him "a hearing and opportunity to amend" and violated Pennsylvania Rule of Civil Procedure 1028, which governs preliminary objections to pleadings. (Doc. No. 1 ¶ 41). Miller appealed to the Commonwealth Court of Pennsylvania, which appeal remains pending. *See Miller v. County of Lancaster*, 595 CD 2023 (Pa. Cmwlth.).

### iii. "Denial #2 (Cast Vote Record Request)"

Miller also alleges that on July 19, 2022, he "requested a Cast Vote Record report for the May 17, 2022 election," which the County denied on the basis that "the report is not accessible under the Election Code." (Doc. No. 1 ¶¶ 43-44). Miller appealed to the OOR, and on October 14, 2022, the OOR appeal officer denied Miller's appeal. (*Id.* ¶¶ 45, 52).

Miller appears to take issue with the OOR's examination of evidence in connection with this denial. (*Id.* ¶¶ 46-50). Miller claims that the appeal officer "conducted no authentication, cross-examination, or hearing." (*Id.* ¶ 51). Miller admits that he did not appeal this decision by the OOR. (*Id.* ¶ 53).

### iv. "Denial #3 (Digital Ballot Images)"

The third "denial" referenced in the Complaint relates to Miller's request for scanned/electronic records of mail-in ballots and mail-in ballot envelopes and

5

applications. Miller states that on October 26, 2022, he "requested copies of the scanned images of the ballots used in the May 17th 2022 election," and that the "County denied the records on grounds it does not currently maintain the records in the requested format, allegedly pursuant to 65 P.S. § 67.705." (*Id.* ¶¶ 55-56).

Miller appealed this denial to the OOR, which affirmed the County's decision on December 1, 2022. (*Id.* ¶¶ 57, 64). Miller again takes issue with the OOR's consideration of evidence in connection with the denial. (*Id.* ¶¶ 58-60).

On December 29, 2022, Miller filed a petition for review in the Court of Common Pleas of Lancaster County. The court affirmed the OOR's final determination and dismissed Miller's petition. (*See* Exhibit 20 to Complaint, Doc. 1-2 at 134). Miller again complains about the court's decision, including its consideration of evidence, stating the court: "conducted no fact finding, hearing, or cross-examination pursuant to 65 P.S. § 67.1302"; "merely restated the record of the OOR appeal"; and "like the OOR, did not determine whether or not the records exist." (Doc. No. 1 ¶¶ 67-69). Miller claims "[t]he court's dismissal was not based on evidence," citing 65 P.S. § 67.708(a)(1). (*Id.* ¶ 71). Miller notes that he appealed to the Commonwealth Court, and that "[a]s of December 31, 2023, the State has denied Miller a hearing." (*Id.* ¶¶ 72-73); *see Miller v. County of Lancaster*, 596 CD 2023 (Pa. Cmwlth.) (appeal pending).

### B. Procedural History

Miller filed this Complaint on January 4, 2024. (Doc. No. 1). Miller sets forth what he describes as "questions" regarding each of the "denials" discussed previously and fails to plead a specific cause of action. (*Id.* ¶¶ 74-96). Miller requests that the Court order various forms of relief, including, *inter alia*, that the Court declare that the "County's restraints, as applied, are invalid" and that the Court "[d]eclare the State's RTKL (or portions thereof) invalid." (*Id.* ¶¶ 97-107). The Complaint names the County and OOR as Defendants and attaches various documents pertaining to Miller's RTKL proceedings and related litigation in the Pennsylvania state courts. (Doc. No. 1-2).

On February 1, 2024, Lancaster County filed a Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Lancaster County now files its brief in support of its Motion to Dismiss and respectfully requests that the Complaint be dismissed with prejudice for the reasons discussed below.

## II. STATEMENT OF THE QUESTIONS INVOLVED

> Should Miller's Complaint be dismissed with prejudice because he fails to state a claim upon which relief may be granted and/or this Court lacks subject matter jurisdiction because Miller has not asserted a federal question?
>
> *Suggested Answer*: Yes.

Should Miller's Complaint be dismissed with prejudice because he fails to allege any facts supporting a constitutional violation?

*Suggested Answer*: Yes.

### III. ARGUMENT

#### A. Applicable Legal Standard

Rule 12(b)(6) permits dismissal of a pleading for failure to state a claim upon which relief may be granted. Such motions test the legal sufficiency of asserted allegations. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding such motions, while courts must accept pleaded facts as true, they need not accept "bald assertions" and "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Rather, a complaint requires "more than labels and conclusions" or formulaic recitations of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Federal Rule of Civil Procedure 12(b)(1) permits dismissal of a complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). As to subject matter jurisdiction, the Third Circuit has remarked as follows:

> A 12(b)(1) motion may challenge jurisdiction based on the face of the complaint or its existence in fact. *See Gould Elecs. Inc. v. United States,* 220 F.3d 169, 176 (3d Cir.2000) (citing *Mortensen v. First Fed. Savings and Loan Ass'n,* 549 F.2d 884, 891 (3d Cir.1977)). When the challenge is facial, the court must accept as true all well-pleaded allegations in the complaint and draw reasonable inferences in favor of the plaintiff. *See Mortensen,* 549 F.2d at 890. When the challenge to jurisdiction is factual, however, the court is not bound by

8

the allegations in the pleadings. *See id.* Therefore, "no presumptive truthfulness attaches to plaintiff's allegations" for factual challenges. *Id.* Regardless of whether the challenge is facial or factual, the plaintiff bears the burden of persuasion. *See id.* Dismissal is proper where the federal claim is "made solely for the purpose of obtaining jurisdiction" or where such a claim is "wholly insubstantial and frivolous." *Kulick v. Pocono Downs Racing Ass'n, Inc.,* 816 F.2d 895, 898 (3d Cir.1987) (citing *Bell v. Hood,* 327 U.S. 678, 682–83, 66 S.Ct. 773, 90 L.Ed. 939 (1946)).

*Henderson v. Nationwide Mut. Ins. Co.*, 169 F. Supp. 2d 365, 367–68 (E.D. Pa. 2001).

### B. The Complaint should be dismissed because Miller fails to state a claim upon which relief may be granted.

Miller's Complaint has a fundamental defect, which is that it fails to even set forth a cause of action. Miller asserts various "questions" and requests for injunctive relief but does not plead any claims. Even if he had, the claims would fail, because (i) the Complaint is merely an attempt to relitigate the RTKL proceedings, which is insufficient both to state a claim and to establish subject matter jurisdiction in this Court; and (ii) he fails to plead sufficient facts in support of any such claim.

#### i. Miller's dissatisfaction with the Commonwealth's handling of his RTKL matters does not give rise to a federal civil rights claim.

At its core, Miller's case centers around his disagreement with the outcome of the RTKL proceedings and the state court decisions adverse to him. This fact is

9

evident in the very text of his Complaint, which sets forth numerous disagreements with the reasoning of both the OOR and the Pennsylvania state courts. (Doc. No. 1 ¶¶ 41, 49-52, 59-62, 67-71).[3] Alleged violations of the RTKL, however, do not give rise to separate federal constitutional claims. *See Breslin v. Duncannon Borough*, No. CV 12-0360, 2018 WL 4002855, at *3 (M.D. Pa. Aug. 22, 2018) (Stengel, J.) (noting that "alleged violations of Pennsylvania's Right to Know Law do not give rise to a constitutional claim").

In *Breslin*, the plaintiffs filed a civil rights action against their local township and some of its officials, alleging violations of their First, Fourth, and Fourteenth Amendment rights. Judge Lawrence Stengel, sitting by designation, explained that one of the plaintiffs' claims rested "upon his attempt to turn his dissatisfaction with a state law administrative procedure for access to records into a federal Constitutional claim. *Violations of state statutes do not give rise to claims for violations of civil rights*." *Breslin*, *supra* at *4 (emphasis added) (citing *Benn v. Universal Health System, Inc.*, 371 F.3d 165, 174 (3d Cir. 2004)). Judge Stengel continued: "[Section] 1983 supports causes of action based upon violations, under

---

[3] Miller has not completed the process of litigating his appeals of the RTKL proceedings in state court. As noted previously, the proceedings before the Commonwealth Court are ongoing, yet Miller states that his "further exhaustion in the State's courts is futile" (Doc. No. 1 ¶ 7).

color of state action, of federal statutory law or constitutional rights. It does not provide a cause of action for violation of state statutes." *Id.*

The United States District Court for the Eastern District of Pennsylvania recently considered this issue in *Miller v. Nelling*, No. CV 22-3329-KSM, 2023 WL 2743564 (E.D. Pa. Mar. 31, 2023). That court concluded that it lacked jurisdiction over a claim that public officials had failed to provide records pursuant to the RTKL "because state courts provide the exclusive forum for litigating under that statute." *Miller*, *supra*, at *6 (quotations omitted) (collecting cases).

In *Miller*, the plaintiff filed a federal suit challenging a school district policy. Plaintiff submitted several RTKL requests, which yielded no documents. The plaintiff filed a lawsuit in part alleging that the public officials had destroyed records. The court reasoned that, "Chapter 11 and 13 of the RTKL provide the appropriate method of relief when a state agency denies a citizen's document request[,]" and emphasized that "[t]his statutory remedy is exclusive; it does not permit judicial review at the federal level." *Id.*; *see also McCullough v. Cty. of Allegheny*, No. CV 16-534, 2016 WL 7116640, at *2 (W.D. Pa. Dec. 7, 2016) (federal courts lack jurisdiction to compel the production of documents requested under the RTKL); *Degenes v. Mueller*, No. CIV.A. 11-916, 2012 WL 260038, at *3 (W.D. Pa. Jan. 27, 2012) (granting motion to dismiss plaintiff's RTKL claim for lack of subject matter jurisdiction).

11

Here, Miller disagrees with the application of the RTKL and the way he has been given access to the records at issue, but that disagreement is simply not cognizable as a cause of action in this Court. This fundamental defect, on its own, disposes of Miller's case, and also defeats subject matter jurisdiction. Because the claims are entirely meritless, the case should be dismissed with prejudice.

        **ii.    Even if Miller had alleged a cognizable claim, he fails to plead any facts supporting a constitutional violation.**

To the extent the Court concludes that Miller's Complaint alleges plausible constitutional challenges to the RTKL or its specific application to Miller, the Complaint still does not articulate facts supporting such a claim. Miller does not allege any facts suggesting he was deprived of a constitutional right by virtue of the decisions adverse to him in the RTKL proceedings. In each case, he has either: (1) received an unfavorable decision from the Lancaster County Court with respect to the actions now pending before the Commonwealth Court (*see* "Denial 1" and "Denial 3" noted above); or (2) did not appeal the OOR's determination and now merely seeks to lodge vague complaints with respect to that proceeding (*see* "Denial 2" above).

The remainder of Miller's Complaint is simply a list of questions. Although Miller references constitutional provisions in passing, he fails to articulate how or when a state actor deprived him of a right secured by the U.S. Constitution. Even

12

under the most liberal construction of the Complaint with the most generous reading of Miller's sporadic references to constitutional provisions, the Complaint fails to allege any constitutional violation and should be dismissed with prejudice.[4] Because Miller cannot, as a matter of law, state a claim for a federal civil rights violation arising out of purported RTKL violations, his further pursuit of this matter would be frivolous.

## IV. CONCLUSION

For the foregoing reasons, Defendant Lancaster County respectfully requests that the Court dismiss the Complaint with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).

Respectfully submitted,

McNEES WALLACE & NURICK LLC

By *Sarah H Staub*
Sarah Hyser-Staub
PA I.D. No. 315989
100 Pine Street
Harrisburg, PA 17101
717-237-5473
sstaub@mcneeslaw.com

---

[4] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (noting futility exception to amendment of pleadings); *In re Asbestos Prod. Liab. Litig.*, No. 09-01534, 2014 WL 12956895, at *1 (E.D. Pa. Jan. 8, 2014) ("Leave to amend may be denied if amendment would be futile and the proposed amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." (citing *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000))).

13

Dated: February 15, 2024		*Attorney for Defendant Lancaster County*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing document on all counsel of record by operation of the Court's electronic filing system and, pursuant to an agreement with Plaintiff, by electronic mail upon the following:

Michael Miller
108 N. Reading Rd
Suite F, 246
Ephrata, PA 17522
reaganfive@protonmail.com

McNEES WALLACE & NURICK LLC

By *Sarah H Staub*
Sarah Hyser-Staub
PA I.D. No. 315989
100 Pine Street
Harrisburg, PA 17101
717-237-5473
sstaub@mcneeslaw.com

Dated: February 15, 2024