# DISTRICT COURT OF THE UNITED STATES
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Michael Miller<br>　　　　Petitioner,<br>v.<br><br>COUNTY OF LANCASTER, ET. AL.,<br>　　　　Respondents. | CIVIL ACTION NO: 1:24-CV-00014-SES<br><br>Magistrate Judge Susan E. Schwab |

## BRIEF IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT

Michael Miller ["Miller"] briefs the Court in support of his motion to enter a default judgment against Office of Open Records ["OOR"], and in support states:

### I.　Procedural History

On February 1, 2024, OOR failed to plead or otherwise defend pursuant to Rule 12(a)(1)(A)(i) and Rule 12(a)(4). Consequently, on February 5, 2024, the clerk entered a default for OOR pursuant to Rule 55(a). On February 6, 2024, Miller provided OOR notice of his intent to apply for default judgment pursuant to Rule 55(b)(2). On February 9, 2024, OOR filed an unsworn motion and brief requesting set aside of the default. On February 9, 2024, OOR filed an untimely motion to dismiss under Rule

12(b)(6).[1]

II. **<u>Statement</u>**

The court should enter a default judgment against OOR for the following reasons.

First, pursuant to Rule 55(c), OOR shows no meritorious defense. It asserts, in conclusory terms, that it has a meritorious defense, but does not set forth with specificity the grounds for it. (Doc. 15, p.7)[2]

Second, OOR does not demonstrate excusable neglect; moreover, the record supports an inference of OOR's culpability. (Doc 15, p.2)[3].

Third, Miller is prejudiced by additional submission deadlines, OOR's frivolous filings, and the 'last look' at filings unduly awarded to OOR and the co-defendant.

Fourth, since defaulting under Rule 12(a), OOR has filed three

---

[1] Rule 12(a)(4) required a motion under Rule 12(b) to be filed by February 1, 2024.
[2] See generally, *Harrison v. BREW VINO, LLC, Dist. Court, MD Pennsylvania 2021. Civ. No. 1:20-cv-00666.*
[3] On February 1, 2024, OOR filed an unsworn motion to extend the time to file a responsive pleading (Doc. 10), which asserted a reason for counsel's failure to file a responsive pleading, but it did not assert excusable neglect on the part of OOR. Moreover, this motion was deemed withdrawn pursuant to L.R. 7.5 because OOR did not file a supporting brief or any evidence to verify its claims. Remarkably, OOR posited this unsworn and unsupported motion as the grounds for its motion to set aside the default.

motions; all three are unsupported by rule, fact, or evidence. OOR's lack of due diligence in defending this suit supports a default judgment.

Additionally, as State censorship is interminable and causing accruing and irreparable injury to Miller, his rights and time are prejudiced. He demands award of costs in this motion and its defense.

Respectfully Submitted:

*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd, Ste F, 246
Ephrata, PA 17522
(717) 388-0163
reaganfive@protonmail.com

Date:  February 17, 2024

# CERTIFICATE OF SERVICE

I hereby certify that caused to be served by e-filing a true and correct copy of the foregoing document to the following:

Yarish, Mary Katherine
15th Floor, Strawberry Square
Attorney ID #328843
Harrisburg, PA 17120
Phone: (717) 783-6315
myarish@attorneygeneral.gov

Sarah Hyser-Staub
PA I.D. No. 315989
100 Pine Street
Harrisburg, PA 17101
717-237-5473
sstaub@mcneeslaw.com

Respectfully Submitted,

/s/*Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata PA 17522
717-388-0163
reaganfive@protonmail.com

Dated: February 17, 2023