IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL MILLER, | : | |
| Plaintiff | : | No. 1:24-CV-00014 |
| | : | |
| v. | : | Magistrate Judge Schwab |
| | : | |
| COUNTY OF LANCASTER *and* | : | Electronically Filed Document |
| OFFICE OF OPEN RECORDS, | : | |
| Defendants | : | *Complaint Filed 01/04/24* |

## DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

Defendant the Pennsylvania Office of Open Records ("OOR" or "Office of Open Records"), through counsel, hereby files this Brief in Support of its Motion to Dismiss the Complaint (Doc. 1), with prejudice, pursuant to Local Rule 7.5.

The Complaint must be dismissed with prejudice because (1) this Court lacks jurisdiction over Pennsylvania Right to Know Law (RTKL) claims and appeals thereof, (2) the OOR is not a "person" for Section 1983 actions and Section 1983 is not the proper procedural vehicle to assert state law claims, (3) Plaintiff failed to state a First Amendment freedom of speech claim, (4) all substantive due process claims are barred by the more specific provision rule and Plaintiff's exhibits illustrate that he received sufficient due process on all RTKL appeals, (5) the Complaint is devoid of any fact to illustrate that Plaintiff is a member of a protected class or that he was treated differently from similarly situated individuals, and (6) Plaintiff's hypothetical

questions posed to the court fail to state a claim and seek an improper advisory opinion.

## I. STATEMENT OF ALLEGED FACTS & PROCEDURAL HISTORY

*Pro se* Plaintiff Miller filed his Complaint on January 4, 2024, allegedly and solely pursuant to this Court's federal question jurisdiction. (Doc. 1 at ¶¶ 2 (citing 28 U.S.C. § 1331), 3 (citing to 28 U.S.C. § 1342(a)(3) only).) In so doing, Plaintiff brings suit against Lancaster County and the Pennsylvania Office of Open Records ("OOR" or "Office of Open Records") and essentially claims that both Defendants allegedly violated the RTKL by denying his three RTKL Requests, and subsequent appeals, which included not giving him full-unfettered access to ballots from the May 2022 election in Lancaster County, Pennsylvania. (*See gen. id.*) Plaintiff attached twenty-one (21) exhibits, which span approximately one-hundred and fifty-one pages, to his Complaint. (*See* Doc. 1-2 (exhibit table of contents at ECF pg. 2).)

In sum, Plaintiff poses several hypothetical questions to the Court under a self-titled section "Petition for Review."[1] (*Id.* at ¶¶ 74-96.) For relief, Plaintiff seeks

---

[1] Plaintiff includes several "questions" that are not asserted against the OOR but, rather, appear to be asking this Court to make determinations as to whether various Pennsylvania Courts', that are non-parties to this case, actions in ruling upon civil appeals and cases filed by Plaintiff provided him with sufficient process or were otherwise proper under the law. (Doc. 1 at ¶¶ 85, 86, 93, 94, 95.) As these "questions" are lodged against non-parties and not the OOR, the OOR does not address them. To the extent the Court would deem additional briefing on these issues to be pertinent from the OOR, Defendant OOR would request the opportunity to submit supplemental briefing.

2

miscellaneous forms of declaratory relief and requests that this Court hold that the Pennsylvania RTKL is invalid and enjoin further application of the RTKL. (*Id.* at ECF pg. 22.)

Defendant Lancaster County moved to dismiss the Complaint and filed its supporting brief. (Docs. 8, 17.)

On January 11, 2024, Defendant OOR was served with a copy of the Complaint. (Doc. 6.) Undersigned Counsel received referral to represent the Defendant on February 1, 2024, and filed her entry of appearance and motion for extension of time to respond to the complaint that same day—the day in which Defendant's responsive pleading to the Complaint was due. (*See* Docs. 9, 10.) Plaintiff then filed for, and the Clerk entered, the entry of default against the OOR on February 5, 2024. (Docs. 11-12.) The OOR filed its Motion to Set Aside Default, with supporting brief on February 9, 2024. (Docs. 14-15.) Plaintiff filed his Motion to Enter Default Judgment against OOR, with a supporting brief, on February 17, 2024. (Docs. 20, 20-1.) OOR intends to vigorously defend against this action and will file a brief in opposition to that Motion in accordance with Local Rule 7.6.

The OOR filed its Motion to Dismiss this matter on February 9, 2024, and now files this brief in support of its Motion in accordance with Local Rule 7.5. (Doc. 16.)

## II. ISSUES PRESENTED

A. Whether this Court lacks subject matter jurisdiction over this matter because federal courts lack said jurisdiction over Pennsylvania RTKL claims?

B. Whether all claims must be dismissed against OOR because it is not a "person" subject to suit under Section 1983 and Section 1983 is not the proper procedural vehicle to bring state statutory claims?

C. Whether the Complaint fails to state a First Amendment freedom of speech claim because Plaintiff has no constitutional right to an unfettered right to access government information and his disagreement on the administrative procedures to review confidential ballot information does not create a constitutional right?

D. Whether the Complaint fails to state a due process claim because (1) the explicit source rule bars any substantive due process claim and (2) Plaintiff received sufficient due process on all of his RTKL appeals to OOR?

E. Whether the Complaint fails to state an equal protection claim because there are no allegations that Plaintiff is a member of a protected class or that he was allegedly treated differently from a similarly situated individual?

F. Whether the presented hypothetical claims within the Complaint must be dismissed because they are non-justiciable and seek an advisory opinion and fail to state a claim?

*Suggested Answer to All:* Yes.

## III. ARGUMENTS

### STANDARD OF REVIEW

A claim will be dismissed under Fed. R. Civ. P. 12(b)(6) where the plaintiff has "failed to state a claim upon which relief may be granted." *See* Fed. R. Civ. P. 12(b)(6). Where a plaintiff attaches exhibits to his complaint, the court may properly consider those exhibits when resolving a motion to dismiss. *See Vorchheimer v. Philadelphian Owners Assoc.*, 903 F.3d 100, 111-112 (3d Cir. 2018). Moreover, where a plaintiff's attached exhibits contradict his own complaint allegations, the exhibits control. *Id.* at 112.

### A. This Court Lacks Subject Matter Jurisdiction Over RTKL Appeals From OOR Decisions

This Court has repeatedly held that Pennsylvania RTKL claims do not create federal constitutional claims. *See Breslin v. Portillo*, 2018 WL 4002858, at *4 (M.D. Pa. Aug. 22, 2018); *see also Ledcke v. Pa. Dep't of Corrs.*, 2012 WL 716052, at *5 (M.D. Pa. Feb. 3, 2012) (Carlson, J.), *R&R adopted*, 2012 WL 718591 (M.D. Pa. March 5, 2012) (Jones, J.). In fact, the *exclusive* remedy for a party's disagreements with denials or responses to their RTKL requests is via an appeal through the Pennsylvania state courts. *See Ledcke*, 2012 WL 716052, at *5 (citations omitted).

In this case, it is apparent that Plaintiff filed several Pennsylvania RTKL requests with Lancaster County, who subsequently provided responses to those requests. (Doc. 1 at ¶¶ 24, 28, 32, 43, 45, 52, 55, 57, 64.) Plaintiff then decided to

pursue or not to pursue appeals of those responses with the OOR, within a County Court of Common Pleas, and, for at least two responses, appealed to the Pennsylvania Commonwealth Court.[2] Any lingering and festering disagreement Plaintiff may hold for the initial RTKL request responses or the OOR's decisions regarding his subsequent appeals of those requests lies solely within the state statutory remedies provided by the Pennsylvania General Assembly. For these reasons alone, this Court can, and should, rebuff Plaintiff's improper attempt to forum shop within the federal court system wherein he attempts to race ahead of the several ongoing Commonwealth Court appeals to circumvent that available state statutory remedy because it lacks jurisdiction to entertain such claims. All claims should be dismissed with prejudice as any amendment on this issue would be futile.

**B. OOR Is Not A "Person" For Purposes Of Section 1983 Actions & Plaintiffs Cannot Assert State Law Claims Under Section 1983**

Generally, in order to bring a claim under 42 U.S.C. § 1983, a claimant must establish that (1) the conduct complained of deprived him of rights, privileges, and immunities secured by the Constitution or laws of the United States; and (2) the conduct was committed by a person acting under color of state law. *See Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993). It is well-established, however, that

---

[2] (*See* Doc. 1 at ¶¶ ECF pg. 7 (referencing two ongoing Pennsylvania Commonwealth Court cases numbers 595 CD 2022 and 596 CD 2023), 41, 41(e), 41(h), 42, 53 (Miller did not appeal), 54 (references ongoing Pennsylvania Commonwealth Court appeal at docket number 57 CD 2023), 65-66, 72.)

6

states cannot be held liable under Section 1983 because they are not deemed to be "persons" under this statute. *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 697 (3d Cir. 1996). OOR is a Commonwealth agency created by the Pennsylvania General Assembly. *See* 65 P.S. § 67.1310.

In this case, the OOR is not a "person" under Section 1983, and, therefore, cannot be sued under this statute. The Office of Open Records is a governmental agency created by the Pennsylvania General Assembly, and is, therefore, a part of the Pennsylvania state government, as also admitted by Plaintiff within his Complaint. *See* 65 P.S. § 67.1310; *see also* Doc. 1 at ¶ 12. As such, the OOR is not a "person" as defined by Section 1983, and, for that reason, cannot be held liable under the statute. All Section 1983 claims asserted against the OOR must, therefore, be dismissed with prejudice.

Secondly, in order "[t]o state a claim for relief in an action brought under § 1983, [plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49 (1999); *see also Ledcke*, 2012 WL 716052, at *5 (Right to Know Law Claims are not cognizable under Section 1983); *see also* 42 U.S.C. § 1983. Stated simply, Section 1983 cannot be used as a procedural vehicle to assert claims pursuant to state statutes. *See gen. id.* Plaintiff's attempts to assert claims for alleged state

7

constitution and state statute violations pursuant to Section 1983 fail, outright, as a matter of law.

As the OOR is not a "person" under Section 1983, and as Section 1983 is not a proper procedural vehicle to assert claims under state law, Plaintiff failed to state a claim against the OOR. This Court must, therefore, dismiss all claims against the OOR with prejudice as any amendment would not cure this fatality.

### C. Plaintiff Has No Constitutional Right To An Unfettered Right To Access Government Information And His Disagreement On The Administrative Procedures To Review Confidential Ballot Information Does Not Create A Constitutional Right

"There is no constitutional right to have access to particular government information, or to require openness from the bureaucracy." *See Houchins v. KQED, Inc.*, 438 U.S. 1, 14-15 (1978). Further, "[t]here is no constitutional right to have access to particular government information, or to require openness from the bureaucracy." *Id.*

Stated simply, "[t]he Constitution itself is neither a Freedom of Information Act nor an Official Secrets Act." *Id.* "Neither the First Amendment nor the Fourteenth Amendment mandates a right of access to government information or sources of information within the government's control[]. *Id.* Rather, the Supreme Court has clearly decided that no individual has any constitutional right to any particular government information. *Id.*

In this case, Plaintiff essentially claims that he has a First Amendment freedom of speech (or expression) right to unfettered access to voter ballots, that contain personal voters identifying information and secret ballots for their chosen candidates. (Doc. 1, *generally*.) Plaintiff is wrong. Plaintiff has no First Amendment right to ***unrestricted*** access to election information held to protect both the privacy of each individual voting citizen but to also to maintain the integrity of each ballot cast. The Complaint, therefore, fails to state a First Amendment claim.

Even so, a thorough review of the documents attached to the Complaint clearly, objectively, and unequivocally illustrate that Plaintiff was, in fact, ***given access*** to the information that he claims to have been denied. (Doc. 1-1 at 9-19, 20-21 (emphasis added).) A plain-reading of those documents illustrates that Plaintiff need only comply with mere administrative and procedural items that are strictly in place, in accordance with the Pennsylvania Election Code, to preserve the confidentiality and integrity of voter information and ballots cast, in order for him to ***access*** the items he requested to review.

Stated simply, Plaintiff failed to plead any fact to establish that he was denied the opportunity to speak—rather, he pleads himself out of court by attaching one-hundred and fifty-one pages illustrating that he has the ability to access these records and he merely disagrees over the procedure in place to review them. For this

additional reason, this Court should dismiss with prejudice Plaintiff's Complaint for the failure to state a claim.

> **D. The More Specific Provision Rule Bars Any Substantive Due Process Claim & Plaintiff Received Sufficient Due Process**

To the extent that Plaintiff asserts Fourteenth Amendment substantive due process and procedural due process claims with respect to the OOR's quasi-judicial review of Lancaster County's responses to his RTKL requests, such claims fail as a matter of law because (1) all substantive due process claims are barred by the more specific provision rule and (2) even assuming Plaintiff has a protected property and or liberty interest in ballot information for this Motion only, Plaintiff received sufficient due process.

> i. <u>All Substantive Due Process Claims Are Barred By The More Specific Provision Rule</u>

It is well-established that Fourteenth Amendment substantive due process claims are unavailable where the claim is better analyzed under the more specific constitutional amendment applicable to the facts alleged. *See Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 260 (3d Cir. 2010)

Here, to the extent Plaintiff asserts a substantive due process claim against Defendants; such claim is barred by the More Specific Provision rule and it must be dismissed with prejudice.

### ii. Plaintiff Received Sufficient Due Process

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. In order to bring a Procedural Due Process claim, a plaintiff must establish: (1) that the state interfered with a life, liberty, or property interest; and (2) the procedural procedures were insufficient to protect his constitutional rights. *Commonwealth v. Turner*, 80 A.3d 754, 764 (Pa. 2013).

Here, Plaintiff broadly asserts that he is asserting a "due process" claim. (Doc. 1 at ECF pg. 4.) Plain review of the factual averments within his Complaint as well as a thorough review of the many exhibits attached thereto illustrate that Plaintiff had every opportunity to be heard by the OOR and make his arguments on appeal before the OOR. (Doc. 1 at ¶¶ 28, 32, 45, 52, 57, 64; Doc. 1-1 at 9-19 (OOR Final Determination), 53-61 (OOR Final Determination), 76-80 (OOR Final Determination).)

Any further disagreement that Plaintiff has with the evidentiary rules and standard of review of the OOR does not cause a due process issue. As described by the OOR within its Final Determination in response to Plaintiff's evidentiary objections,[3] "under the RTKL, a sworn affidavit or statement made under the penalty of perjury may serve as sufficient evidentiary support and the OOR accepts both as

---

[3] (Doc. 1-1 at Ex. 18, at ECF pgs. 97-98, 100-101.)

evidence." (Doc. 1-1 at ECF pg. 97 (citing *Sherry v. Rdanor Twp. Sch. Dist.*, 20 A.3d 515, 520-21 (Pa. Commw. Ct. 2011), and *Moore v. Office of Open Records*, 992 A.2d 907, 909 (Pa. Commw. Ct. 2010)).) Any objection that Plaintiff has with any OOR Final Determination must be preserved within the State statutory system in place which, as described in Section A above, divests this Court of jurisdiction over this matter. All due process claims must, therefore, be dismissed for failure to state a claim.

> **E. Plaintiff Failed To State Sufficient Facts To Establish He Is Allegedly A Member Of A Protected Class Or That He Was Treated Differently From Similarly Situated Individuals**

The Equal Protection Clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. Equal Protection does not require that all persons be treated alike; instead, a plaintiff must show that the differential treatment from those similarly situated was unreasonable or involved a fundamental interest or individual discrimination. *Tigner v. Texas*, 310 U.S. 141, 147 (1940).

A plaintiff "cannot use allegations . . . that amount to nothing more than 'conclusory, boilerplate language' to show that he may be entitled to relief," and a bald assertion that other individuals were treated differently will not survive dismissal. *Young v. New Sewickley Twp.*, 160 F. App'x 263, 266 (3d Cir. 2005). A plaintiff must identify similarly situated individuals and allege "occasions or

circumstances" of differential treatment. *Id.* Plaintiffs must identify similarly situated individuals and allege "occasions or circumstances" of differential treatment. *Id.*; *see also Twombly*, 550 U.S. at 563.

Here, within his "purpose" paragraph, Plaintiff blanketly states that he is seeking a declaration that his equal protection rights were violated. (Doc. 1 at ECF pg. 4.) In so doing, however, the Complaint is wholly devoid of a single averment to allegedly establish that he was either a member of a protected class or that he was treated differently from other similarly situated individuals. (*See gen. id.*) As such, Plaintiff failed to state an equal protection claim.

### F. Plaintiff's List Of Hypothetical Questions Presented Within The Complaint Must Be Dismissed Because They Seek Non-Justiciable Advisory Opinions & Fail To Adhere To Rules 8(a), Rule 10, and Rule 12(b)(6) of the Federal Rules of Civil Procedure

Plaintiff also poses a laundry list of twenty-three hypothetical questions to the Court to purportedly answer within his Complaint. (Doc. 1 at ¶¶ 74-96.) These questions, to the extent the Court construes them as individual claims, are completely undeveloped, conclusory, and lack even a bare recitation of the elements, and should, therefore, be disregarded by this Court as failing to state a claim because mere legal conclusions are not entitled to truth at this stage and they fail to meet the requirements of Rules 8(a), 10, and 12(b)(6) of the Federal Rules of Civil Procedure. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).

Additionally, many of these questions, if not all, seek advisory opinions by which the Complaint does not establish an active case or controversy relevant to those questions within the four-corners of the document. (*See gen.* Doc. 1 ¶¶ 74-96.) As such, this Court, respectfully, lacks the jurisdiction to review such advisory opinions. For this additional reason, this Court should dismiss the Complaint.

## IV. CONCLUSION

Defendant OOR requests that this Court grant its Motion and dismiss the Complaint with prejudice.

Respectfully submitted,

MICHELLE A. HENRY
Attorney General

By: *s/ Mary Katherine Yarish*
MARY KATHERINE YARISH
Deputy Attorney General
Attorney ID #328843

**Office of Attorney General**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**Phone: (717) 783-6315**

KAREN M. ROMANO
Chief Deputy Attorney General
Civil Litigation Section

myarish@attorneygeneral.gov

**Date: February 23, 2024**

*Counsel for Defendant Office of Open Records*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL MILLER,** | : | |
| Plaintiff | : | No. 1:24-CV-00014 |
| | : | |
| v. | : | Magistrate Judge Schwab |
| | : | |
| **COUNTY OF LANCASTER** and | : | Electronically Filed Document |
| **OFFICE OF OPEN RECORDS,** | : | |
| Defendants | : | Complaint Filed 01/04/24 |

## CERTIFICATE OF SERVICE

I, Mary Katherine Yarish, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on February 24, 2024, I caused to be served a true and correct copy of the foregoing document titled *Defendant's Brief in Support of its Motion to Dismiss the Complaint* to the following:

## VIA ECF

Michael Miller
108 North Reading Road
Suite F, 246
Ephrata, PA 17522
reaganfive@protomail.com
*Pro Se Plaintiff*

Sarah Hyser-Staub
McNees Wallace & Nurick LLC
100 Pine Street
Harrisburg, PA 17101
sstaub@mcneeslaw.com
*Counsel for Defendant County of Lancaster*

   *s/ Mary Katherine Yarish*
**MARY KATHERINE YARISH**
Deputy Attorney General