2012 WL 716052
Only the Westlaw citation is currently available.
United States District Court,
M.D. Pennsylvania.

Shawn Michael LEDCKE, Plaintiff,
v.
PENNSYLVANIA DEPARTMENT
OF CORRECTIONS, et al., Defendants.

Civil No. 1:11–CV–2298.
|
Feb. 3, 2012.

**Attorneys and Law Firms**

Shawn Michael Ledcke, Talladega, AL, pro se.

*REPORT AND RECOMMENDATION*

MARTIN C. CARLSON, United States Magistrate Judge.

**I.** *Statement of Facts and of the Case.*

**\*1** This is a *pro se* civil rights action which was first brought by Shawn Ledcke, an inmate who was formerly housed in the Lackawanna County Prison, through the filing a civil complaint on December 12, 2011. (Doc. 1) While this first pleading was captioned as a complaint, Ledcke's initial *pro se* pleading was, in reality, something less than an actual civil rights complaint. Rather, it is a demand for pre-complaint discovery from the defendants. (*Id.*)

In this pleading, Ledcke indicated that he had sent "FOIA/PA" requests to the defendants for wide-ranging materials, including audio and videotapes, as well as production of documents, but had received no response from these officials. Asserting that he desired this information because he may at some time in the future file a civil rights complaint, Ledcke urged this Court to compel the defendants to respond to his "FOIA/PA" requests. While Ledcke did not further explain what he meant by these "FOIA/PA" requests, it appeared that Ledcke was relying upon the federal Freedom of Information and Privacy Acts, 5 U.S.C. §§ 551–552a, to endeavor to compel these local authorities to produce these materials for him prior to even filing a federal lawsuit.

Along with this complaint, the plaintiff filed a motion for leave to proceed *in forma pauperis.* (Doc. 2) On January 9, 2012, as part of our statutorily mandated screening process for *pro se in forma pauperis* litigants, we granted this motion for leave to proceed *in forma pauperis,* (Doc. 2), but recommended that the Court dismiss the complaint for failure to state a claim upon which relief can be granted, without prejudice to allowing the plaintiff to attempt to correct the deficiencies noted in this report and recommendation by filing an amended complaint. (Doc. 8)

Upon receipt of this report and recommendation, on January 27, 2012, Ledcke filed an amended complaint, which named the Pennsylvania Department of Corrections, the Lackawanna County Sheriffs's Office, the Lackawanna County Prison, and the prison warden as defendants. (Doc. 9) This amended complaint repeated Ledcke's explanation that he had sent requests to the defendants for wide-ranging materials, including audio and videotapes, as well as production of documents, but had received no responses from these officials. Ledcke, once again, explained that he was seeking this information because he may at some time in the future wish to file a lawsuit against state officials, but his current amended complaint contains no civil rights claims against any state officials. Instead, Ledcke's amended complaint further explained what he initially meant by these "FOIA/PA" requests he had propounded on state and local officials. It appears from the amended complaint that Ledcke is attempting to rely both upon the federal Freedom of Information and Privacy Acts, 5 U.S.C. §§ 551–552a, and Pennsylvania's Right–to–Know Law, 65 Pa.C.S. § 67.101, *et seq.,* to endeavor to compel these state and local authorities to produce these materials for him prior to even filing a federal lawsuit.

**\*2** We have now reviewed this amended complaint, and find that it, too, fails to state a claim upon which relief can be granted. Accordingly, we recommend that the amended complaint also be dismissed.

**II.** *Discussion*

**A.** *Screening of Pro Se In forma Pauperis Complaints– Standard of Review*

This Court has an on-going statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which seek redress against government officials. Specifically, we are obliged to review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

**(a) Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**(b) Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the Court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell *Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) continuing with our opinion in *Phillips v. County of Allegheny,* 515 F.3d 224, 230 (3d Cir.2008) and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside,* 578 F.3d 203, 209–10 (3d Cir.2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.,* 20 F.3d 1250, 1261 (3d Cir.1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir.1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." *Id.* at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* In keeping with the principles of *Twombly,* the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> **\*3** [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual

allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1950.

Thus, following *Twombly* and *Iqbal* a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter *Iqbal,* when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

*Fowler,* 578 F.3d at 210–11.

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. Applying these standards, we find that this complaint, in its present form, is subject to summary dismissal.

**B.** *Ledcke's Amended Complaint Still Fails to State a Claim Upon Which Relief May Be Granted*

1. *Ledcke May Not Rely Upon The Federal Freedom of Information and Privacy Acts,* 5 U.S.C. §§ 551–552a *To Compel Production of State and Local Records*

At the outset, to the extent that the plaintiff, Shawn Ledcke, is endeavoring to rely upon the federal Freedom of Information and Privacy Acts, 5 U.S.C. §§ 551–552a, to endeavor to compel these state and local authorities to provide him with far-reaching discovery before filing a federal civil rights complaint, this pleading continues to fail to state a claim upon which relief can be granted for at least three reasons.

*4 First, Ledcke's pleadings fundamentally distort the process of federal civil litigation. With very few exceptions, the Federal Rules of Civil Procedure do not permit parties to indulge in discovery prior to filing a complaint in federal court. Rather, what a party like Ledcke must do is first state a federal claim in a well-pleaded complaint, and then seek discovery in support of aspects of this claim. Since the approach proposed here by Ledcke turns this orderly process of litigation on its head, it should not be adopted by this Court, and we should decline Ledcke's invitation to compel wide-ranging pre-complaint discovery from the defendants.

Second, to the extent that Ledcke relies upon the federal Freedom of Information and Privacy Acts, 5 U.S.C. § § 551–552a, to endeavor to compel these state and local authorities to provide him with far-reaching discovery before filing a federal civil rights complaint, he misconstrues the

reach of these federal statutes. By their terms, the Freedom of Information and Privacy Acts, 5 U.S.C. §§ 551–552a, only apply to federal agencies and officials. Therefore, it has long been held that these federal statutes do not compel state or local agencies to maintain, or produce, records. *See, e.g., Sowell's Meats and Services, Inc. v. McSwain,* 788 F.2d 226, 228, n. 2 (4th Cir.1986); *St. Michael's Convalescent Hospital v. California,* 643 F.2d 1369, 1373 (9th Cir.1981); *Johnson v. Wells,* 566 F.2d 1016, 1018 (5th Cir.1978); *Lathrop v. Juneau & Associates, Inc.,* 220 F.R.D. 330, 336 (S.D.Ill.2004); *Ryans v. New Jersey Commission of the Blind,* 542 F.Supp. 841, 852 (D.N.J.1982). As one court has aptly noted when denying a similar federal FOIA request:

> Both the FOIA and the Privacy Act are inapplicable to state agencies. Relevant case law precludes application of the FOIA and Privacy Act to a state agency such as the Pennsylvania Office of the Attorney General. *St. Michael's Convalescent Hospital v. California,* 643 F.2d 1369, 1372 (9th Cir.1981) (refusing to apply FOIA or Privacy Act to state agencies receiving federal funding or subject to federal regulation); *Mamarella v. County of Westchester,* 898 F.Supp. 236, 237 (S.D.N.Y.1995) (holding that FOIA and Privacy Act do not apply to states agencies or individual officials).

*Martinson v. Violent Drug Traffickers Project,* No. 95–2161, 1996 WL 411590, *2 (D.D.C. July 11,1996) Accordingly, these statutes simply do not provide Ledcke with any legal grounds for compelling state and local agencies and officials to give him access to these records.

Nor can Ledcke rely upon his standing as a person seeking leave to proceed *in forma pauperis* to compel this unusual form of pre-complaint discovery. Indeed, as a general matter, nothing in 28 U.S.C. § 1915 authorizes federal courts to compel free discovery, or finance a party's discovery expenses incurred while prosecuting a lawsuit, even if that party has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). Review of the case law reveals that numerous courts have recognized these limitations on the power of federal courts to relieve indigent litigants from the costs of pre-trial discovery. *See, e.g., Brooks v. Quinn,* 257 F .R.D. 515, 417 (D.Del.2009) ( "Although plaintiff is proceeding in forma pauperis, the court has no authority to finance or pay for a party's discovery expenses.... It is plaintiff's responsibility to pay for the costs associated with the taking of a deposition."); *Augustin v. New Century TRS Holding, Inc.,* No. 08–326, 2008 U.S. Dist. LEXIS 96236, at *7–9 (W.D.Pa. Nov. 25, 2008) (denying plaintiff's IFP application to cover costs for discovery requests); *Badman v. Stark,* 139 F.R.D. 601, 605 (M.D.Pa.1991) (28 U.S.C. § 1915 does not require the government to advance funds for deposition expenses); *Toliver v. Community Action Comm'n to Help the Econ.,* 613 F.Supp. 1070, 1072 (S.D.N.Y.1985) (no clear statutory authority for the repayment of discovery costs for IFP plaintiff); *Sturdevant v. Deer,* 69 F.R.D. 17, 19 (E.D.Wis.1975) (concluding that 28 U.S.C. § 1915 "does not extend to the cost of taking and transcribing a deposition."); *Ebenhart v. Power,* 309 F.Supp. 660, 661 (S.D.N.Y.1969) ("Grave doubts exist as to whether [28 U.S.C. § 1915] authorizes this court to order the appropriation of Government funds in civil suits to aid private litigants in conducting pre-trial discovery."); *see also Tabron v. Grace,* 6 F.3d 147, 159 (3d Cir.1993) ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."). Thus, as a general rule, the Court lacks the lawful authority to help finance, or relieve Plaintiff from, the costs associated with taking discovery in anticipation of possible litigation to be filed sometime in the future.

**2. *Ledcke's State law Claims Also Fail***

**\*5** In addition, Ledcke's amended complaint attempts to articulate claims under Pennsylvania's Right–to–Know law, 65 Pa.C.S. § 67.101, *et seq.* However, Ledcke's state law claims under Pennsylvania's Right–to–Know law, 65 Pa.C.S. § 67.101, *et seq.,* fail to state a claim that we may entertain in federal court for several reasons.

"First, the Right–to–Know Act prescribes that the appropriate remedy for denial of a request is to appeal that denial in state court This statutory remedy is exclusive. *Proffitt v. Davis,* 707 F.Supp. 182, 188 (E.D.Pa.1989)" *Martinson v. Violent Drug Traffickers Project,* 1996 WL 411590, at *2. Therefore, federal courts generally lack subject matter jurisdiction over such Pennsylvania Right–to–Know Act claims. *Id.*

Second, there are constitutional impediments to pursuing this claim in federal court against the state, and state agencies or officials. As a matter of constitutional law, the Eleventh Amendment to the Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the ... States ....", U.S. Const., amend XI. By its terms, the Eleventh Amendment strictly limits the power of federal courts to entertain cases brought by citizens against the state and state agencies. Moreover, a suit brought against an individual acting in his or her official capacity constitutes a suit against the state and therefore also is barred by the Eleventh Amendment. Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Consistent with the plain language of this constitutional amendment, federal courts have repeatedly held that the Eleventh Amendment precludes persons from pursuing claims against state agencies and officials under Pennsylvania's Right–to–Know law, 65 Pa.C.S. § 67.101, et seq in federal court. As the United states Court of Appeals for the Third Circuit recently observed when rejecting a similar state Right–to–Know law claim: "As to those defendants who are subject to Pennsylvania's Right to Know Act, the Eleventh Amendment barred the District Court from considering [these] claims. See Capital Cities Media, Inc. v. Chester, 797 F.2d 1164, 1176–77 (3d Cir.1986)." N'Jai v. Floyd, 386 F. App'x 141, 143 (3d Cir.2010). See also Martinson v. Violent Drug Traffickers Project, No. 95–2161, 1996 WL 411590, *2 (D.D.C. July 11,1996).

Nor can Ledcke rely upon the current diversity of citizenship between himself, a prisoner housed in Alabama, and the defendants, state officials in Pennsylvania, to sustain federal jurisdiction in this case. While federal "district courts shall have original jurisdiction of all civil actions *where the matter in controversy exceeds the sum or value of $75,000,* exclusive of interest and costs, and is between-(1) citizens of different States", 28 U.S.C. § 1332(a)(1) (emphasis added), this ground of federal jurisdiction, known as diversity jurisdiction, simply does not provide a basis for exercising jurisdiction in this particular case since Ledcke cannot colorably claim that the amount in controversy here exceeds $75,000, the jurisdictional threshold for federal diversity jurisdiction. Ledcke cannot make this claim because the only financial penalties exacted by Pennsylvania's Right to Know Act, are court costs, attorney fees, and a $1,500 civil penalty. Pa.C.S. §§ 67.1304 and 1305. Since these sanctions fall far below the dollar threshold set by Congress for federal courts to entertain lawsuits based upon diversity of citizenship, we lack subject matter jurisdiction under 28 U.S.C. § 1332 to entertain this case.

**\*6** Finally, our conclusion that there are no grounds for asserting federal jurisdiction here, dictates the appropriate course for the court to follow in addressing any ancillary state law claims that Ledcke may wish to pursue against these defendants. In a case such as this, where there is no independent basis for asserting jurisdiction in the federal court, it has observed that the proper course is for:

> [T]he court [to] decline to exercise supplemental jurisdiction over the plaintiff's state law claims. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if... the district court has dismissed all claims over which it has original jurisdiction."); United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) (holding that when federal causes of action are dismissed, federal courts should not separately entertain pendent state claims).

Bronson v. White, No. 05–2150, 2007 WL 3033865, at \*13 (M.D.Pa. Oct.15, 2007) (dismissing ancillary malpractice claim against dentist).

This course of action, dismissing ancillary state claims when there is no other ground of federal jurisdiction, has also been expressly endorsed by the Court of Appeals in Ham v. Greer, 269 F. App'x 149, 151 (3d Cir.2008). In Ham, the appellate court approved this practice, stating in terms that are equally applicable here that:

> Because the District Court appropriately dismissed [the inmate's] *Bivens* claims, no independent basis for federal jurisdiction remains. In addition, the District Court did not abuse its discretion in declining to address the state law negligence claims. 28 U.S.C. § 1367(c)(3); *see* United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Tully v. Mott Supermkts., Inc.,* 540 F.2d 187, 196 (3d Cir.1976) . [1]

*Id.* at 151.

In short, without the inclusion of some further well-pleaded factual allegations, the claims set forth in this civil rights complaint contain little more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [which as a legal matter] do not suffice." *Ashcroft v. Iqbal,* 127 S.Ct. at 1979. Therefore, we are compelled to recommend dismissal of this complaint. We recognize that *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, *see Fletcher–Hardee Corp. v. Pote Concrete Contractors,* 482 F.3d 247, 253 (3d Cir.2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. *Alston v. Parker,* 363 F.3d 229, 235 (3d Cir.2004). In this case, the plaintiff was given the opportunity to amend his complaint, has failed to state a viable cause of action, and the factual and legal grounds proffered here in support of the complaint make it clear that the plaintiff has no right to relief. In such a setting, granting further leave to amend would be futile or result in undue delay. *Alston v. Parker,* 363 F.3d 229, 235 (3d Cir.2004). Therefore, this case should simply be dismissed.

### III. RECOMMENDATION

*7 Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's amended complaint be DISMISSED without further leave to amend.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions

**All Citations**

Not Reported in F.Supp.2d, 2012 WL 716052

---

### Footnotes

1    Because we believe that it would be inappropriate to exercise jurisdiction over these ancillary state law claims we express no opinion on the ultimate merits of this case as an action Pennsylvania's Right–to–Know law, 65 Pa.C.S. § 67.101, *et seq.*

---

**End of Document** © 2024 Thomson Reuters. No claim to original U.S. Government Works.