IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL MILLER, | : | |
| Plaintiff | : | No. 1:24-CV-00014 |
| | : | |
| v. | : | Magistrate Judge Schwab |
| | : | |
| COUNTY OF LANCASTER *and* OFFICE OF OPEN RECORDS, | : | Electronically Filed Document |
| | : | |
| Defendants | : | *Complaint Filed 01/04/24* |

### DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DOC. 20)

Defendant the Pennsylvania Office of Open Records, through counsel, hereby files this Brief in Opposition to Plaintiff's Motion for Default Judgment pursuant to Local Rule 7.6. Plaintiff's Motion must be denied because he failed to establish his requisite burden necessary for the entry of the extreme remedy of default judgment.

### RELEVANT PROCEDURAL HISTORY

Plaintiff's *pro se* Complaint was docketed in this matter on January 4, 2024. (Doc. 1.) On January 11, 2024, Defendant was served with a copy of the Complaint. (Doc. 6.)

Undersigned Counsel received referral to represent the Defendant on February 1, 2024, and filed her entry of appearance and motion for extension of time to respond to the complaint that same day. (*See* Docs. 9, 10.) Defendant's Motion for Extension of Time sought leave to extend its time to file its responsive pleading before the time for it to respond to the Complaint expired because its Motion was

filed on February 1, 2024. *See* Docs. 9, 10; *see also* Fed. R. Civ. P. 6(b)(1)(A). These filings illustrate Defendant promptly acted in good faith to defend against this action on its merits by the requisite filing deadline.

Plaintiff requested that default be entered against Defendant on February 5, 2024. (Doc. 11.) The Clerk entered default against Defendant on February 5, 2024. (Doc. 12.) Plaintiff then filed his Notice of Intent to Apply for Default judgment on February 6, 2024. (Doc. 13.) Plaintiff then filed his Motion for Default Judgment and supporting brief on February 17, 2024. (Docs. 20, 20-1.)

Defendant now files this opposition brief to Plaintiff's instant Motion pursuant to Local Rule 7.6.

## ISSUE PRESENTED

Whether Plaintiff's Motion for Default Judgment must be denied because he failed to meet the high burden to establish the entitlement to the entry of default judgment against OOR?

*Suggested Answer:* Yes.

## ARGUMENT

Rule 55(c) provides "[t]he Court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). In determining whether to grant a Motion to Set Aside Default filed under Rule 55(c), the Third Circuit directed district courts to consider: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has

presented a meritorious defense; and, (3) whether the default was the result of the defendant's culpable conduct. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984)).

Default judgments are "left primarily to the discretion of the district court." *See United States v. $55,518.05 in United States Currency*, 728 F.2d 192, 194-195 (3d Cir. 1984). Resolution of cases on their merits are preferred over the entry of default judgments. *See id.*

Plaintiff first argues that OOR has not shown a meritorious defense. (Doc. 20-1 at 2.) Plaintiff is wrong on both the procedural history of this case and on the law. OOR filed its Motion to Dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for the failure to state a claim *before* Plaintiff filed his instant Motion. (*See & Compare* Docs. 16 and 21.) Therefore, as Plaintiff was on notice of this meritorious defense, this argument is meritless.

Second, Plaintiff next argues that OOR has not shown excusable neglect. (Doc. 20-1 at 2.) In so doing, Plaintiff argues that OOR filed a motion for extension of time that is withdrawn because no supporting brief was filed pursuant to Local Rule 7.5, thereby, allegedly, he claims, to illustrate that OOR has not established excusable neglect. (*Id.*) Defendant disagrees. Defendant timely appeared before this Court on February 1, 2024, and sought an extension of time to respond to the

operative complaint before the time to respond to said Complaint. (*See* Docs. 09, 10.) Defendant's Motion was not withdrawn—rather, it was filed in completed adherence to the Local Rules. As fully described in Local Rule 7.5, a supporting brief is not required "[i]n support of a motion for enlargement of time if the reasons are fully stated in the motion[.]" *See* Local Rule 7.5. Such is the case here. Defendant's Motion for Extension of Time set forth its reasons for its need for additional time to respond, which was filed pursuant to Rule 11 of the Federal Rules of Civil Procedure. Therefore, Plaintiff's second proffered reason is also meritless.

Third, Plaintiff next argues that he is allegedly "prejudiced by additional submission deadlines, OOR's frivolous filings, and the 'last look' at filings unduly awarded to OOR and the co-defendant." (Doc. 20-1 at 2.) In so doing, Plaintiff provides no binding legal authority to support his contentions. Rather, a general delay in receiving a final resolution of one's case does not establish the prejudice required for the extreme remedy that is default judgment. *See Choice Hotels Int'l, Inc. v. Pennave Assoc., Inc.*, 192 F.R.D. 171, 174 (E.D. Pa. 2000). Merely having to actually litigate the civil case to its conclusion on the merits is the consequence of filing a civil action. So, thus, again, Plaintiff's third reason for default judgment is meritless.

Fourth, Plaintiff next argues, without any supporting citation, that all of OOR's currently pending Motions are meritless and "unsupported by rule, fact, or evidence."

(Doc. 20-1 at 2-3.) Plaintiff is incorrect. As demonstrated in each of Defendant's filings, each filing contains citations to legal authority that supports the relief that is sought within that Motion and is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. (*See gen.* Docs. 15-16.)

Interestingly Plaintiff claims that this slight delay—of only 7 days—has caused him to allegedly "accru[e] and [sic] irreparable injury." (Doc. 20-1 at 3.) In so doing, he provides no evidence to support that untested theory. (*Id.*) However, as Plaintiff has repeatedly reminded the Defendants and this Court, he has litigated this case various times and in different venues since 2022.

Plaintiff's own Complaint made clear that he intentionally filed multiple and duplicative civil actions that remain currently ongoing in the Pennsylvania Commonwealth Court. (*See gen.* Doc. 1 at ECF pg. 7 (referencing two ongoing Pennsylvania Commonwealth Court cases numbers 595 CD 2022 and 596 CD 2023), 54 (references ongoing Pennsylvania Commonwealth Court appeal at docket number 57 CD 2023).) These matters are filed not by Defendant, but by Plaintiff himself. (*See gen. id.*) Plaintiff's failed to prove, via his conclusory allegations, the high prejudicial burden necessary for the entry of default judgment. For this additional reason, Plaintiff's Motion must be denied.

As previously presented to this Court in its Motion to Set Aside Default, Defendant submits that it timely filed a motion for extension of time to respond to the

Complaint before the time to respond to that complaint expired, (Doc. 10), that Plaintiff will not prejudiced by the setting aside of the default (Docs. 14-15), and that it has a meritorious defense as advanced within his Motion to Dismiss (Doc. 16) and Supporting Brief (Doc. 21).  Moreover, Defendant has timely participated in this litigation and no culpable conduct can be attributed to it, (*see* Docs. 9-10, 16, 21). Respectfully, Default judgment is improper in this matter.

### CONCLUSION

For the foregoing reasons, and for the reasons set forth in their Motion and supporting brief to Set Aside Default, Defendant requests that this Court DENY Plaintiff's Motion and permit this matter to be resolved on its merits.

**Respectfully submitted,**

**MICHELLE A. HENRY**
**Attorney General**

By: *s/ Mary Katherine Yarish*
**MARY KATHERINE YARISH**
**Deputy Attorney General**
**Attorney ID #328843**

**Office of Attorney General**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**Phone: (717) 783-6315**

**KAREN M. ROMANO**
**Chief Deputy Attorney General**
**Civil Litigation Section**

myarish@attorneygeneral.gov

**Date:  February 23, 2024**

*Counsel for Defendant Office of Open Records*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL MILLER,** | : | |
| Plaintiff | : | No. 1:24-CV-00014 |
| | : | |
| v. | : | Magistrate Judge Schwab |
| | : | |
| **COUNTY OF LANCASTER** and | : | Electronically Filed Document |
| **OFFICE OF OPEN RECORDS,** | : | |
| Defendants | : | *Complaint Filed 01/04/24* |

## CERTIFICATE OF SERVICE

I, Mary Katherine Yarish, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on February 23, 2024, I caused to be served a true and correct copy of the foregoing document titled *Defendant's Brief in Opposition to Plaintiff's Motion for Default Judgment* to the following:

## VIA ECF

Michael Miller
108 North Reading Road
Suite F, 246
Ephrata, PA 17522
reaganfive@protomail.com
*Pro Se Plaintiff*

Sarah Hyser-Staub
McNees Wallace & Nurick LLC
100 Pine Street
Harrisburg, PA 17101
sstaub@mcneeslaw.com
*Counsel for Defendant County of Lancaster*

   *s/ Mary Katherine Yarish*
**MARY KATHERINE YARISH**
Deputy Attorney General