IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| MICHAEL MILLER<br>Petitioner,<br><br>v.<br><br>COUNTY OF LANCASTER, ET. AL.,<br>Respondents. | CIV. NO.: 1:24-CV-00014-SES<br><br>Magistrate Judge Susan E. Schwab |
|---|---|

**BRIEF IN OPPOSITION TO MOTION FOR SET ASIDE OF DEFAULT**

Petitioner, Michael Miller ["Miller"], files this brief in opposition to Respondent, Office of Open Records's ["OOR"], motion to set aside default (Doc. 14, 15) and in support states:

I. **PROCEDURAL HISTORY**

On January 4, 2024, Miller filed 'Petition for Declaratory Judgment'. (Doc. 1) in the District Court. On January 11th, Miller properly served OOR's executive director, Elizabeth Wagenseller with the summons and Petition. (Doc. 6). Pursuant to Rule 12(a)(1)(a)(i), OOR's responsive pleading to the Petition was due on February 1st.

As of February 2, 2024, OOR defaulted under Rule 12(a)(1)(a)(i). On February 5, 2024, pursuant to Rule 55(a), Miller filed an affidavit showing

1

OOR's non-compliance with Rule 12. On the same day, the clerk entered a default for OOR. (Doc. 12). On February 6, 2024, pursuant to Rule 55(b), Miller provided written notice to OOR of his intent to apply for default judgment. (Doc. 13).

On February 9, 2024, OOR filed an unsworn motion and brief of counsel to set aside the clerk's entry of default. (Doc. 14, 15). On February 16, 2024, the Court ordered Miller to file a responsive brief to OOR's motion to set aside default on or before March 1, 2024.[1] (Doc. 18). Pursuant to this order, Miller files this brief in opposition to OOR's motion to set aside default.

## II. COUNTER STATEMENT OF FACTS

This section counters the allegations in OOR's brief section entitled, "STATEMENT OF PROCEDRUAL [*sic*] HISTORY". First, Miller objects to the Court's deemed adoption of counsel's unsworn and conclusory allegations:

> "*Undersigned Counsel received referral to represent the Defendant on February 1, 2024, and filed her entry of appearance and motion for extension of time to respond to the complaint that same day. (See Docs. 9, 10.) Defendant's Motion for Extension of Time sought leave to extend its time to file its responsive pleading before the time for it to respond to the Complaint expired because its Motion was filed on February 1, 2024. See Docs. 9, 10; see also Fed. R. Civ. P. 6(b)(1)(A). These filings illustrate Defendant promptly*

---

[1] Miller interpreted the Court's order to provide for him an exception to L.R. 7.5, which requires filing a responsive brief within 14 days of the movant's brief.

*acted in good faith to defend against this action on its merits by the requisite filing deadline."*

Responsively, OOR's responsive pleading was due on February 1, 2024. As of February 2, 2024, OOR failed to plead or move under Rule 12. On February 9, 2024, OOR filed an unsworn motion and counsel's brief (Doc. 14 and 15) asking the Court to set aside the entry of default. The supporting brief references a motion filed by OOR's counsel on February 1, 2024 entitled, "Defendant's Motion For Extension Of Time To Respond To The Complaint (Doc. 1)", which requests an extension of 60 days to plead. (Doc. 10). Miller did not concur in the motion. The Court has not taken up this motion. Pursuant to L.R. 7.5, as of February 15, 2024, the Court deemed this motion withdrawn because OOR did not file a supportive brief . To the extent OOR argues (and the Court agrees) that this motion was not deemed withdrawn due to the exception provided in L.R. 7.5(a), Miller objects to that application of the rule for lack of notice pursuant to F.R.C.P. 7(b)(1)(A) and (B). Additionally, Miller did not file a brief in opposition because he thought OOR would first file a supporting brief.  The Court may not expect Miller to know (and the motion does not state) whether OOR stated "all the reasons for the request in the motion", nor should it expect Miller to foresee whether OOR will file a supporting brief. To wit, On February 9, 2024, Miller emailed Ms. Yarish and asked, "Are you withdrawing your motion for extension of time to file?"; and

3

"Will you file briefs for the motions you're filing today by February 15th?" (Miller assumed counsel might file briefs for all three motions by the 15th). Yarish did not answer Miller's questions and simply filed no brief. Miller does not waive his right to oppose the motion. Conclusively, Miller objects that his defense under L.R. 7.6 is prejudiced. He also objects to the Court's consideration of that motion with the motion at bar.

### III. ISSUES PRESENTED

1. Has OOR shown a meritorious defense to the Petition?

    *Suggested Answer*: No

2. Has OOR shown excusable neglect?

    *Suggested Answer*: No

3. Does setting aside OOR's default prejudice Miller's defense?

    *Suggested Answer:* Yes

### IV. ARGUMENT

**A. OOR shows no meritorious defense.**

Rule 55(c) requires OOR to show a prima facie meritorious defense.[2]

---

[2] *United States v. $55,518.05 IN US CURRENCY, 728 F.2d 192 (3d Cir. 1984) at 195.*

Instead, OOR filed an unsworn motion (Doc. 14) and a brief of counsel (Doc. 15). The brief asserts in conclusory terms that OOR has a meritorious defense – 12(b)(6) -- but does not set forth with specificity the grounds for it. (See Doc. 15, p.7). The showing is insufficient. *Harrison v. BREW VINO, LLC, Civ. No. 1: 20-cv-00666 (M.D. Pa. May 5, 2021)*.

Second, the Court must weigh the use of its discretion in setting aside the default by the sufficiency of an asserted legal defense. An objection under 12(b)(6) burdens the movant to establish the specific grounds for insufficiency. Here, OOR's motion does not state specific grounds for insufficiency.

Third, the Court must find that the 12(b)(6) defense is meritless because the Petition states a sufficient claim pursuant to Rule 8(a). *Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008) at 235*.

Therefore, OOR's motion fails to show a meritorious defense; it states no grounds for a defense; and the defense it claims to have is meritless.

**B. OOR Does Not Demonstrate Excusable Neglect.**

Rule 55(c) requires OOR to demonstrate excusable neglect for the court to set aside the default. However, the unsworn motion and counsel's brief does not demonstrate excusable neglect by OOR. *See* Doc 15, p.7-8. *Ojo v. BREW VINO, LLC, Civ. No. 1: 20-cv-00661 (M.D. Pa. Feb. 4, 2021)*.

### C. Miller is Prejudiced By Setting Aside the Default.

Miller's defense is prejudiced by additional submission deadlines, time, and expense to defend OOR's frivolous filings, and the 'last look' at filings unduly awarded to OOR and the co-defendant.

## V. <u>CONCLUSION</u>

The Court should deny OOR's motion to set aside entry of default because it does not show good cause as required under Rule 55(c). OOR's motion does not show a meritorious defense to the Petition. OOR's motion does not show excusable neglect. Miller's defense is prejudiced by a set aside of default. Accordingly, the Court should deny the motion.

Respectfully Submitted:

*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd, Ste F, 246
Ephrata, PA 17522
(717) 388-0163
reaganfive@protonmail.com

Date: February 24, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

Yarish, Mary Katherine
15th Floor, Strawberry Square
Attorney ID #328843
Harrisburg, PA 17120
Phone: (717) 783-6315
myarish@attorneygeneral.gov

Sarah Hyser-Staub
PA I.D. No. 315989
100 Pine Street
Harrisburg, PA 17101
717-237-5473
sstaub@mcneeslaw.com

Respectfully Submitted,

/s/*Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata PA 17522
717-388-0163
reaganfive@protonmail.com

Dated: February 24, 2024