IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Michael Miller<br>　　　Petitioner,<br><br>v.<br><br>COUNTY OF LANCASTER, et. al.,<br>　　　Respondents. | CIV. NO.: 1:24-CV-00014<br><br>Magistrate Judge Susan E. Schwab |

**BRIEF IN OPPOSITION TO RESPONDENT'S MOTION TO DISMISS**

Petitioner, Michael Miller ["Miller"], moves the court to deny Respondent, County of Lancaster's ["County"] motion to dismiss Miller's "Petition for Declaratory Judgment and Injunctive Relief", and in support states:

I. **PROCEDURAL HISTORY**

On January 4, 2024, Miller filed a "Petition for Declaratory Judgment and Injunctive Relief" ["Petition"] [Doc. 1] in the District Court. On February 1, 2024, County filed an unsworn motion to dismiss (Doc. 9) the Petition. The motion seeks dismissal of the Petition under Rule 12(b)(1). It also seeks dismissal of the Petition by way of an objection under Rule 12(b)(6). On February 15, County filed brief. (Doc. 17). Miller briefs in opposition to the motion.

1

## II. COUNTER-STATEMENT OF THE FACTS

County uses a section of its brief entitled, "Relevant Factual and Procedural Background", as a means for its counsel to provide unsworn allegations, conclusions, and mischaracterizations about Miller's Petition, none of which constitutes facts before the Court. Pursuant to L.R. 7.8, Miller labors here only to object to the Court's 'deemed adoption' of any 'facts' in counsel's brief. "Given that we are dealing with a Rule 12(b)(6) motion to dismiss, the defendant's brief should not contain any facts that are not pleaded within (Plaintiff's) complaint…" *Shaw v. WAYNE MEMORIAL HOSPITAL*, No. 3: 20-CV-01594 (M.D. Pa. May 7, 2021).

## III. STATEMENT OF QUESTIONS INVOLVED

1. Does the Petition fail to state a claim upon which the Court can grant relief?
   *Suggested Answer:* No.

2. Does the Petition prove the Court has jurisdiction of its subject matter?
   *Suggested Answer:* Yes

## IV. ARGUMENT

**1. THE PETITION DOES NOT FAIL TO STATE A CLAIM.**

i. **County's Defense under 12(b)(6) is to Mischaracterize the Claim.**

The motion's defense is to ignore Miller's claim, then pretend that he failed to state one. Notably, counsel's brief never mentions the terms, "declaratory judgment" or "controversy". Instead, it variously mischaracterizes the Petition as making claims under 42 U.S.C § 1983; (Doc. 17, pg. 1,9,12); or "seeking to relitigate the RTKL proceedings"; for "alleged violations of the RTKL"; or a "cause of action for violation of state statutes" (Doc. 17, p.11); or "to compel the production of documents requested under the RTKL". (Doc. 17, p.11). Counsel then effectively asks the Court to adopt one of her mischaracterizations and rule that the mischaracterized claim is not stated or insufficiently alleged. Notwithstanding counsel's mischaracterizations, the Petition itself states a claim for declaratory judgment.

ii. **Miller's Petition States a Claim for Declaratory Judgment.**

County's defense under 12(b)(6) fails because the Petition states a claim for declaratory judgment. (Doc. 1, p.1). The court can grant relief because U.S. Const. Art. III § 2 ("The judicial Power shall extend to all Cases ... [and] Controversies...."); and also because the Declaratory Judgment Act provides that, "…any court of the United States ... may declare the rights and other legal relations of any interested party seeking

such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a)."

The claim is sufficiently pleaded pursuant to Rule 8(a).[1] The Petition contains 73 allegations. (Doc. 1 p. 4-14). The allegations are short, plain statements. They are non-conclusory. They are supported by an affidavit and supporting exhibits. (Doc. 1, p. 20) (Doc 1 #2). The Petition states actual controversy with the respondent. (See Doc. 1, pp. 13-72).[2] The controversy arises under the Constitution.[3] It shows Miller is entitled to relief (Doc 1. p.1); it notices the relief sought (Doc. 1, p. 15-19); and it states the grounds upon which it rests. (Doc 1, p.1-3).

The requirements of Rule 8(a) being met, the Petition states a claim upon which the Court can grant relief.

2. **MILLER'S PETITION PROVES THE COURT HAS JURISDICTION OF THE SUBJECT MATTER.**

   **i. The Petition Invokes the Court's Jurisdiction of the Subject Matter.**

   The Declaratory Judgment Act provides that, "[i]n a case of actual

---

[1] *Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008) at 235.*
[2] *MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 126, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007) at 766.* See also *Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941).*
[3] *Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S. Ct. 461, 81 L. Ed. 617 (1937) at 240-241.*

controversy *within its jurisdiction* ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration…" 28 U.S.C. § 2201(a). [italics added for emphasis].

In providing remedies and defining procedure in relation to cases and controversies in the constitutional sense, the Congress [through the Declaratory Judgment Act] is acting within its delegated power over the jurisdiction of the federal courts which the Congress is authorized to establish. *Aetna, 240.* Additionally, U.S. Const. Art. III § 2 extends judicial Power to cases and controversies arising under the Constitution.

Since the Petition states an actual controversy under the Declaratory Judgment Act and arising under U.S. Const. Art. III § 2, it presents a case within the jurisdiction of the court as a federal court. *Binderup v. Pathe Exchange, Inc., 263 U.S. 291, 44 S. Ct. 96, 68 L. Ed. 308 (1923) at 306*. Thus, the Court has jurisdiction of the Petition's subject matter.

**ii. The Petition is Not Subject to Dismissal.**

While it is true that the Declaratory Judgment Act is an enabling statute and does not mandate a court admit a case, the Court's guidance in *SanDisk Corp. v. STMicroelectronics, Inc., 480 F.3d 1372 (Fed. Cir. 2007). at 1383* is applicable here, as follows: "Although the district court is given the discretion, in declaratory judgment actions, to dismiss the case, there are

5

boundaries to that discretion. See *Wilton v. Seven Falls Co., 515 U.S. 277, 289, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995)*. "When there is an actual controversy and a declaratory judgment would settle the legal relations in dispute and afford relief from uncertainty or insecurity, in the usual circumstance the declaratory judgment is not subject to dismissal." *Genentech v. Eli Lilly & Co., 998 F.2d 931, 937 (Fed. Cir.1993)*. Indeed, this is the stated purpose of Miller's Petition. *See* Doc. 1, p.1.

Additionally, the Court's exercise of its discretion to decline or stay jurisdiction is unwarranted here, since discretion arises when a case involves only issues of state law. *Wilton, 290* is clear that the Court only intends *Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942)* to hold in cases with no federal question, and thus not applicable to the case at bar.

V. **CONCLUSION**

County's objection under Rule 12(b)(6) fails because Miller's Petition states a claim for declaratory judgment that is sufficient under Rule 8(a). County's objection under Rule 12(b)(1) fails also because the Declaratory Judgment Act, U.S. Const. Art. III § 2, and the Petition establish the jurisdiction of the Court. Accordingly, County's motion to dismiss the

Petition should be denied.

Respectfully Submitted:

/s/ Michael Miller
Michael Miller
108 N. Reading Rd, Ste F, 246
Ephrata, PA 17522
(717) 388-0163
reaganfive@protonmail.com

Date: February 24, 2024

**CERTIFICATE OF SERVICE**

      I hereby certify that I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

| | |
|---|---|
| Yarish, Mary Katherine<br>15th Floor, Strawberry Square<br>Attorney ID #328843<br>Harrisburg, PA 17120<br>Phone: (717) 783-6315<br>myarish@attorneygeneral.gov | Sarah Hyser-Staub<br>PA I.D. No. 315989<br>100 Pine Street<br>Harrisburg, PA 17101<br>717-237-5473<br>sstaub@mcneeslaw.com |

Respectfully Submitted,

/s/*Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata PA 17522
717-388-0163
reaganfive@protonmail.com

Dated: February 24, 2024