IN THE DISTRICT COURT OF THE UNITED STATES
MIDDLE DISTRICT OF PENNSYLVANIA

| MICHAEL MILLER<br>Petitioner,<br><br>v.<br><br>COUNTY OF LANCASTER, ET. AL.,<br>Respondents. | CIV. NO.: 1:24-CV-00014-SES<br><br>(Magistrate Judge Susan E. Schwab) |
|---|---|

**BRIEF IN OPPOSITION TO MOTION FOR EXTENSION OF TIME TO PLEAD (DOC. 10)**

Petitioner, Michael Miller ["Miller"] moves the court to deny Respondent, Office of Open Records's ["OOR"] motion, "DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO THE COMPLAINT" (Doc. 10), and in support states:

I. **PROCEDURAL HISTORY**

On January 4, 2024, Miller filed a sworn Petition. (Doc. 1). On January 11th, Miller properly served the Petition. (Doc. 6). Pursuant to Rule 12(a)(1)(a)(i), OOR's responsive pleading was due on February 1st. On February 1, 2024, OOR filed a motion entitled "DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO THE COMPLAINT (DOC. 1)" (Doc. 10). Miller did not concur in the motion. As of February 2, 2024, OOR failed to plead or otherwise

1

respond pursuant to Rule 12. On February 5th, the clerk entered a default for OOR. As of February 15, 2024, OOR did not file a brief to support its motion for extension of time or set its motion for hearing to present evidence. The Court has not taken up the motion.

On February 9th, OOR filed a motion and brief to set aside the default (Doc. 15), citing as grounds its motion for an extension of time. On February 23rd, OOR filed a brief in opposition to Petitioner's motion for entry of default judgment (Doc. 22), also citing as grounds its motion for an extension of time.

## II. STATEMENT OF FACTS

On February 1, 2024, at 11:24am, OOR's counsel emailed Miller, stating:

> *"Good Morning, Mr. Millller [sic],*
> *I will be filing my entry of appearance on behalf of Defendant the Pa. Office of Open Records in the above-referenced matter later today. I will also be filing a 60-day extension of time to respond to the complaint. In accordance with Local Rule 7.1, please communicate your concurrence in this motion to me at your earliest convenience so that I may note the same in our motion."*

At 2:23pm, OOR filed the motion. The motion is unsworn and consists only of counsel's bald assertions that she "received a referral to represent the Defendant on February 1, 2024" and that she is "in need of additional time to review the Complaint, the attached exhibits, and meet with her client prior to providing a response to the Complaint." It requests an extension of time of 60 additional days

2

to file a responsive pleading (instead of the 21 days provided by Rule 12). As of February 15th, OOR did not file a supporting brief for the motion pursuant to LR 7.5. Miller did not concur in the motion.

III. **ISSUE PRESENTED**

1. Does OOR's motion comply with Rule 7(b)(1)(B)?

    *Suggested Answer*: No

IV. **LEGAL STANDARDS**

   A. *Rule 7(b) Motions and Other Papers. (1) In General. A request for a court order must be made by motion. The motion must: (A) be in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought.*

   B. *LR 7.5 Submission of Briefs Supporting Motions. Within fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion. If the motion seeks a protective order, a supporting brief shall be filed with the motion. If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn. A brief shall not be required: (a) In support of a motion for enlargement of time if the reasons for the request are fully stated in the motion, (b) In support of any motion which has concurrence of all parties, and the reasons for the motion and the relief sought are fully stated therein, or (c) In support of a motion for appointment of counsel.*

V. **ARGUMENT**

   Pursuant to LR 7.5, Miller requests that the Court deem OOR's motion

withdrawn because OOR filed no supporting brief for the motion within 14 days of filing the motion.

In the alternative, if the Court determines that OOR's motion was filed pursuant to LR 7.5(a), i.e., -- "the reasons for the request are fully stated in the motion" -- then Miller moves the court to deny the motion pursuant to Rule 7(b)(1) and in support states:

The substantive requirements that define the contents of any motion are found in Rule 7(b)(1), which requires that "[a]n application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought." Sound application of Rule 7 is described in *Registration Control Systems v. Compusystems, Inc., 922 F.2d 805 (Fed. Cir. 1990) at 807-809 (*cited in *Toscano v. Department of Personnel, Civ. No. 3: 08-cv-3779 (D.N.Y. Oct. 15, 2009)*. ("shall state grounds") ("relevant facts must first be found by the trial court".)

Applying Rule 7(b)(1) to the motion at bar, OOR's motion fails to 'state with particularity the grounds therefore. Plainly, counsel's bald assertions are insufficient as grounds under Rule 7. Consequently, Miller is prejudiced and without a meaningful opportunity to respond and the Court lacks enough information to process the motion correctly or fairly. (*Registration, 808*). Since the

4

reasons for the request are fully stated in the motion pursuant to L.R. 7.5(a), even if counsel's assertions were verified by evidence, there is no particular statement of legal or logical grounds to support the Court granting the motion as written, as required by Rule 7. For reasons stated, Miller moves the court to deny the motion.

## VI. <u>CONCLUSION</u>

Miller requests the Court find that OOR's motion is deemed withdrawn for failure to file a supporting brief in accordance with LR 7.5. In the alternative, should the Court determine the motion was fully stated pursuant to LR 7.5(a), then Miller moves the Court to deny the motion pursuant to Rule 7(b)(1).

Respectfully Submitted:

*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd, Ste F, 246
Ephrata, PA 17522
(717) 388-0163
reaganfive@protonmail.com

Date: February 26, 2024

# **CERTIFICATE OF SERVICE**

I hereby certify that I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

| | |
|---|---|
| Yarish, Mary Katherine<br>15th Floor, Strawberry Square<br>Attorney ID #328843<br>Harrisburg, PA 17120<br>Phone: (717) 783-6315<br>myarish@attorneygeneral.gov | Sarah Hyser-Staub<br>PA I.D. No. 315989<br>100 Pine Street<br>Harrisburg, PA 17101<br>717-237-5473<br>sstaub@mcneeslaw.com |

Respectfully Submitted,

/s/*Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata PA 17522
717-388-0163
reaganfive@protonmail.com

Dated: February 26, 2023