IN THE DISTRICT COURT OF THE UNITED STATES
MIDDLE DISTRICT OF PENNSYLVANIA

| Michael Miller
  　　　Petitioner,
v.

COUNTY OF LANCASTER, ET. AL.,
  　　　Respondents. | CIV. NO.: 1:24-CV-00014-SES

(Magistrate Judge Susan E. Schwab) |
|---|---|

**REPLY BRIEF IN MOTION FOR DEFAULT JUDGMENT**

Petitioner, Michael Miller, ["Miller"] files this brief in reply to matters argued in Respondent, Office of Open Records's ["OOR"] brief in opposition to Miller's motion for default judgment (Doc. 22), and states:

**I.   PROCEDURAL HISTORY**

On February 17, 2024, Miller filed a motion and brief for entry of default judgment against OOR. (Doc. 20 and 20-1). On February 23, 2024, OOR's counsel filed a brief in opposition. (Doc. 22).

## II. STATEMENT OF FACTS

The parties both cite the applicable rule (Rule 55) and holding case[1], however, counsel argues that the application of Rule 55(c) to the record before the Court amounts to a showing of 'good cause' by OOR. On two threshold issues, the briefs disagree. Miller addresses these disagreements in reply.

## III. ISSUES ADDRESSED

1. According to Rule 55(c), does OOR's objection under 12(b)(6) amount to a meritorious defense?

    *Suggested answer:*  No

2. According to Rule 55(c), does counsel's act of filing a motion to extend the time to file a response to the Petition (Doc. 10) amount to a showing of excusable neglect by her client?

    *Suggested answer: No*

## IV. ARGUMENT

**No meritorious defense:**  Counsel argues that her objection under Rule 12(b)(6) amounts to a meritorious defense for OOR. (Doc 22, pp. 3). This defense

---

[1] *United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 196-97 (3d Cir. 1984)*

is insufficient because Miller's Petition states a claim. (Doc. 1). Therefore, OOR's asserted defense is not meritorious pursuant to Rule 55(c).

**No Excusable Neglect:** Counsel argues that her act of filing a motion for her client to have an extension of time to respond (Doc. 10) amounts to a demonstration of excusable neglect by her client.[2] (Doc. 22, p.3). Not so. Counsel's lax standard does not comport with Rule 55(c).

**Boilerplate language:** In her 12(b)(6) motion and her motion for extension of time, counsel's tact is similar to that of defense counsel in *United States v. $55,518.05, 196*. ["conclusionary language and is nothing more than a verbatim excerption of the (rule)" so as to "set aside any default judgment if counsel is diligent enough to quote the applicable….rule of civil procedure"].

V.   **CONCLUSION**

The record before the Court shows that OOR has not alleged a meritorious defense. It also shows that OOR is without excusable neglect for its failure to timely plead or otherwise defend under Rule 12. Therefore, pursuant to Rule 55(b)(2), the Court should grant Miller's motion for entry of default judgment. (Doc. 20).

---

[2] After extensive research, Miller could find no case that supports the assertion that waiting until the allowed time has almost lapsed to ask for the assistance of outside counsel constitutes good cause.

Respectfully Submitted:

*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd, Ste F, 246
Ephrata, PA 17522
(717) 388-0163
reaganfive@protonmail.com

Date:  February 28, 2024

## **CERTIFICATE OF SERVICE**

I hereby certify that caused to be served by e-filing a true and correct copy of the foregoing document to the following:

Yarish, Mary Katherine
15th Floor, Strawberry Square
Attorney ID #328843
Harrisburg, PA 17120
Phone: (717) 783-6315
myarish@attorneygeneral.gov

Sarah Hyser-Staub
PA I.D. No. 315989
100 Pine Street
Harrisburg, PA 17101
717-237-5473
sstaub@mcneeslaw.com

Respectfully Submitted,

/s/*Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata PA 17522
717-388-0163
reaganfive@protonmail.com

Dated: February 28, 2024