IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Michael Miller <br> Petitioner, <br><br> v. <br><br> COUNTY OF LANCASTER, et. al., <br> Respondents. | CIV. NO.: 1:24-CV-00014 <br><br> (Magistrate Judge Susan E. Schwab) |

**BRIEF IN OPPOSITION TO RESPONDENT'S MOTION TO DISMISS**

Petitioner, Michael Miller ["Miller"], files this brief in opposition to Respondent, Office of Open Records's ["OOR"] motion to dismiss Miller's "Petition for Declaratory Judgment and Injunctive Relief" ["Petition"], and states:

I. **PROCEDURAL HISTORY**

On January 4, 2024, Miller filed the Petition (Doc. 1). On February 9, 2024, OOR's counsel filed a motion to dismiss the Petition. (Doc 16). The motion sought dismissal of the Petition under Rule 12(b)(6)[1]. On February 23, 2024, counsel filed a supporting brief. (Doc. 21).

---

[1] OOR's motion raised an objection under Rule 12(b)(6) (S*ee* Doc. 16), however its brief also argues lack of subject matter jurisdiction. Miller responds herein to both objections as if raised in counsel's motion.

1

## II. COUNTER-STATEMENT OF FACTS

OOR uses a section of its brief entitled, "Statement of Alleged Facts and Procedural History" (Doc. 21, p. 2-3) as a means for its counsel to provide the Court her unsworn allegations, conclusions, and mischaracterizations about the Petition, none of which constitutes facts before the Court. Pursuant to LR 7.8, Miller labors here only to object to the Court's 'deemed adoption' of all impertinent matter in counsel's brief. "Given that we are dealing with a Rule 12(b)(6) motion to dismiss, the defendant's brief should not contain any facts that are not pleaded within (Plaintiff's) complaint…" *Shaw v. WAYNE MEMORIAL HOSPITAL*, No. 3: 20-CV-01594 (M.D. Pa. May 7, 2021).

## III. STATEMENT OF QUESTIONS INVOLVED

1. Does the Petition fail to state a claim upon which the Court can grant relief?
   *Suggested Answer:* No.

2. Does the Petition prove that the Court has jurisdiction of its subject matter?
   *Suggested Answer:* Yes

IV.    **ARGUMENT**

1. **THE PETITION DOES NOT FAIL TO STATE A CLAIM.**

    i.    **Miller's Petition States a Claim for Declaratory Judgment.**

    OOR's defense under 12(b)(6) fails because the Petition states a claim for declaratory judgment. (Doc. 1, p.1).  Rule 8(a) states:

    > *(a) Claim for Relief. A pleading that states a claim for relief must contain:*
    > *(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;*
    > *(2) a short and plain statement of the claim <u>showing</u> <u>that</u> the pleader is entitled to relief; and*
    > *(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.*

    *Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008) at 234-234* describes the requirements of Rule 8(a) and summarily states: "The Supreme Court's *Twombly* formulation of the pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element…There must be some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation."

Accordingly, pursuant to 8(a)(1), the Petition contains a short and plain statement of the grounds for the court's jurisdiction. (Doc 1, p.1).

Pursuant to Rule 8(a)(2), the Petition contains a short and plain statement of the claim for declaratory judgment (Doc. 1, p.1). It pleads the element of an actual controversy with OOR. (see Doc. 1, pp. 39,40,41, 48-52, 55-73). The controversy involves constitutional duties and rights. *Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S. Ct. 461, 81 L. Ed. 617 (1937) at 240-241*. It is real and justiciable. *Aetna, 243*, *Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941)*.

The Petition's 73 allegations are non-conclusory and supported by an affidavit and supporting exhibits. (Doc. 1, p. 20) (Doc 1 #2). Plainly, the allegations are "'enough' to raise a right to relief above the speculative level." *Phillips, 232*.

Pursuant to 8(a)(3), the Petition contains a demand for the relief sought (Doc. 1, p. 15-19) and it states grounds upon which this Court can grant it. (Doc 1, p.1-3).

Having met the requirements of Rule 8(a), the Petition states a claim upon which the court can grant relief and therefore OOR's objection under 12(b)(6) fails.

### ii. OOR's Defense under 12(b)(6) is to Mischaracterize the Claim.

The motion's defense is to ignore the Petition's claim, then pretend that it failed to state one. Instead, counsel variously mischaracterizes the Petition as making § 1983 claims and a "Pennsylvania Right to Know Law (RTKL) claim" (Doc. 21, cover, p. 4). She then effectively asks the Court to adopt her mischaracterizations to find that the Petition fails to state a claim upon which the court can grant relief. Notwithstanding, the Petition states a claim for declaratory judgment. (Doc. 1, p.1)

## 2. THE PETITION GRANTS THE COURT JURISDICTION OF THE SUBJECT MATTER.

### i. The Petition Establishes the Court's Jurisdiction of the Subject Matter.

Jurisdiction of the subject matter is established in this court, as follows: first, the Declaratory Judgment Act provides that, "[i]n a case of actual controversy *within its jurisdiction* ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration…" 28 U.S.C. § 2201(a). [italics added for emphasis].  (Doc. 1, p.1). In providing remedies and defining procedure in relation to cases and controversies in the constitutional sense, the Congress is acting within its delegated power over the jurisdiction of the federal courts

which the Congress is authorized to establish. *Aetna, 240.* Additionally, U.S. Const. Art. III § 2, extends judicial power to cases and controversies arising under the Constitution. Thus, the cause of action is established in this Court. Second, the Petition grants the Court jurisdiction of the subject matter because it alleges a controversy arising under the Declaratory Judgment Act and U.S. Const. Art. III § 2, and thereby presents a case within the jurisdiction of the Court as a federal court. *Binderup v. Pathe Exchange, Inc., 263 U.S. 291, 44 S. Ct. 96, 68 L. Ed. 308 (1923) at 306.* Conclusively, the Court has jurisdiction of the Petition's subject matter and therefore, OOR's objection under 12(b)(1) fails.

ii. **The Petition is Not Subject to Dismissal.**

While it is true that the Declaratory Judgment Act is an enabling statute and does not mandate a court admit a case, the Court's guidance in *SanDisk Corp. v. STMicroelectronics, Inc., 480 F.3d 1372 (Fed. Cir. 2007). at 1383* is applicable here, as follows: "Although the district court is given the discretion, in declaratory judgment actions, to dismiss the case, there are boundaries to that discretion. See *Wilton v. Seven Falls Co., 515 U.S. 277, 289, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995)*. "When there is an actual controversy and a declaratory judgment would settle the legal relations in

6

Case 1:24-cv-00014-SES   Document 28   Filed 02/29/24   Page 7 of 9

dispute and afford relief from uncertainty or insecurity, in the usual circumstance the declaratory judgment is not subject to dismissal." *Genentech v. Eli Lilly & Co., 998 F.2d 931, 937 (Fed. Cir.1993).* Indeed, this is the purpose of the claim. (Doc. 1, p.1)

Additionally, the Court's exercise of its discretion to decline or stay jurisdiction is unwarranted here, since discretion arises when a case involves only issues of state law. *Wilton, 290* is clear that the Court only intends *Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942)* to hold in cases with no federal question, and thus not applicable to the case at bar.

V. **CONCLUSION**

OOR's objection under Rule 12(b)(6) fails because the Petition states a claim for declaratory judgment upon which the Court can grant relief. OOR's objection under Rule 12(b)(1) also fails because the Declaratory Judgment Act, U.S. Const. Art. III § 2, and the Petition establish the Court's jurisdiction. Accordingly, Miller requests the Court deny OOR's motion to dismiss the Petition under 12(b)(6) and 12(b)(1).

Respectfully Submitted:

*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd, Ste F, 246
Ephrata, PA 17522
(717) 388-0163
reaganfive@protonmail.com

Date:  February 29, 2024

**CERTIFICATE OF SERVICE**

    I hereby certify that I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

| | |
|---|---|
| Yarish, Mary Katherine<br>15th Floor, Strawberry Square<br>Attorney ID #328843<br>Harrisburg, PA 17120<br>Phone: (717) 783-6315<br>myarish@attorneygeneral.gov | Sarah Hyser-Staub<br>PA I.D. No. 315989<br>100 Pine Street<br>Harrisburg, PA 17101<br>717-237-5473<br>sstaub@mcneeslaw.com |

Respectfully Submitted,

/s/*Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata PA 17522
717-388-0163
reaganfive@protonmail.com

Dated: February 29, 2024

9