IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| Michael Miller | CIV. NO.: 1:24-CV-00014 |
| Petitioner, | |
| | (Magistrate Judge Susan E. Schwab) |
| v. | |
| COUNTY OF LANCASTER, et. al., | |
| Respondents. | |

**BRIEF IN SUPPORT OF MOTION TO STRIKE RESPONDENT'S MOTION TO DISMISS AND BRIEF**

Petitioner, Michael Miller ["Miller"], files this brief in support of his motion to strike the motion (Doc. 16) and brief (Doc. 21) filed by Respondent, Office of Open Records ["OOR"], and in support states:

I. **PROCEDURAL HISTORY**

1. On January 11, 2024, OOR was served a verified Petition. (Doc. 1).

2. OOR's responsive pleading to the Petition was due by February 1, 2024.

3. OOR did not file a responsive pleading or otherwise defend the Petition on or before February 1, 2024 pursuant to FRCP 12(a). (Doc.11).

4. On February 5, 2024, the clerk entered a default for OOR. (Doc. 12)

5. On February 9, 2024, OOR's counsel filed an unsworn motion raising an

1

objection under FRCP 12(b)(6). (Doc. 16)

6. On February 23, 2024, OOR's counsel filed an unverified brief in support. (Doc. 21).

7. On February 29, 2024, Miller filed a responsive brief to the motion. (Doc. 28)

II. **STATEMENT OF FACTS**

The clerk entered default for OOR on February 5, 2024. On February 8th, OOR's counsel emailed Miller and stated:

> *Good Evening, Mr. Miller,*
> *I will be filing…a motion to dismiss the complaint tomorrow, Friday, February 9, 2024, on behalf of Defendant Office of Open Records tomorrow.*
> *In accordance with Local Rule 7.1, please provide your concurrence position on for both motions so that I may note the same. Thanks.*
>
> *Thank you,*
> *Mary Katherine Yarish*
> *Deputy Attorney General*
> *Pennsylvania Office of Attorney General*

Miller did not concur in the motion. On February 9, 2024, counsel filed a motion to dismiss the Petition. The motion states:

> *"Defendant the Pennsylvania Office of Attorney General, through counsel, hereby file this Motion to Dismiss the Complaint (Doc. 1), with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Complaint fails to state any claim upon which relief may be granted. Defendant will file a brief in support of this Motion in accordance with Local Rule 7.5.*

2

*WHEREFORE, Defendant requests that this Court grant its Motion and dismiss the Complaint with prejudice."*

On February 23, 2024, counsel filed a brief in support of her 12(b)(6) objection but which also argues that the court lacks jurisdiction. (Doc 21 p.4) As shown above, OOR's motion does not state grounds under FRCP 12(b)(1). Moreover, OOR's brief does not state that it raises a defense under FRCP 12(b)(1).

Since entry of default, OOR has presented no factual matter to the Court.

### III. ISSUES ADDRESSED

Should the Court strike OOR's motion and brief, in whole, or in the alternative, in part, for the following reasons:

A. OOR's motion is untimely filed pursuant to FRCP 12(a).

B. OOR's motion is not allowed because OOR is in default.

C. OOR's motion is immaterial and impertinent.

D. OOR's motion is not allowed because it uses a brief as a motion.

### IV. ARGUMENT

#### A. Legal Standard

> *FRCP 12(f) states:*
> *Motion to Strike. The court may strike from a pleading an insufficient*

3

> *defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:*
> *(1) on its own; or*
> *(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.*

B. <u>**OOR's motion is untimely filed pursuant to FRCP 12(a).**</u>

OOR's motion should be stricken because it was not allowed. FRCP 12(a)(1)(A)(i) required OOR's response by February 1, 2024. OOR's counsel did not file a motion until February 9, 2024. Therefore, OOR's motion/brief should be stricken under FRCP 12(f) on grounds it is not allowed.

C. <u>**OOR's motion and brief are not allowed because OOR is in default.**</u>

OOR has no further standing to contest the merits of Miller's right to recover. Its only recourse is to show good cause for setting aside the default and, failing that, to contest the amount of the recovery. Therefore, OOR's motion/brief should be stricken under FRCP 12(f) on the grounds it is not allowed.

[See *North American Acceptance Corp. v. Samuels, 181 SE 2d 794 - NC: Court of Appeals 1971*". [See also *New York Life Ins. Co. v. Brown, 84 F.3d 137 (5th Cir. 1996) @ 411*; and *VLM FOOD TRADING INTERN. v.*

4

*Illinois Trading Co.*, 811 F.3d 247 (7th Cir. 2016) @ 255.]

### D. **OOR's motion and brief are immaterial and impertinent.**

The Court should strike the motion and brief on the grounds they are immaterial and impertinent to the issue. FRCP 12(f) states, in relevant part: "the Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." "Immaterial matter is that which has no essential or important relationship to the claim for relief." *Del. Health Care Inc. v. MCD Holding Co.*, 893 F. Supp. 1279, 1291-92 (D. Del. 1995) "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.*

OOR's motion and brief are immaterial to its relief from default and impertinent because it did not pertain to this issue. Moreover, OOR's motion not only confuses the issue but also ignores the existence of an issue because it is a dispositive motion to a Petition and not responsive to an entry of default. Miller contends that he has been prejudiced by being forced to expend time and resources responding to OOR's late filing and has been delayed in ending accruing injury to his rights (Doc. 20-1.), constituting prejudice as required under FRCP 12(f). For these reasons, the motion to be

strike should be granted.[1]

### E. OOR's motion/brief is improper because it uses a brief as a motion.

The Court should strike OOR's motion because it is non-compliant with motion rules. FRCP 12(b), FRCP 7(b), and LR 7 all require defenses under FRCP 12(a) to be made by motion. Here, OOR's defense under FRCP 12(b)(1) is not raised by motion. Instead, as previously stated, counsel tries to raise this defense in her brief, in effect, using a brief as a proxy for a motion. (Doc 21, p.4). The defense is not allowed because it is not raised by a motion. Pursuant to FRCP 12(f), the motion and brief should be stricken because it is not allowed by motion rules.

### V. CONCLUSION

OOR, having defaulted, can only seek to set aside the default; it may not attack the merits by filing an untimely motion to dismiss. Therefore, the filing of this motion was not allowed. Consequently, OOR's motion and brief is immaterial, impertinent, and not allowed pursuant to FRCP 12(f).

---

[1] See generally, *YELLOW BOOK SALES AND DISTRIBUTION COMPANY, INC. v. White, Civil Action No. 10-3062 (E.D. Pa. Mar. 10, 2011)*, where the Court sustained a motion to strike an answer filed by a defendant in default on grounds it was impertinent and immaterial.

Even if OOR's motion was properly before the Court, it is non-compliant with FRCP 7(b). For reasons stated, the motion and brief should be stricken.

Respectfully Submitted:

*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd, Ste F, 246
Ephrata, PA 17522
(717) 388-0163
reaganfive@protonmail.com

Date: March 11, 2024

**CERTIFICATE OF SERVICE**

  I hereby certify that I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

| | |
|---|---|
| Yarish, Mary Katherine<br>15th Floor, Strawberry Square<br>Attorney ID #328843<br>Harrisburg, PA 17120<br>Phone: (717) 783-6315<br>myarish@attorneygeneral.gov | Sarah Hyser-Staub<br>PA I.D. No. 315989<br>100 Pine Street<br>Harrisburg, PA 17101<br>717-237-5473<br>sstaub@mcneeslaw.com |
| | Respectfully Submitted,<br><br>/s/*Michael Miller*<br>Michael Miller<br>108 N. Reading Rd., Ste F, 246<br>Ephrata PA 17522<br>717-388-0163<br>reaganfive@protonmail.com |
| Dated: March 11, 2024 | |