UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL MILLER, | : | No. 1:24-cv-00014-SES |
| Plaintiff, | : | |
| | : | |
| v. | : | (Magistrate Judge Schwab) |
| | : | |
| COUNTY OF LANCASTER, *et al.*, | : | |
| Defendants. | : | (Electronically filed) |

**DEFENDANT COUNTY OF LANCASTER'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)**

Defendant County of Lancaster ("Lancaster County" or the "County"), by and through its undersigned counsel McNees Wallace & Nurick LLC, files this reply brief in further support of its Motion to Dismiss the Complaint previously filed on February 1, 2024. (Doc. No. 8).

**I.  INTRODUCTION**

Plaintiff Michael Miller ("Miller") initiated this action on January 4, 2024 by filing a *pro se* Complaint ("Complaint") in this Court against Defendants Lancaster County and the Commonwealth of Pennsylvania Office of Open Records ("OOR"). (Doc. No. 1). As outlined in the County's brief in support of its motion to dismiss (Doc. No. 17), the Complaint stems from proceedings under Pennsylvania's Right to Know Law ("RTKL") in which Miller became involved following his candidacy for political office and subsequent requests to obtain

certain election-related records. Miller's Complaint sets forth allegations based on various "denials" of his requests for certain election records under the RTKL, which he describes as follows: "Denial #1 (Copies of Mail-in Ballots)"; "Denial #2 (Cast Vote Record Request)"; and "Denial #3 (Digital Ballot Images)." (Doc. No. 1). The crux of the Complaint is Miller's dissatisfaction with the outcome of the RTKL proceedings, where he was either denied the requested records and did not prevail in the state court appellate proceedings challenging those determinations, or the requested records were made available to him in a format with which he takes issue. (*See generally id.*).

On February 1, 2024, the County moved for dismissal of the Complaint for failure to state a claim upon which relief may be granted and/or for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) (Doc. No. 8). On February 15, 2024, the County filed a brief in support of its motion in accordance with Local Rule 7.5 (Doc. No. 17). Miller, proceeding *pro se* in this Court, filed a brief in opposition to the County's motion on February 24, 2024. (Doc. No. 24). The County now files the instant reply brief in further support of its motion to dismiss.

Because the bases for dismissal outlined in the County's opening brief still stand, and Miller's opposition brief presents no arguments to render his Complaint

sufficient, the County respectfully requests that the Court dismiss the Complaint with prejudice.

## II.   ARGUMENT

### A.   The Complaint should be dismissed because Miller fails to state a claim upon which relief may be granted.

As discussed in more detail in the County's supporting brief, the Complaint is fundamentally deficient because: (1) Miller's dissatisfaction with the Commonwealth's handling of his RTKL matters does not give rise to a federal civil rights claim; and (2) even if Miller had alleged a cognizable claim, he fails to plead any facts supporting a constitutional violation.  As to the former point, the County noted that while the crux of Miller's complaint is his numerous disagreements with the outcome of the RTKL proceedings and the reasoning of the OOR and state courts in their attendant court proceedings, alleged violations of the RTKL do not give rise to federal constitutional claims.  (*See* Doc. No. 17 at 9-12); *Breslin v. Duncannon Borough*, No. CV 12-0360, 2018 WL 4002855, at *3-4 (M.D. Pa. Aug. 22, 2018) (Stengel, J.) (noting that "alleged violations of Pennsylvania's Right to Know Law do not give rise to a constitutional claim" and reasoning that "[v]iolations of state statutes do not give rise to claims for violations of civil rights" (citing *Benn v. Universal Health System, Inc.*, 371 F.3d 165, 174 (3d Cir. 2004))); *Miller v. Nelling*, No. CV 22-3329-KSM, 2023 WL 2743564, at

\*6 (E.D. Pa. Mar. 31, 2023) (concluding court lacked jurisdiction over a claim that public officials had failed to provide records pursuant to the RTKL "because state courts provide the exclusive forum for litigating under that statute"). Miller's opposition brief fails to address this authority in any meaningful way.

Even if Miller had alleged a cognizable claim, he fails to plead any facts supporting a constitutional violation. The Complaint simply does not allege any facts suggesting Miller was deprived of a constitutional right by virtue of the decisions adverse to him in the RTKL proceedings. His Complaint—which concludes with a list of vague questions—fails to articulate how or when a state actor deprived him of a right secured by the U.S. Constitution. Miller's Complaint warrants dismissal for these reasons, and at the end of the day, Miller's non-responsive opposition does nothing to alter that conclusion.

**B.     To the extent Miller purports to request a declaratory judgment, such a request is not cognizable as an independent cause of action.**

While Miller has failed to respond adequately to the specific points noted in the County's supporting brief, to the extent Miller relies on the Declaratory Judgment Act in arguing his Complaint is sufficient,[1] that argument is also unavailing.

---

[1] *See* Doc. No. 24 at 4-5 (citing 28 U.S.C. § 2201(a)).

The Declaratory Judgment Act does not, on its own, provide a cause of action; rather, the act is merely a vehicle for one to seek a declaration of rights otherwise provided for by law. *See Woolley v. Groft*, 653 F. Supp. 3d 171, 179 (M.D. Pa. 2023) (Kane, J.) ("The Declaratory Judgment Act is a procedural vehicle that creates a form of relief; it does not create a cause of action courts may be compelled to enforce." (quoting *In re Azek Bldg. Prods., Inc. Mktg. and Sales Prac. Litig.*, 82 F. Supp. 3d 608, 624-25 (D.N.J. 2015))); *see also Temple Univ. Hosp., Inc. v. Sec'y United States Dep't of Health & Hum. Servs.*, 2 F.4th 121, 132 (3d Cir. 2021) ("The Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, does not independently grant subject-matter jurisdiction." (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227 (1937); *Allen v. DeBello*, 861 F.3d 433, 444 (3d Cir. 2017))); *Terra Nova Ins. Co. v. 900 Bar, Inc.*, 887 F.2d 1213, 1218 n.2 (3d Cir. 1989) ("The Act is not an independent basis of federal jurisdiction." (citing *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671 (1950); *Federal Kemper Ins. Co. v. Rauscher,* 807 F.2d 345, 351 (3d Cir.1986))). Miller does not articulate what it is that he would like the Court to declare. Accordingly, his invocation of the Declaratory Judgment Act does not cure his failure to state a claim.

Miller suggests that the County has "mischaracterize[d]" his Complaint as one asserted pursuant to Section 1983. (*See* Doc. No. 24 at 3). Because Section 1983 is the appropriate vehicle for raising constitutional claims against state or

5

local actors, the County takes this to mean that Miller is not, in fact, claiming that he has suffered any constitutional deprivations. *See Grammer v. John J. Kane Reg'l Centers-Glen Hazel*, 570 F.3d 520, 525 (3d Cir. 2009) ("42 U.S.C. § 1983 is a vehicle for imposing liability against anyone who, under color of state law, deprives a person of 'rights, privileges, or immunities secured by the Constitution and laws.'" (quoting *Maine v. Thiboutot*, 448 U.S. 1, 4–6 (1980))). Miller's disagreement with the County's interpretation of his pleading, however, does not overcome the fundamental deficiencies that plague the Complaint and are described elsewhere in the County's briefing.

In sum, it appears that Miller is not raising an as-applied challenge to the constitutionality of the RTKL, and he has not otherwise provided any meaningful arguments concerning the RTKL's facial constitutionality.[2] He cannot challenge the results of the RTKL proceedings in this Court because the exclusive remedy for that grievance lies in state court—where he is already litigating these issues. Miller has not responded to the County's arguments or otherwise provided a reason for the Complaint to move forward. Considering these serious deficiencies, amendment of the Complaint would be futile and any further attempts to litigate

---

[2] Moreover, the County would not be a proper defendant to a constitutional challenge to a state statute. *See* Fed. R. Civ. P. 5.1.

this matter by Miller would be frivolous. The County respectfully requests that this action be dismissed with prejudice.

## III. CONCLUSION

For the foregoing reasons, as well as those previously outlined in the County's supporting brief to which Miller has failed to meaningfully respond, Defendant Lancaster County respectfully requests that the Court dismiss the Complaint with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).

Respectfully submitted,

McNEES WALLACE & NURICK LLC

By *Sarah H Staub*

Sarah Hyser-Staub
PA I.D. No. 315989
100 Pine Street
Harrisburg, PA 17101
717-237-5473
sstaub@mcneeslaw.com

Dated: March 11, 2024               *Attorney for Defendant Lancaster County*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing document on all parties and/or counsel of record by operation of the Court's electronic filing system.

                                            McNEES WALLACE & NURICK LLC

                                            By _/s/ Sarah H. Staub_____
                                                 Sarah Hyser-Staub
                                                 PA I.D. No. 315989
                                                 100 Pine Street
                                                 Harrisburg, PA 17101
                                                 717-237-5473
                                                 sstaub@mcneeslaw.com

Dated: March 11, 2024