IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL MILLER, | : | |
| Plaintiff | : | No. 1:24-CV-00014 |
| | : | |
| v. | : | Magistrate Judge Schwab |
| | : | |
| COUNTY OF LANCASTER *and* OFFICE OF OPEN RECORDS, | : | Electronically Filed Document |
| | : | |
| Defendants | : | *Complaint Filed 01/04/24* |

## DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE (DOC. 29)

Defendant the Office of Open Records, through counsel, hereby files this Brief in Opposition to Plaintiff's Motion to Strike its Motion to Dismiss and Supporting Brief, (Doc. 29), pursuant to Local Rule 7.6. Plaintiff's Motion must be denied because failed to establish that Defendant's Motion to Dismiss and supporting brief are an insufficient defense or contain any redundant, immaterial, impertinent, or scandalous matter, as defined within the confines of Rule 12(f) of the Federal Rules of Civil Procedure.

## I. STATEMENT OF ALLEGED FACTS & PROCEDURAL HISTORY

*Pro se* Plaintiff Miller filed his Complaint on January 4, 2024, allegedly and solely pursuant to this Court's federal question jurisdiction. (Doc. 1 at ¶¶ 2 (citing 28 U.S.C. § 1331), 3 (citing to 28 U.S.C. § 1342(a)(3) only).) In so doing, Plaintiff brings suit against Lancaster County and the Pennsylvania Office of Open Records ("OOR" or "Office of Open Records") and essentially claims that both Defendants

allegedly violated the RTKL by denying his three RTKL Requests, and subsequent appeals, which included not giving him full-unfettered access to ballots from the May 2022 election in Lancaster County, Pennsylvania. (*See gen. id.*) Plaintiff attached twenty-one (21) exhibits, which span approximately one-hundred and fifty-one pages, to his Complaint. (*See* Doc. 1-2 (exhibit table of contents at ECF pg. 2)).

In sum, Plaintiff poses several hypothetical questions to the Court under a self-titled section "Petition for Review."[1] (*Id.* at ¶¶ 74-96.) For relief, Plaintiff seeks miscellaneous forms of declaratory relief and requests that this Court hold that the Pennsylvania RTKL is invalid and enjoin further application of the RTKL. (*Id.* at ECF pg. 22.)

Defendant Lancaster County moved to dismiss the Complaint and filed its supporting brief. (Docs. 8, 17.) Plaintiff filed his Brief in Opposition to the County's Motion to Dismiss on February 24, 2024. (Doc. 24.) The County filed its Reply Brief on March 11, 2024. (Doc. 31.)

On January 11, 2024, Defendant OOR was served with a copy of the Complaint. (Doc. 6.) Undersigned Counsel received referral to represent the Defendant on February 1, 2024, and filed her entry of appearance and motion for

---

[1] Plaintiff includes several "questions" that are not asserted against the OOR but, rather, appear to be asking this Court to make determinations as to whether various Pennsylvania Courts', that are non-parties to this case, actions in ruling upon civil appeals and cases filed by Plaintiff provided him with sufficient process or were otherwise proper under the law. (Doc. 1 at ¶¶ 85, 86, 93, 94, 95.)

2

extension of time to respond to the complaint that same day—the day in which Defendant's responsive pleading to the Complaint was due. (*See* Docs. 9, 10.) Plaintiff then filed for, and the Clerk entered, the entry of default against the OOR on February 5, 2024. (Docs. 11-12.) The OOR filed its Motion to Set Aside Default, with supporting brief on February 9, 2024. (Docs. 14-15.) Plaintiff filed his Motion to Enter Default Judgment against OOR, with a supporting brief, on February 17, 2024. (Docs. 20, 20-1.) OOR intends to vigorously defend against this action and will file a brief in opposition to that Motion in accordance with Local Rule 7.6.

The OOR filed its Motion to Dismiss this matter on February 9, 2024, and now files this brief in support of its Motion in accordance with Local Rule 7.5. (Doc. 16.)

Plaintiff filed his Brief in Opposition to Defendant's Motion to Dismiss the Complaint on February 29, 2024. (Doc. 28.)

Plaintiff now files his Motion to Strike Defendant's Motion to Dismiss on February 29, 2024, (Doc. 29), and supporting brief on March 11, 2024. (Doc. 30.)

**II.    ISSUE PRESENTED**

    A.    Whether Plaintiff's Motion must be denied because he failed to establish that Defendant's Motion to Dismiss and supporting brief are an insufficient defense or contain any redundant, immaterial, impertinent, or scandalous matter, as defined within the confines of Rule 12(f)?

*Suggested Answer:* Yes.

3

## III. ARGUMENT

"Striking some or all of a pleading is therefore considered a drastic remedy to be resorted to only when required for the purposes of justice." *Goodfellow v. Camp Netimus, Inc.*, 207 WL 1738398, at *3 (M.D. Pa. May 4, 2017) (Mannion, J.) (citation and quotation omitted). Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Immaterial matter" is defined as those matters that have "no essential or important relationship to the claim for relief." *Fed. Nat'l Mortgage Assoc. v. Boldrini*, 2018 WL 6735102, at *4 (M.D. Pa. Nov. 6, 2018) (Carlson, J.).

"Impertinent matter" includes "statements that do not pertain, and are not necessary, to the issues in question." *Id.* "Scandalous matter" is defined as matter that "improperly casts a derogatory light on someone, most typically on a party to the action." *Id.* Moreover, to be "scandalous," the pleading must "reflect cruelly upon the [party's] moral character, use repulsive language or detract from the dignity of the court." *Id.* (internal quotations omitted and citations omitted).

Generally, a party must file his motion to strike "before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." *Id.* at Rule 12(f)(2). Alternatively, the court may act on its own. *Id.* at Rule 12(f)(1).

Motions seeking relief under Rule 12(f) is generally disfavored by courts and are "denied unless the allegations 'have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case.'" *Fed. Nat'l Mortgage Assoc. v. Boldrini*, 2018 WL 6735102, at *4 (M.D. Pa. Nov. 6, 2018) (citation omitted). Motions to strike are so disfavored that this Court previously noted that "striking a party's pleadings is an extreme measure, and, as a result, . . . motions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted. *Id.* (internal quotations and citations omitted) (cleaned up). Stated simply, as this Court previously held, the Federal Rules of Civil Procedure "simply do not permit the gratuitous striking of meritorious pleadings." *Id.* at *5.

Plaintiff essentially argues that Defendant's pending Motion to Dismiss and supporting brief must be stricken because (1) these filings are "not allowed because a default" was entered against Defendant, (Doc. 29 at ¶ 2); (2) that because Defendant's Motion and supporting brief are unsworn, they are "immaterial and impertinent" and are an "insufficient defense" under Rule 12(f), (*id.* ¶¶ 3-4); (3) Defendant's Motion and brief are non-compliant with Local Rule 7 and Rule 7(b) of the Federal Rules of Civil Procedure because the defense is not made in the motion, (*id.* ¶ 5); (4) Defendant's Motion is untimely filed under Rule 12(a), (Doc. 30 at ECF pg. 3-4); (5) that Defendant's Motion and brief are untimely because the

5

Clerk entered default against it, (*id.*); and (6) that Defendant's Motion and supporting brief are immaterial and impertinent because they do not pertain to the issue of default. (*id.*) Plaintiff is wrong.

At the outset, the pending Motion to Strike does not conform with Rule 12(f)(2) because it was filed *after* Plaintiff filed his response to the pleading he now wishes to strike. (*See & compare* Docs. 28, 29.) For this reason alone the Court may deny Plaintiff's Motion. Assuming, *arguendo*, this Court considers the Motion pursuant to Rule 12(f)(1), Defendant addresses Plaintiff's strike arguments in tandem.

With respect to Plaintiff's first and fifth proffered arguments, Defendant's filings are "not allowed because a default" was entered against Defendant, (Doc. 29 at ¶ 2), fails. First, even after reasonable review of the Local and Federal Rules and case law research, Defendant's Counsel found no legal authority to support this argument. Moreover, in fact, the Rules encourage the opposite such that all matters can and be resolved on their merits. *See United States v. $55,518.05 in United States Currency*, 728 F.2d 192, 194-195 (3d Cir. 1984) (it is preferred to resolve cases on their merits rather on a default judgment). Secondly, this argument does not establish that Defendant's filings are either redundant, immaterial, impertinent, or scandalous, as required for the Rule 12(f) standard. Thus, these arguments fail as a matter of law.

Plaintiff's second argument, that Defendant's unsworn filings are "immaterial and impertinent" and are an "insufficient defense" under Rule 12(f), (Doc. 29 at

6

¶¶ 3-4), fails. First, Defendant's filings are neither "immaterial" or "impertinent" because the arguments presented in Defendant's filings are that Plaintiff's Complaint fails to state any claim upon which relief may be granted. (*See* Docs. 16, 21); *see also Fed. Nat'l Mortgage Assoc.*, 2018 WL 6735102, at *4. Defendant's dismissal arguments are directly relevant to the resolution of the legal matters asserted in the complaint, namely, that Plaintiff failed to state a claim upon which relief can be granted. While Plaintiff may disagree with Defendant's arguments or disagrees that this matter should not be dismissed for failure to state a claim, his disagreements do not establish the requisite elements needed to support a Rule 12(f) motion. Thus, this argument similarly fails as matter of law.

Plaintiff's third reason, alleged non-compliance with Local Rule 7 and Rule 7(b), is also unpersuasive. As Rule 7(b) of the Federal Rules provides, Defendant's Motion is in writing and sets forth the relief sought and states with particularity the grounds for seeking the order. (Doc. 16 ("The Complaint fails to state any claim upon which relief may be granted.") (". . . pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure.").) Moreover, Defendant's brief argues the same and provides sufficient legal citation to support those dismissal arguments. (Doc. 21.) The crux of Plaintiff's Complaint is that he attempts to assert claims under the Pennsylvania Right to Know Law, which are improper in actions filed pursuant to Section 1983, 42 U.S.C. § 1983. For these reasons, Plaintiff's third argument fails.

Plaintiff's fourth reason to strike, untimeliness, is unsuccessful. Plaintiff claims only that because Defendant's Motion was filed on February 9th and not February 1st it should be stricken. (Doc. 30 at ECF pg. 4.) Defendant disagrees. First, Defendant sought leave of court to file a response to the Complaint before the time for doing so expired. (Doc. 10.) In addition, mere untimeliness does not establish that Defendant's filings are scandalous, impertinent, or immaterial. *Fed. Nat'l Mortgage Assoc.*, 2018 WL 6735102, at *4; *see also Graham v. Moheagan Sun at Pocono Downs*, 2016 WL 3254744, at *2 (M.D. Pa. June 14, 2016) (Kosik, J.) (denying motion to strike seeking to strike pleading for untimeliness).

The instant case is similar to *Federal National Mortgage Association*. In *Federal National* a party filed a motion to strike seeking to strike the other party's removal petition because it was untimely. *Fed. Nat'l Mortgage Assoc.*, 2018 WL 6735102, at *5. The *Federal National* court denied the motion to strike because (1) the filing was "well-taken and meritorious" and (2) the argument to strike on timeliness grounds could not even be "remotely viewed as 'redundant, immaterial, impertinent, or scandalous.'" *Id.*

Similarly to *Federal National*, Defendant's Motion to Dismiss is meritorious and asserts good-faith arguments that illustrate that the complaint fails to state any claim upon which relief may be granted. (*See* Docs. 16, 21.) In addition, as the Court

found in *Federal National*, Plaintiff's untimely argument cannot, in any fashion, be viewed as redundant, immaterial, impertinent, or scandalous—as discussed above.

This matter is also similar to *Goodfellow*. In *Goodfellow*, the plaintiff filed a motion to strike the defendant's motion to dismiss because it was filed five days late. *Goodfellow*, 2017 WL 1738398, at *4. The *Goodfellow* defendant did not seek an extension of time or a *nunc pro tunc* request with respect to their motion. *Id.* The *Goodfellow* court held that striking the motion to dismiss "would be too drastic a sanction" and proceeded to reach the merits of defendant's motion. *Id.* In so doing, the court found that there would be no prejudice to the plaintiff by denying the motion to strike because those same arguments could and would be addressed later at summary judgment. *Id.*

Like *Goodfellow*, Plaintiff moves to strike Defendant's Motion to Dismiss. (Doc. 29.) Unlike the *Goodfellow* defendant, Defendant filed its Motion for Extension of Time prior to the expiration of the response deadline and filed its Motion only eight days later and filed supporting brief in accordance with Local Rule 7.5. (*See* Docs. 10, 16, 21.) Thus, the Defendant in this matter did what the *Goodfellow* court instructed in dicta—to file for a motion for extension of time. *Goodfellow*, 2017 WL 1738398, at *4. Additionally, as this Court held in *Goodfellow*, striking Defendant's Motion would be a "drastic" "sanction" as Plaintiff has not established any actual prejudice from this eight-day delay. Moreover, similar

to the case in *Goodfellow*, even if the case were to survive past the pleadings, *arguendo*, all of Defendant's arguments asserted in their Motion and supporting brief can be addressed in a motion for judgment on the pleadings and/or summary judgment. As such, Plaintiff's untimeliness argument fails as a matter of law. Defendant requests that this Court not strike its filings and resolve its Motion on their merits.

Plaintiff's sixth reason to strike, filings do not relate to the default, is equally unpersuasive. This argument does not comport with any of the requisite elements under the Rule 12(f) standard. *See* Fed. R. Civ. P. 12(f). Plaintiff, again, failed to meet his burden under Rule 12(f) to illustrate the necessity of the highly disfavored and extreme measure that is a motion to strike.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiff's Motion to Strike.

|  | Respectfully submitted, |
|---|---|
|  | MICHELLE A. HENRY<br>Attorney General |
|  | By:   *s/ Mary Katherine Yarish*<br>MARY KATHERINE YARISH |
| **Office of Attorney General**<br>**15th Floor, Strawberry Square**<br>**Harrisburg, PA 17120**<br>**Phone: (717) 783-6315** | Deputy Attorney General<br>Attorney ID #328843<br><br>KAREN M. ROMANO<br>Chief Deputy Attorney General |
| **myarish@attorneygeneral.gov** | Civil Litigation Section |
| **Date: March 25, 2024** | *Counsel for Defendant Office of Open Records* |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL MILLER, | : | |
| Plaintiff | : | No. 1:24-CV-00014 |
| | : | |
| v. | : | Magistrate Judge Schwab |
| | : | |
| COUNTY OF LANCASTER *and* | : | Electronically Filed Document |
| OFFICE OF OPEN RECORDS, | : | |
| Defendants | : | *Complaint Filed 01/04/24* |

## CERTIFICATE OF SERVICE

I, Mary Katherine Yarish, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on Mach 25, 2024, I caused to be served a true and correct copy of the foregoing document titled *Defendant's Brief in Opposition to Plaintiff's Motion to Strike (Doc. 29)* to:

## VIA ECF

Michael Miller
108 North Reading Road
Suite F, 246
Ephrata, PA 17522
reaganfive@protomail.com
*Pro Se Plaintiff*

Sarah Hyser-Staub
McNees Wallace & Nurick LLC
100 Pine Street
Harrisburg, PA 17101
sstaub@mcneeslaw.com
*Counsel for Defendant County of Lancaster*

    *s/ Mary Katherine Yarish*
    **MARY KATHERINE YARISH**
    Deputy Attorney General