# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL MILLER, | : | Civ. No. 1:24-CV-14 |
| Plaintiff, | : | (Judge Wilson) |
| vs. | : | (Magistrate Judge Carlson) |
| LANCASTER COUNTY, et al., | : | |
| Defendants. | : | |

## ORDER

### THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This case involves challenges to a local election in Lancaster County brought by a Lancaster County resident against Lancaster County and the Pennsylvania Commonwealth Office of Open Records. (Doc. 1). On April 8, 2024, the case was referred to the undersigned and upon review of the docket we noted significant questions regarding whether venue is proper in this court. According to the complaint, it appears that the matters complained of by the plaintiff occurred in Lancaster County, and the principal defendant is found in that county. It is also undisputed that Lancaster County is located within the venue of the United States District Court for the Eastern District of Pennsylvania. 28 U.S.C. § 118(a).

This case is a federal civil action. In such cases, 28 U.S.C. § 1391(b) defines the proper venue and provides that an action should:

1

> [B]e brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

This court is permitted, *sua sponte,* to raise the issue of an apparent lack of venue, provided the court gives the plaintiff notice of its concerns and an opportunity to be heard on the issue. See, e.g., Stjernholm v. Peterson, 83 F.3d 347, 349 (10th Cir. 1996) ("[A] district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue"); Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986). When presented with a case filed in an inappropriate venue under 28 U.S.C. § 1406:

> The district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, *or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought.*

28 U.S.C. § 1406(a) (emphasis added). Likewise, even if venue was appropriate here, 28 U.S.C. § 1404(a) also expressly provides that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any

civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404 (a).

Given our concerns regarding whether venue is proper or appropriate here, IT IS ORDERED that the parties shall file brief legal memoranda addressing this question on or before **April 25, 2024**.

So ordered this 11th day of April 2024.

*Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
