# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL MILLER, | : | Civ. No. 1:24-CV-14 |
| Plaintiff, | : | (Judge Wilson) |
| vs. | : | (Magistrate Judge Carlson) |
| LANCASTER COUNTY, et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

### I. Factual Background

This case involves challenges to a local election in Lancaster County brought by a Lancaster County resident against Lancaster County and the Pennsylvania Commonwealth Office of Open Records. (Doc. 1). On April 8, 2024, the case was referred to the undersigned and upon review of the docket we noted a number of pending motions, including a motion for extension of time in which to respond filed by the Commonwealth defendant on February 1, 2024. (Doc. 10). This motion recited that counsel had only been assigned to the case on the date initially set for a response and sought additional time in which to respond. (Id.) In fact, the Commonwealth defendant promptly responded to the complaint by filing a motion to dismiss this complaint on February 9, 2024. (Doc. 16).

Recognizing that the law favors merits resolution of litigation, see United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984), on April 10, 2024, we granted this motion for extension of time, (Doc. 10), and deemed the Commonwealth defendant's motion to dismiss (Doc. 16), to be timely filed. (Doc. 34).

In our view, this ruling also necessarily resolves a spate of other motions filed in this case. While the Commonwealth defendant's motion for extension of time was pending, Miller sought the entry of a default judgment against this defendant, (Docs. 11, 20), and the Commonwealth defendant moved to set aside any default. (Doc. 14). In addition, Miller moved to strike the Commonwealth defendant's motion to dismiss, (Doc. 29), arguing that the Commonwealth defendant could not move to dismiss this complaint because the Commonwealth was in default. However, our decision granting the Commonwealth's motion for extension of time effectively negates any alleged default and the law plainly favors resolution of legal disputes on their merits, rather than through default judgment.

For the reasons set forth below, it is recommended as follows: The court should deny Miller's motion for entry of default, (Doc. 20), and motion to strike. (Doc. 29). The Commonwealth's motion to set aside default should be granted, (Doc. 14), and this case should be resolved on its merits.

## II. Discussion

Under Rule 55, a default judgment may only be entered when the party against whom the default judgment is sought was served and "has failed to plead or otherwise respond." Rule 55(a), F.R.Civ.P. In ruling upon requests relating to default judgments it is well settled that these decisions are:

> [L]eft primarily to the discretion of the district court. Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951). We recognize, however, that this court does not favor entry of defaults or default judgments. We require doubtful cases to be resolved in favor of the party moving to [deny or] set aside the default judgment "so that cases may be decided on their merits." Id. at 245. See also Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 122 (3d Cir. 1983); Feliciano v. Reliant Tooling Company, Ltd., 691 F.2d 653, 656 (3d Cir. 1982); Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982). Nevertheless, we do not [deny or] set aside the entry of default and default judgment unless we determine that the district court abused its discretion. We require the district court to consider the following factors in exercising its discretion . . . : (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct. Gross v. Stereo Component Systems, Inc., 700 F.2d at 122; Feliciano v. Reliant Tooling Company, Ltd., 691 F.2d at 656; Farnese v. Bagnasco, 687 F.2d at 764.

United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984).

In this case, we believe that these discretionary factors strongly favor denial of entry of default judgment against the Commonwealth defendant. At the outset, there has been no culpable default in this case. The Commonwealth timely sought an extension of time in which to respond to this complaint, and then promptly filed

a motion to dismiss the complaint. Moreover, our order granting the Commonwealth's motion for extension of time and deeming the Commonwealth's motion to dismiss to be timely filed effectively negates any claim of a default by this defendant.

In any event, allowing these claims to be resolved on its merits is a cardinal guiding principle in our legal system, and one which causes courts to view default judgments with disfavor. Furthermore, the plaintiff is not unfairly prejudiced by denying a default judgment at this early stage of the litigation. However, entry of default would be highly prejudicial to the Commonwealth defendant, who would be totally denied the opportunity to defend these claims. Accordingly, weighing these discretionary factors that govern entry of default judgments, we recommend that the motion for entry of default, (Doc. 20), be DENIED and Commonwealth defendant's motion to set aside any default, (Doc. 14), be GRANTED.

Finally, we recommend that Miller's motion to strike the defendant's motion to dismiss, (Doc. 29), also be DENIED. Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike pleadings and provides, in part, that:

> **(f) Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

F. R.Civ. P., Rule 12(f).

While rulings on motions to strike rest in the sound discretion of the court, Von Bulow v. Von Bulow, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), that discretion is guided by certain basic principles. Because striking a pleading is viewed as a drastic remedy, such motions are "generally disfavored." Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (C.A. La. 1982). As one court has aptly observed: "striking a party's pleadings is an extreme measure, and, as a result, . . . '[m]otions to strike under Fed.R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted.'" Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000) (quoting Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977)); see also, Resolution Trust Corp. v. Gibson, 829 F.Supp. 1103, 1106 (W.D. Mo.1993); 2 James Wm. Moore et al., Moore's Federal Practice § 12.37[1] (3d ed. 2000). In practice, courts should exercise this discretion and strike pleadings only when those pleadings are both "redundant, immaterial, impertinent, or scandalous" and prejudicial to the opposing party. Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001).

In this case, Miller's sole basis for seeking to strike this defense motion is his insistence that the Commonwealth has defaulted on its litigation responsibilities. Since Miller errs when he suggests that there has been a culpable default by the

Commonwealth, and motions to strike are generally disfavored, in the exercise of its discretion, this court should also deny Miller's motion to strike.

## III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's motion for entry of default, (Doc. 20), and motion to strike the defendant's motion to dismiss, (Doc. 29), be DENIED. The Commonwealth's motion to set aside default, (Doc. 14), should be GRANTED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Submitted this 11th day of April 2024.

                                                    *S/Martin C. Carlson*
                                                   Martin C. Carlson
                                                   United States Magistrate Judge