IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Michael Miller<br>Petitioner,<br>v.<br>COUNTY OF LANCASTER, ET. AL.,<br>Respondents. | Civ. No: 1:24-CV-00014<br><br>(District Judge Jennifer P. Wilson)<br>(Magistrate Judge Martin C. Carlson) |

**PETITIONER'S APPEAL AND BRIEF IN OPPOSITION TO MAGISTRATE JUDGE ORDER (Doc. 34) AND REPORT AND RECOMMENDATIONS (Doc. 37)**

Michael Miller, ["Petitioner"] files this appeal and brief in objection to Magistrate Carlson's order (Doc. 34) and "Report and Recommendation" (Doc. 37). The basis for the objection is that Magistrate Carlson's order and recommendations are contrary to FRCP 55 as stated in *United States v. $55,518.05 IN US CURRENCY, 728 F.2d 192 (3d Cir. 1984)*. A *de novo* review is demanded pursuant to 28 USC § 636(b)(1)(C).

## I.  PROCEDURAL HISTORY

On January 4, 2024, Petitioner filed a Petition. (Doc. 1). Magistrate Judge, Susan Schwab, was assigned to the case that week. On February 1st, OOR's counsel moved to request an extension of time to file a response which contained no alleged explanation for her client's dilatory response. (Doc. 10) Petitioner

opposed. (Doc. 10 and 25). On February 5th, the clerk entered OOR's default. (Doc. 12) On February 9th, OOR moved to set aside the default. (Doc. 14 and 15). On February 16th, Magistrate Schwab ordered Petitioner to file brief on the matter by March 1st. (Doc. 18). On February 24th, Petitioner filed the brief. (Doc. 22). Magistrate Schwab unexplainedly did not take up the motions to extend the time, set aside the default, or any other motions filed in this case.

On April 8th, without explanation, the court issued a "verbal order" replacing Magistrate Schwab with Magistrate Martin C. Carlson. On April 9th, the clerk sent parties an offer to consent to granting Magistrate Carlson powers pursuant to 28 USC § 636. (Doc. 33). On April 11th, the clerk notified the court that one or more parties had not consented.

On April 10th, Magistrate Carlson issued an order (Doc. 34) calling the Petition a "challenge to an election" (which it is not) and captioned the "Defendants" as "Merrick Garland, et. al." This order granted OOR's motion for a grant of a 60-day extension of time to file a responsive pleading. (Doc. 10)

On April 11th, Magistrate Carlson issued "Report and Recommendations" (Doc. 37). The report recommends the following actions:

1) "[P]laintiff's" motion for entry of default, (Doc. 20), should be DENIED,
2) "[P]laintiff's" motion to strike the defendant's motion to dismiss, (Doc. 29), should be DENIED.

3) "The Commonwealth's" motion to set aside default, (Doc. 14), should be GRANTED."

## II. LEGAL STANDARD

FRCP 12 requires a summoned party to file a responsive pleading or objection within 21 days of service. If a party fails to do so, the plaintiff may remedy through default procedures under FRCP 55. Once default is entered, the controlling case for this court to set aside a default is *United States v. $55,518.05 IN US CURRENCY, 728 F.2d 192 (3d Cir. 1984)*.

The ruling in *$55,518.05* explains that the defendant failed to respond to a letter from the district court because his incarceration made it "impossible" for him to obtain counsel. Yet, just 13 days later, "the government" obtained a default judgment from the district court. "About two weeks" after default was entered, defendant, having obtained counsel, alleged by affidavits a basis to set aside default and a factual defense to the complaint. "Nevertheless", the court would not reverse the district court because it concluded the defendant's alleged defense was not meritorious. The Court held, "we <u>require</u> the district court to consider the following factors in exercising its discretion in <u>granting or denying</u> a motion to set aside a default under Rule 55(c) or a default judgment under Rule 60(b)(1): (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a

meritorious defense; (3) whether the default was the result of the defendant's culpable conduct." (195). It further instructed district court judges, "The showing of a meritorious defense is accomplished when allegations of defendant's <u>answer</u>, if established on trial, would constitute a complete defense to the action." (underline added for emphasis)

### III. ARGUMENT

**A. Extension of Time to File / Excusable Neglect**

The facts before this court do not warrant exercising discretion to grant OOR's motion for an extension of time to file. The only *facts* before the court are that 1) OOR did not timely file a responsive pleading or objection; 2) OOR's attorney, the state's attorney general, filed a motion the day her client's response was due requesting an extension because (she asserted) she "received a referral to represent the Defendant" that day (Doc. 10); 3) Miller opposed this motion (Doc. 10, 25); 3) The clerk entered a default on February 5th. These facts are insufficient grounds to grant the motion.

The court should consider what facts OOR's counsel has *not* put before the court. For 60+ days, counsel has offered no evidence to show that the story in her motion is true. Petitioner noted this omission in briefs on the issue. *See* Doc. 25. **<u>No one should be believed in this court but upon his oath</u>**.

Counsel's motion alleges no facts to establish if and why OOR's executive director, Elizabeth Wagenseller, an overseer of employed attorneys and a physical neighbor to the Attorney General's office, failed for 20 consecutive days to seek obtain counsel in responding to a summons and verified Petition. *§55,518.05* states that the district court is required to make inquiry into the *defendant's* conduct.

For reasons stated, the exercise of discretion to grant an extension (Doc. 34) and set aside default (Doc. 37) under these conditions is contrary to law.

### B. No alleged meritorious defense

The court may not set aside the default because OOR has not alleged a meritorious defense. OOR did not answer the verified Petition and, unlike the defendant in *§55,518.05,* it has *alleged* nothing of fact. Instead, its counsel pursues purely legal objections (which the Petition shows to be meritless). Setting aside default prior to the OOR alleging a meritorious defense is contrary to FRCP 55 as stated in *§55,518.05*. Again, "The showing of a meritorious defense is accomplished when allegations of defendant's <u>answer</u>, if established on trial, would constitute a complete defense to the action." (underline added for emphasis)

### C. Magistrate Carlson's Review and Recommendations are Contrary to Law.

The facts and law above establish that Magistrate Carlson's actions are contrary to law. In his order (Doc. 34), he states that because OOR's motion "recited that counsel had only been assigned on the case on the date initially set for a response", he may exercise discretion to grant the motion. Citing *55,518.05,* he argues that since "the law favors merits resolution of litigation", he advises the court to forgo the court's mandate to obtain additional facts, evidence, and testimony. Likewise, in his Report (Doc. 37), though citing *55,518.05* as controlling*,* Magistrate Carlson dismisses the requirement that the defaulted party must allege a meritorious defense before a district court may set aside the default. Notwithstanding, this 'ends justifies the means' approach is contrary to FRCP 55 as required in *55,518.05*.

The precedent set by Magistrate Carlson's application of FRCP 55 is problematic. The holding in *55,518.05* does not permit a district court to apply FRCP 55 differently when the defendant is the government. Quite unlike the hapless defendant in *55,518.05*, the OOR is a state agency of attorneys and well-represented by its physical neighbor, the Attorney General's office, yet Magistrate Carlson's application of *55,518.05*'s directives are disparately lax for the government respondent. Moreover, if the bar is this low to get an extension of time

to respond and/or a default set aside, what informed party will not forgo filing a timely pleading and instead assert a 'dog-ate-my-homework' excuse to demand an extension of time to respond? One wonders what will be left of FRCP 12 in the Third Circuit.

More personally, after the Petitioner spent hours on research and writing briefs on this matter to a mostly unresponsive court for two months, Magistrate Carlson enters and summarily exercises discretion to grant OOR and its counsel all it needs without requiring anyone to take an oath. Had Miller known the district court would not apply FRCP 55 according to *$55,518.05*, he might not have spared the expense.

Petitioner has demonstrated a desire to resolve this controversy on the merits. He prepared a 73-paragraph verified Petition to afford OOR the opportunity to do so. The problem for this court is that OOR has not answered and a judge has not insisted it do so. Petitioner demands that the district judge apply FRCP 55 because bad law is otherwise established and because until the default is resolved, the respondent may not defend the merits of the Petition. Nevertheless, the fact-based requirements of FRCP 55 still wanting, a district judge may not set aside OOR's default merely on a preference to resolve cases on the merits.

WHEREFORE, Miller moves the district court judge to perform *de novo* review of Magistrate Carlson's order (Doc. 34) and Report and Recommendations

(Doc. 37)

Respectfully Submitted:

*/s/ Michael Miller*
Michael Miller
108 North Reading Road, Ste F, 246
Ephrata, PA 17522
(717) 388-0163
reaganfive@protonmail.com

Date: April 24, 2024

# **CERTIFICATE OF SERVICE**

I hereby certify that I caused to be served by e-service a true and correct copy of the foregoing document to the following:

Yarish, Mary Katherine
Pennsylvania Attorney General
15th Floor, Strawberry Square
Attorney ID #328843
Harrisburg, PA 17120
Phone: (717) 783-6315
myarish@attorneygeneral.gov

Sarah Hyser-Staub
McNees Wallace and Nurick LLC
PA I.D. No. 315989
100 Pine Street
Harrisburg, PA 17101
717-237-5473
sstaub@mcneeslaw.com


Magistrate Judge Martin C. Carlson

Lauren Anthony
McNees Wallace and Nurick LLC
100 Pine St
Harrisburg, PA 17101
717-237-5299
lanthony@mcneeslaw.com


Respectfully Submitted,

/s/*Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata PA 17522
717-388-0163
reaganfive@protonmail.com

Dated: April 24, 2024