## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL MILLER,** | : | |
| **Plaintiff** | : | **No. 1:24-CV-00014** |
| | : | |
| **v.** | : | **Judge Wilson** |
| | : | |
| **COUNTY OF LANCASTER** *and* | : | **Electronically Filed Document** |
| **OFFICE OF OPEN RECORDS,** | : | |
| **Defendants** | : | *Complaint Filed 01/04/24* |


## DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S OBJECTIONS (DOC. 40) TO THE REPORT & RECOMMENDATION (DOC. 37)

Defendant the Office of Open Records (Defendant or OOR), through counsel, hereby files this Brief in Opposition to Plaintiff's Objections, (Doc. 40), to the Report and Recommendation, (Doc. 37), pursuant to Local Rules 7.6, 72.2, and 72.3. Plaintiff's Objections should be overruled and this Court should adopt the Report and Recommendation in full and set aside the default entered against Defendant OOR.

## STANDARD OF REVIEW

Local Rule 72.3 permits a party to object to a magistrate judge's proposed findings, recommendations, or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B), within fourteen days. *See* L.R. 72.3. Objections to a report and recommendation must be timely, specific, and identify the basis for such objections. *See* 28 U.S.C. § 636(b)(1); L.R. 72.3.

When reviewing objections to a report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C). District courts may accept, reject, or modify—in whole or in part—the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). The district court is permitted to rely upon the magistrate judge's proposed recommendations to the extent they are deemed proper. *United States v. Raddatz*, 447 U.S. 667, 676 (1980).

A *de novo* review of the contested portions of a report and recommendation is not required where the objections are merely general in nature. *See Sample v. Dieck*s, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); *see also Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete *de novo* determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process.").

In this matter, Plaintiff presents his generalized disagreements with the Report and Recommendation to be two-fold: (1) that the Court allegedly erred when setting aside the default when it relied upon unsworn representations in OOR's Motion for Extension of Time to Respond to the Complaint and did not obtain evidence, and (2) that it allegedly failed to adhere to *United States v. $55,518.05 in United States Currency*, 728 F.2d 192, 194-195 (3d Cir. 1984) because OOR allegedly has not

presented a meritorious defense when it filed a motion to dismiss and did not file an answer to the Complaint. (Doc. 40 at 4-6.) Defendant disagrees.

First, and foremost, within his Objections, Plaintiff repeats his arguments he previously presented within his opposition to OOR's Motion and Supporting Brief to set aside the default. (*See* Doc. 23 at 4-5.) Respectfully, these general objections are insufficient to overrule the Report and Recommendation as they do not illustrate any error of law or manifest injustice on the record to be corrected and, thus, are not entitled to a *de novo* review. *See Goney*, 749 F.2d at 6-7. Nevertheless, Defendant OOR addresses these objections further.

Second, Plaintiff's generalized objections fail as a matter of law. The Third Circuit has repeatedly affirmed district court rulings to set aside default in situations where the responding defendant files a motion to dismiss shortly after the entry of default against it and without further development of a factual record before the court. *See Lee v. Gallina Mecca*, 2023 WL 5814783, at *2-3 (3d Cir. Sept. 8, 2023); *see also Wiggins v. Univ. Prot. Serv., LLC*, 2023 WL 5014082, at *2 (3d Cir. Aug. 7, 2023) (holding district court did not abuse its discretion in setting aside default where party filed a motion to dismiss and not answer the complaint after answering the complaint); *see also J Supor & Son Trucking & Riggins Co., Inc. v. Kenworth Truck Co.*, 791 F. App'x 308, 315 (3d Cir. 2019) (holding that district court did not abuse

its discretion in setting aside default where party filed a motion to dismiss following entry of default).

Moreover, the Third Circuit rejected the same argument that Plaintiff now presents in *Lee v. Gallina Mecca*, 2023 WL 5814783, at *2-3 (3d Cir. Sept. 8, 2023). In *Lee*, the appellant claimed that the district court abused its discretion in setting aside default where it did not obtain factual evidence as to the reasons for the appellee's alleged failure to timely file a responsive pleading to the complaint and where the appellee filed a motion to dismiss the complaint and not an answer thereto. *Lee*, 2023 WL 5814783, at *1-2. The Third Circuit held that since there was no evidence to suggest that the appellee acted either willfully or in bad faith the district court did not abuse its discretion in setting aside the default. *See id.* at *2-3. The Third Circuit also held that the appellee's filing of a motion to dismiss was facially meritorious and, thus, had met the requirement of illustrating it had a meritorious defense. *Id.* at *2.

Similar to *Lee*, in this matter, Defendant OOR filed its motion to dismiss shortly after the entry of default and advanced several arguments that are, on their face, meritorious. (*See gen.* Docs. 14-16, 21 (setting forth dismissal arguments supported by relevant case law).) As such, this Court should, similar to the Third Circuit's holding in *Lee*, overrule Plaintiff's Objections and set aside default.

Thus, in accordance with Third Circuit case law, this Court should overrule Plaintiff's Objections and set aside the default entered against Defendant OOR.

CONCLUSION

For the foregoing reasons, and for the reasons set forth in greater length within their Motion and Brief to Set Aside Default, (Docs. 14-15), Defendant OOR respectfully requests that this Court adopt the Report and Recommendation in full and set aside default.

**Respectfully submitted,**

**MICHELLE A. HENRY**
**Attorney General**

**By:** _s/ Mary Katherine Yarish_
**MARY KATHERINE YARISH**
**Deputy Attorney General**
**Attorney ID #328843**

**Office of Attorney General**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**Phone: (717) 783-6315**

**NICOLE R. DITOMO**
**Chief Deputy Attorney General**
**Civil Litigation Section**

myarish@attorneygeneral.gov

**Date:  May 8, 2024**

_Counsel for Defendant Office of Open Records_

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| **MICHAEL MILLER,** | | : | |
| | **Plaintiff** | : | **No. 1:24-CV-00014** |
| | | : | |
| **v.** | | : | **Judge Wilson** |
| | | : | |
| **COUNTY OF LANCASTER** *and* | | : | **Electronically Filed Document** |
| **OFFICE OF OPEN RECORDS,** | | : | |
| | **Defendants** | : | *Complaint Filed 01/04/24* |

## <u>CERTIFICATE OF SERVICE</u>

I, Mary Katherine Yarish, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on May 8, 2024, I caused to be served a true and correct copy of the foregoing document titled *Defendant's Brief in Opposition to Plaintiff's Objections (Doc. 40) to the Report & Recommendation (Doc. 37)* to the following:

<u>**VIA ECF**</u>

Michael Miller
108 North Reading Road
Suite F, 246
Ephrata, PA 17522
reaganfive@protomail.com
*Pro Se Plaintiff*

Sarah Hyser-Staub, Esq.
Lauren Anthony, Esq.
McNees Wallace & Nurick LLC
100 Pine Street
Harrisburg, PA 17101
sstaub@mcneeslaw.com
lanthony@mcneeslaw.com
*Counsel for Defendant County of Lancaster*


  *s/ Mary Katherine Yarish*
**MARY KATHERINE YARISH**
Deputy Attorney General