# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL MILLER, | : | No. 1:24-cv-00014-JPW |
| Plaintiff, | : | |
| | : | |
| v. | : | (Judge Wilson) |
| | : | |
| COUNTY OF LANCASTER, *et al.*, | : | |
| Defendants. | : | (Electronically filed) |

## DEFENDANT COUNTY OF LANCASTER'S BRIEF IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11

McNEES WALLACE & NURICK LLC


By _Sarah H Staub_____

    Sarah Hyser-Staub
    PA I.D. No. 315989
    Lauren Anthony
    PA I.D. No. 324557
    100 Pine Street
    Harrisburg, PA 17101
    717-237-5473
    717-237-5299
    sstaub@mcneeslaw.com
    lanthony@mcneeslaw.com

Dated:  May 10, 2024

# TABLE OF CONTENTS

TABLE OF CONTENTS ......................................................................................... i

TABLE OF AUTHORITIES ................................................................................ ii

I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ..........2

    A. Miller's History of Litigation Under Pennsylvania's Right to
Know Law ...........................................................................................2

        1. Copies of Mail-in Ballots ..............................................2

        2. Cast Vote Records ..........................................................3

        3. Digital Ballot Images ....................................................4

    B. Miller's Frivolous Proceedings Against the County .......................5

II. STATEMENT OF THE QUESTION INVOLVED ..................................6

III. ARGUMENT.............................................................................................6

    A. Applicable Legal Standard .............................................................6

    B. Miller should be sanctioned for bringing and maintaining a
frivolous lawsuit against the County in violation of Fed. R. Civ. P. 11
and ordered to pay the County's reasonable attorneys' fees. .............10

    C. Monetary sanctions under Rule 11 are necessary to deter Miller
from filing additional frivolous claims against the County. ...............16

IV. CONCLUSION .................................................................................19

# TABLE OF AUTHORITIES

**Cases**

*Breslin v. Duncannon Borough,* No. CV 12-0360, 2018 WL 4002855 (M.D. Pa. Aug. 22, 2018) ...................................................................................13

*Bruce v. City of Pittston*, No. 3:23-CV-00711, 2023 WL 6609023 (M.D. Pa. Oct. 10, 2023) ..........................................................................................12

*Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533 (1991) .. 7, 8, 15

*Degenes v. Mueller,* No. CIV.A. 11-916, 2012 WL 260038 (W.D. Pa. Jan. 27, 2012) .......................................................................................................13

*Doering v. Union Cty. Bd. of Chosen Freeholders*, 857 F.2d 191 (3d Cir. 1988) ..10

*Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277 (3d Cir. 1991) ...........8

*McCullough v. Cty. of Allegheny,* No. CV 16-534, 2016 WL 7116640 (W.D. Pa. Dec. 7, 2016)..........................................................................................13

*Mickell v. Geroulo*, No. 3:19-CV-01730, 2020 WL 3163206 (M.D. Pa. June 12, 2020), *aff'd*, No. 20-2438, 2021 WL 5054352 (3d Cir. Nov. 1, 2021) ........ passim

*Miller v. Nelling*, No. CV 22-3329-KSM, 2023 WL 2743564 (E.D. Pa. Mar. 31, 2023) .......................................................................................................13

*Napier v. Thirty or More Unidentified Federal Agents*, 855 F.2d 1080 (3d Cir. 1988) .............................................................................................................8

*Simmerman v. Corino*, 27 F.3d 58 (3d Cir. 1994) ....................................................9

**Rules**

Fed. R. Civ. P. 11 .................................................................................................7, 9

Fed. R. Civ. P. 11 advisory committee note (1983) ..................................................8

## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL MILLER, | : | No. 1:24-cv-00014-JPW |
| Plaintiff, | : | |
| | : | |
| v. | : | (Judge Wilson) |
| | : | |
| COUNTY OF LANCASTER, *et al.*, | : | |
| Defendants. | : | (Electronically filed) |

## DEFENDANT COUNTY OF LANCASTER'S BRIEF IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11

Defendant County of Lancaster (the "County"), by and through its undersigned counsel, submits this brief in support of its Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11. *Pro se* Plaintiff Michael Miller ("Miller") has violated Rule 11's prohibition on asserting frivolous claims not supported by existing law. This case is a continuation of Miller's campaign of asserting baseless legal claims against the County, with no apparent purpose other than to harass and vex the County. Miller appears insistent on maintaining this meritless action and filing pleadings that fail to conform to the Rules of Civil Procedure. Monetary sanctions are necessary and appropriate to deter the reasonably foreseeable continuation of Miller's conduct and to remedy this abuse of the federal court system.

# I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

## A. Miller's History of Litigation Under Pennsylvania's Right to Know Law

This case is the latest in a series of lawsuits Miller filed against the County in connection with proceedings under Pennsylvania's Right to Know Law ("RTKL"). Miller sought election records under the RTKL and his requests have been denied in part and granted in part. Instead of proceeding to view the requested records in the format that the County has offered, he persists in filing baseless lawsuits against the County and wasting taxpayer money.[1]

In his Complaint in this case, Miller recounts three categories of disputes: "Denial #1 (Copies of Mail-in Ballots)"; "Denial #2 (Cast Vote Record Report)"; and "Denial #3 (Digital Ballot Images)."

### 1. Copies of Mail-in Ballots

Miller unsuccessfully ran for a seat in the Pennsylvania Senate in May 2022. (Doc. No. 1, ¶¶ 13-14). Miller claims there were various issues with the County's ballots, prompting him to request copies of all mail-in ballots created for the May 2022 election. (*Id.* ¶¶ 16-20). That request was denied in July 2022. (*Id.* ¶¶ 13, 25). Miller appealed this denial to the Commonwealth's Office of Open Records

---

[1] The County summarized Miller's claims in the background section of its brief in support of its motion to dismiss the Complaint. (Doc. No. 17 at 2-6). Accordingly, the County does not reiterate all facts discussed in its earlier briefing herein, but, rather, includes those facts most salient to the instant motion.

("OOR"). Miller claims the OOR ordered the County to release records to Miller within 30 days. (*Id.* ¶¶ 32). The County sent Miller a letter outlining security measures to protect the integrity of the mail in ballots, with which he disagrees. (*Id.* ¶¶ 28, 32, 35, 40). Miller complained about these security measures to the OOR, which supposedly replied that it no longer had jurisdiction over the matter. (*Id.* ¶ 40).

In December 2022, Miller filed a "Petition to Enforce a Final Determination" in the Lancaster County Court of Common Pleas, which was dismissed on the basis that the County had "complied with the OOR's Final Determination by making the records available to [Miller] subject to the regulations it deems necessary for safekeeping." (Exhibit 9 to Complaint, Doc. 1-2 at 53-54). Disagreeing with this decision and claiming that the decision violates various procedural rules and due process requirements (*see id.* ¶ 41), Miller appealed to the Commonwealth Court of Pennsylvania, which appeal remains pending. *See Miller v. County of Lancaster*, 595 CD 2023 (Pa. Cmwlth.).

## 2.    Cast Vote Records

Miller also alleges that on July 19, 2022, he "requested a Cast Vote Record report for the May 17, 2022 election," which the County denied on the basis that "the report is not accessible under the Election Code." (Doc. No. 1 ¶¶ 43-44). Miller appealed to the OOR, which denied his appeal. (*Id.* ¶¶ 45, 52). Although

Miller lodges various disagreements with the OOR's examination of evidence in connection with the denial (*id.* ¶¶ 46-51), Miller admits he did not appeal this decision from the OOR (*id.* ¶ 53).

### 3.  Digital Ballot Images

The third "denial" referenced in the Complaint relates to Miller's request for scanned/electronic records of mail-in ballots and mail-in ballot envelopes and applications.  Miller claims that in October of 2022, he "requested copies of the scanned images of the ballots used in the May 17th 2022 election," which the County denied "on grounds it does not currently maintain the records in the requested format."  (*Id.* ¶¶ 55-56).  Miller appealed this denial to the OOR, which affirmed the County's decision in December of 2022 (*id.* ¶¶ 57, 64), and Miller again takes issue with the OOR's consideration of evidence in connection with this denial (*id.* ¶¶ 58-60).  Also in December of 2022, Miller filed a petition for review in the Court of Common Pleas of Lancaster County, which ultimately affirmed the OOR's final determination and dismissed Miller's petition.  (*See* Exhibit 20 to Complaint, Doc. 1-2 at 134).  Miller again complains about various aspects of the Common Pleas court's reasoning.  (Doc. No. 1 ¶¶ 67-69, 71).  Miller filed an appeal with the Commonwealth Court, which remains pending.  (*Id.* ¶¶ 72-73); *see also Miller v. County of Lancaster*, 596 CD 2023 (Pa. Cmwlth. Ct.).

## B.     Miller's Frivolous Proceedings Against the County

As a result of his dissatisfaction with the outcome of his RTKL proceedings,

Miller has involved in the County in numerous meritless legal proceedings.  As

described above, he has unsuccessfully appealed the County's decisions to the

OOR, and then the Common Pleas Court, and further to the Commonwealth Court.

In October 2022, Miller filed a Title III Complaint with the Department of State,

which was also dismissed as meritless following a hearing.[2]  In June 2023, Miller

filed a private criminal complaint against County officials, which the District

Attorney's Office concluded lacked prosecutorial merit.  (Doc. No. 1, ¶ 42).  In

January 2024, Miller initiated this action.  Due to the Complaint's numerous legal

deficiencies, the County filed a Motion to Dismiss pursuant to Federal Rules of

Civil Procedure 12(b)(6) and 12(b)(1).  (Doc. No. 8).  The County's Motion to

Dismiss remains pending.  The serious defects plaguing the Complaint—as

highlighted in the County's Motion to Dismiss and supporting papers—

demonstrate the frivolousness of Miller's purported claims against the County.

On April 16, 2024, the County provided notice to Miller pursuant to Federal

Rule of Civil Procedure 11(c) of its intent to seek sanctions if the claims against

the County were not withdrawn.  (*See* Doc. 48-1).  Not only has Miller refused to

---

[2] *See Final Adjudication and Order*, Commonwealth of Pennsylvania, Department
of State, No. DOS-HAVA-2022-Dec-001 (filed January 23, 2023).

withdraw his Complaint, but he has filed *four* additional frivolous pleadings, seeking to compel a ruling on the pending motions to dismiss (Doc. No. 39), plus three documents he styled as "objections" to the Court's decisions (or lack thereof) (Doc. Nos. 44, 45, and 46). On April 19, 2024, Miller served the County with his own notice of intent to seek sanctions *against the County*, claiming that the County has raised meritless legal arguments in its motion to dismiss, which it plainly has not. Accordingly, the County reasonably anticipates that Miller will shortly file a sanctions motion against the County, necessitating further response and briefing to yet another meritless pleading.

To remedy this blatant disregard of the rules of court and abuse of process, the County respectfully requests that Rule 11 sanctions be imposed against Miller.

## II.    STATEMENT OF THE QUESTION INVOLVED

Should this Court impose sanctions on Miller pursuant to Federal Rule of Civil Procedure 11, where the Complaint lacks any legal or factual basis with respect to its claims against the County?

*Suggested Answer*: Yes.

## III.    ARGUMENT

### A.    Applicable Legal Standard

Federal Rule of Civil Procedure 11 ("Rule 11") requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney

of record in the attorney's name—or by a party personally if the party is

unrepresented." *See* Fed. R. Civ. P. 11(a). Rule 11 further states that:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> >
> > **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

Rule 11 creates an affirmative duty, and to satisfy that duty, an attorney or

party must inquire into both the facts and the law before filing papers with the

court. *See Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533,

545 (1991) (discussing authority concerning "affirmative duty" imposed by Rule

11); *Napier v. Thirty or More Unidentified Federal Agents*, 855 F.2d 1080, 1091

(3d Cir. 1988) ("To satisfy the affirmative duty imposed by Rule 11, an attorney must inquire into both the facts and the law before filing papers with the court."). A litigant's *pro se* status does not negate this duty, and Rule 11's affirmative duty applies equally to "attorneys, parties represented by attorneys, and *parties who appear pro se*." *See Bus. Guides*, 498 U.S. at 545 (emphasis added) (citing 2A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 11.02 [3], at 11–15 to 11–17 (2d ed. 1990)).

"The legal standard to be applied when evaluating conduct allegedly violative of Rule 11 is reasonableness under the circumstances . . . with reasonableness defined as an 'objective knowledge or belief at the time of the filing of a challenged paper' that the claim was well-grounded in law and fact." *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991) (internal citation omitted) (quoting *Jones v. Pittsburgh Nat. Corp.*, 899 F.2d 1350, 1359 (3d Cir. 1990)). "This objective standard applies both to attorneys and to *pro se* litigants, although 'what is objectively reasonable for a *pro se* litigant and for an attorney may not be the same.'" *Mickell v. Geroulo*, No. 3:19-CV-01730, 2020 WL 3163206 at *2 (M.D. Pa. 2020) (Saporito, M.J.) (quoting *Bus. Guides, Inc. v. Chromatic Commc'ns Enters. Inc.*, 892 F.2d 802, 811 (9th Cir. 1989), *aff'd*, 498 U.S. 533 (1991)), *aff'd*, No. 20-2438, 2021 WL 5054352 (3d Cir. Nov. 1, 2021); *see also* Fed. R. Civ. P. 11 advisory committee note (1983)

("Although the standard is the same for unrepresented parties, who are obliged themselves to sign the pleadings, the court has sufficient discretion to take account of the special circumstances that often arise in *pro se* situations.").

The Court has the authority to impose appropriate sanctions on a party that has violated Rule 11(b), in the form of both monetary and non-monetary penalties. *See* Fed. R. Civ. P. 11(c)(1) ("If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."); Fed. R. Civ. P. 11(c)(4) ("The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.").

"Rule 11 targets abuse, making sanctions appropriate only if 'the filing of the complaint constituted abusive litigation or misuse of the court's process.'" *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994) (quoting *Teamsters Local Union No. 430 v. Cement Express, Inc.*, 841 F.2d 66, 68 (3d Cir.), *cert. denied sub nom. Herman Bros., Inc. v. Teamsters Local Union No. 430*, 488 U.S. 848 (1988)). In furtherance of the goal of preventing abuse of the legal system, "[d]istrict courts should, therefore, consider a wide range of alternative possible sanctions for

violations of the rule.  A district court's choice of deterrent is 'appropriate when it is the *minimum* that will serve to adequately deter the undesirable behavior.'"  *See Doering v. Union Cty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988) (quoting *Eastway Const. Corp. v. City of New York*, 637 F. Supp. 558, 565 (E.D.N.Y. 1986), *order modified and remanded*, 821 F.2d 121 (2d Cir. 1987)).

B.    **Miller should be sanctioned for bringing and maintaining a frivolous lawsuit against the County in violation of Fed. R. Civ. P. 11 and ordered to pay the County's reasonable attorneys' fees.**

This Court previously held that sanctions were warranted against a *pro se* plaintiff who brought a complaint that was "objectively unreasonable under the circumstances presented[,]" and asserted claims that "lack[ed] any arguable basis in law, and thus [were] legally frivolous."  *See Mickell v. Geroulo*, No. 3:19-CV-01730, 2020 WL 3163206, at *1 (M.D. Pa. June 12, 2020), *aff'd*, No. 20-2438, 2021 WL 5054352 (3d Cir. Nov. 1, 2021).  In *Mickell*, a *pro se* plaintiff brought a federal civil rights suit against multiple defendants to attack a series of state court convictions, "alleg[ing] that, in 2018 and 2019, the defendants conspired to falsify state court records to inflate the total balance of fines and costs he owed for these and earlier convictions, dating back to 2002, and to preclude the reinstatement of his driver's license by the state department of transportation."  *See Mickell*, 2020 WL 3163206, at *1.  Judge Saporito dismissed the claims against the first

defendant *sua sponte* and dismissed the claims against the remaining two defendants "as legally frivolous and for failure to state a claim." *See id.* The latter two defendants then moved for sanctions pursuant to Rule 11(c) on the basis that the plaintiff's claims lacked any factual or legal basis, and in light of the plaintiff's history of abusive *pro se* litigation in this same Court. *See id.*

Judge Saporito granted the defendants' motion for monetary sanctions against the plaintiff. *See id.* at *4. In doing so, he noted that the plaintiff's claims had "recently been dismissed with prejudice on the grounds that they are malicious, legally frivolous . . . and fail to state a claim upon which relief can be granted." *See id.* at *3 (citing prior dismissal). He also observed that the plaintiff's reason for bringing those frivolous claims against the latter two defendants appeared to have been the plaintiff's lack of success in seeking damages against the *first* defendant in a *prior action*. *See id.* Judge Saporito highlighted the fact that the plaintiff had "a demonstrated history of filing frivolous lawsuits and appeals in the federal courts." *See id.*

The *Mickell* court ultimately concluded that the plaintiff's filing of his complaint was "objectively unreasonable under the circumstances presented" and "lack[ed] any arguable basis in law, and thus they are legally frivolous." *See id.* The court added that:

Moreover, the circumstances of this litigation, particularly in light of the several other lawsuits brought by [the plaintiff] against both these and other defendants, suggest that this action was brought with the intent to harass or needlessly impose the cost of litigation on the defendants. Therefore, we find the imposition of Rule 11 sanctions to be appropriate.

*Id.*

The court went on to conclude that sanctions against the plaintiff were "clearly warranted [] and necessary as a deterrent to further abusive litigation" and "[b]ased on his history of litigation before this and other federal courts, absent sanctions," the plaintiff could "be expected to file additional actions in this court, including against these same defendants." *See id.* at *4.

In another instance, a *pro se* plaintiff has been sanctioned where the plaintiff could not articulate a basis for avoiding sanctions and made statements "bred on little more than conclusory assertions and deprived of any real sustenance[,]" and where the plaintiff appeared to have initiated litigation "more from emotion and a thirst for retaliation than from a sense that his constitutional rights had been infringed." *See Bruce v. City of Pittston*, No. 3:23-CV-00711, 2023 WL 6609023, at *19 (M.D. Pa. Oct. 10, 2023) (Mehalchick, J.) (granting motion for sanctions and awarding defendant "the attorney's fees associated with defending this action and filing the motion for judgment on the pleadings"), *appeal filed* (Nov. 24, 2023).

Such reasoning applies here and compels the conclusion that the County's motion should be granted, where Miller violated his affirmative obligations under Rule 11 and asserted frivolous and meritless claims against the County that lack any reasonable legal basis. *Mickell* is instructive, given that in *Mickell*, the *pro se* plaintiff asserted "objectively unreasonable," "abusive," "repetitious," and "malicious" claims against unsuspecting defendants for the sole apparent reason being that he had been unsuccessful in seeking damages from another defendant. *See Mickell* at *3. Similarly, Miller has sought to use the instant case to inappropriately relitigate his disappointment with the outcome of RTKL proceedings despite that numerous courts have held that RTKL disputes do not give rise to federal claims.[3]

In *Mickell*, the *pro se* plaintiff's claims against a judge, a clerk of judicial records, and a collections officer within the Lackawanna County Court of

---

[3] *See Breslin v. Duncannon Borough,* No. CV 12-0360, 2018 WL 4002855, at *3 (M.D. Pa. Aug. 22, 2018) (Stengel, J.) (noting that "alleged violations of Pennsylvania's Right to Know Law do not give rise to a constitutional claim"); *Miller v. Nelling*, No. CV 22-3329-KSM, 2023 WL 2743564, at *6 (E.D. Pa. Mar. 31, 2023) (finding lack of jurisdiction over a claim that public officials had failed to provide records pursuant to the RTKL "because state courts provide the exclusive forum for litigating under that statute"); *see also McCullough v. Cty. of Allegheny,* No. CV 16-534, 2016 WL 7116640, at *2 (W.D. Pa. Dec. 7, 2016) (federal courts lack jurisdiction to compel the production of documents requested under the RTKL); *Degenes v. Mueller,* No. CIV.A. 11-916, 2012 WL 260038, at *3 (W.D. Pa. Jan. 27, 2012) (granting motion to dismiss plaintiff's RTKL claim for lack of subject matter jurisdiction).

Common Pleas were dismissed on the grounds that the parties were entitled to absolute judicial and quasi-judicial immunity. *Mickell* at *1, *3. This Court noted that the claims lacked any arguable basis in law, were legally frivolous, and therefore objectively unreasonable under the circumstances. *Id.* at *3. Miller—who has either had adverse results in his RTKL proceedings or simply disagrees with the format in which the subject records have been made available to him following the RTKL proceedings—similarly violated his Rule 11 to perform an objectively reasonable inquiry into the law before filing papers with this Court. As the County's briefing in support of its Motion to Dismiss the Complaint makes clear, Miller's Complaint is fatally flawed because: (1) his simple dissatisfaction with the Commonwealth's handling of RTKL matters in which he is involved does not give rise to a federal civil rights claim, per the cases cited above; (2) even if Miller had alleged a cognizable claim, he fails to plead any facts to support a constitutional violation; and (3) to the extent Miller purports to seek a declaratory judgment, such a request is not cognizable as an independent cause of action.

Miller has not established and cannot establish a proper federal civil rights claim against the County on the grounds that he merely disagrees with the outcome of the various RTKL proceedings against him, yet despite this fact, Miller insists on litigating his insufficient claim against the County. Either Miller has simply never inquired into the necessary legal requirements to sustain a federal civil rights

claim against the County, or Miller has simply ignored the inconvenient fact that there is no legal basis to assert claims against the County in this instance. Indeed, he has continued to maintain this action in the face of the legal arguments raised by the County in its Motion to Dismiss. Miller's conduct is therefore objectively unreasonable, and Miller's *pro se* status does not relieve him of his Rule 11 obligations. *See Bus. Guides*, 498 U.S. at 545 (noting that Rule 11's affirmative duty applies equally to "attorneys, parties represented by attorneys, and *parties who appear pro se*" (emphasis added) (citing 2A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 11.02 [3], at 11–15 to 11–17 (2d ed. 1990))).

As the factual background laid out *supra* demonstrates, Miller has repeatedly attempted to relitigate the outcome of his RTKL proceedings and either lost or not pursued his appeal further. Moreover, his Complaint admits that the records he requests have been made available to him by the County, yet Miller refuses to accept the minor, legally permitted conditions the County has imposed (and that the Court of Common Pleas has upheld). Even reading the *pro se* Complaint liberally and in the most generous fashion, there is no excuse for persisting in this lawsuit in the face of these fundamental defects and lodging a baseless federal case against the County.

The County provided notice to Miller on April 16, 2024, pursuant to Federal Rule of Civil Procedure 11(c)(2), that his Complaint against the County was

fundamentally flawed and provided Miller with an opportunity to withdraw the Complaint before the County would seek sanctions. (Doc. 48-1). After receiving such notice, the objectively reasonable approach for either an attorney or party proceeding *pro se* would be to inquire into the issues noted in the County's Motion to Dismiss and related briefing and either substantiate or redress the legal infirmities of the challenged position. Instead, Miller refused to do so, necessitating the filing of the instant motion.

Miller has violated his duty under Rule 11 to conduct a reasonable inquiry into the law and apparently maintains this suit solely to harass the County, consistent with Miller's established pattern of vexatiousness as to the County and relevant individuals who represent the County. This Court should order sanctions against Miller, payable to the County for its reasonable attorneys' fees and costs incurred in defending this frivolous lawsuit.

## C. Monetary sanctions under Rule 11 are necessary to deter Miller from filing additional frivolous claims against the County.

As this Court observed in *Mickell*:

> The Court may impose an appropriate sanction on a party that has violated Rule 11(b). Fed. R. Civ. P. 11(c)(1). Both monetary and non-monetary sanctions are authorized. Fed. R. Civ. P. 11(c)(4). But the primary purpose of Rule 11 is the correction or deterrence of abuses of the legal system. *Doering v. Union Cty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988). Thus, Rule 11 sanctions are appropriate only if "the filing of the complaint constituted abusive

litigation or misuse of the court's process." *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994). Moreover, "[a] sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." *Id.*; *see also Doering*, 857 F.2d at 194 ("A district court's choice of deterrent is 'appropriate when it is the minimum that will serve to adequately deter the undesirable behavior.'") (quoting another source).

*Mickell*, 2020 WL 3163206, at *2.

In *Mickell*, where the *pro se* plaintiff brought numerous frivolous claims against the defendants that were dismissed with prejudice on the grounds that they were "malicious, legally frivolous . . . and fail[ed] to state a claim upon which relief can be granted, " this Court found those claims to be "abusive and repetitious, and thus malicious." *See id.* at *3. Accordingly, this Court noted that the plaintiff had "a demonstrated history of filing frivolous lawsuits and appeals in the federal courts," and, as a result, the imposition of Rule 11 sanctions was "clearly warranted – and necessary as a deterrent to further abusive litigation." *See id.* at *3, 4.

Like the Plaintiff in *Mickell*, Miller has demonstrated a similar propensity for maintaining meritless litigation against the same parties. As the very text of Miller's Complaint demonstrates, Miller has already litigated extensively the various records requests that form the basis of this case in the state court system under Pennsylvania's RTKL. He has either pursued those claims in the Pennsylvania state court system—the exclusive forum for addressing alleged

violations of Pennsylvania's RTKL—and did not prevail, or he has simply failed to continue litigating his claims through the appellate process, thereby waiving any further right to relief. Miller has even attempted to assert criminal charges against public officials as a result of his apparent dissatisfaction with either the outcome of those RTKL proceedings or the manner in which the records have been made available to him under the RTKL. Even though Miller has either been the losing party in the RTKL proceedings or has had records made available to him in a manner with which he simply disagrees, Miller brazenly named the County as a defendant in this action with no legitimate basis for doing so.

In light of the above, the County has a reasonable basis to believe that Miller will continue his frivolous pursuit of this litigation and continue to harass the County at the public's expense. Like the Court did in *Mickell*, this Court should impose Rule 11 sanctions against Miller in furtherance of Rule 11's recognized goal of deterring vexatious litigants like Miller from continuing with additional frivolous, repetitious, and malicious claims against the County. The County respectfully submits that the minimally necessary deterrent is no less than the reasonable attorneys' fees and costs incurred by the County in defending this frivolous lawsuit brought by Miller.

## IV. CONCLUSION

For the reasons set forth herein, Defendant County of Lancaster respectfully requests that the Court impose sanctions against Plaintiff Michael Miller and payable to the County for the reasonable attorneys' fees and costs incurred as a result of Miller's misconduct in defending this frivolous lawsuit, presently estimated to be at least $30,000.

Respectfully submitted,

McNEES WALLACE & NURICK LLC

By _____

Sarah Hyser-Staub
PA I.D. No. 315989
Lauren Anthony
PA I.D. No. 324557
100 Pine Street
Harrisburg, PA 17101
717-237-5473
717-237-5299
sstaub@mcneeslaw.com
lanthony@mcneeslaw.com

Dated: May 10, 2024          *Attorneys for Defendant Lancaster County*

**CERTIFICATE OF COMPLIANCE WITH WORD COUNT LIMITATION**

Pursuant to LR 7.8(b)(2) and subject to Fed. R. Civ. P. 11, I certify that the total word count of the foregoing brief filed on behalf of Lancaster County, exclusive of the caption, tables of authorities and contents, and signature block, is 4,363 words, as counted by the word count feature of the word processing system used to prepare the brief.

McNEES WALLACE & NURICK LLC

By _Sarah H Staub_

Sarah Hyser-Staub
PA I.D. No. 315989
Lauren Anthony
PA. I.D. No. 324557
100 Pine Street
Harrisburg, PA 17101
717-237-5473
717-237-5299
sstaub@mcneeslaw.com
lanthony@mcneeslaw.com

Dated: May 10, 2024