IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| Michael Miller       Petitioner, | Civ. No.: 1:24-CV-00014 |
|---|---|
| v. | |
| COUNTY OF LANCASTER, et. al.,       Respondents. | (Judge Jennifer P Wilson) (Magistrate Judge Martin C. Carlson) |

**BRIEF IN OPPOSITION TO MOTION FOR SANCTIONS**

Petitioner, Michael Miller ["Miller"], files this brief in opposition to Respondent, County of Lancaster's ["County"] motion to impose sanctions (Doc. 50, 51) against Miller, and in support states:

I. <u>**PROCEDURAL HISTORY**</u>

On January 4, 2024, Miller filed a "Petition for Declaratory Judgment and Injunctive Relief" ["Petition"] [Doc. 1]. On February 1, 2024, County filed a motion to dismiss (Doc. 9) the Petition. The motion seeks dismissal of the Petition under FRCP 12(b)(1) and FRCP 12(b)(6). On February 15, County filed brief. (Doc. 17). To date, a judge has not taken up County's objections. To date, County has not filed a responsive pleading. In the six months since the

1

Petition was filed, 52 documents have been filed by the parties. The court has held no hearings or conferences and made no rulings as to the Petition.

On April 16, 2024, County's attorney, Sarah Hyser-Staub ["Staub"], served Miller a Notice demanding that Miller withdraw his suit against County by May 7, 2024, at the threat of filing a motion for sanctions to fine him $25,000 payable to County for its legal fees. (Doc. 48-1)

On May 7, 2024, Staub, on behalf of County, filed a motion for sanctions against Miller. (Doc. 48) The motion requests the court issue a fine of $30,000 against Miller, payable to County for its legal fees. On May 10th, Staub filed a supporting brief. (Doc. 51).

## II. COUNTERSTATEMENT OF THE FACTS

Attorney Staub uses a section of her brief entitled "Relevant Factual and Procedural Background" to proffer assertions, conclusions, and mischaracterizations about Miller and his Petition, none of which constitutes facts before the court. Pursuant to LR 7.8, Miller labors in this section of his brief only to object to the court's 'deemed adoption' of all purported 'facts' in counsel's motion and brief. All assertions in County's motion and brief are unsworn statements of counsel. "Statements of counsel in their briefs or argument, while enlightening to the court, are not sufficient for purposes of

2

granting a motion to dismiss or summary judgment." *Trinsey v. Pagliaro, 229 F. Supp. 647 (E.D. Pa. 1964).*[1] Miller elects not to answer or argue Staub's unsworn assertions and arguments about him and his Petition in the context of his brief opposing her motion for sanctions.

## III. STATEMENT OF QUESTIONS INVOLVED

1. Should this Court impose sanctions on Miller pursuant to Federal Rule of Civil Procedure 11?

    *Suggested Answer: No.*

## IV. DISCUSSION

### 1. THE COURT LACKS JURISDICTION IN THIS MOTION.

#### i. Lack of Standing / Subject Matter Jurisdiction.

Attorney Staub lacks standing to maintain her motion for sanctions. The Supreme Court explained in *Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) @561*. "Over the years, our

---

[1] Counsel uses the "Relevant Factual and Procedural Background" section of her brief to argue against the Petition while *officially* objecting to the Petition in the form of a demurrer. In this manner, counsel sidesteps FRCP 8(b) and attempts to introduce her own facts to the court. She then briefs her assertions and evidently expects that the court and Miller treat her briefs as her client's responsive pleading, even filing for sanctions if she feels her material is dismissed. *See* Doc. 17, p. 2-7 and Doc. 51 p. 5-9. Miller previously objected to this tactic. *See* Doc. 24, p. 2.

3

cases have established that the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not `conjectural' or `hypothetical'. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly. . . trace[able] to the challenged action of the defendant, and not . . . the result of the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." "The party invoking federal jurisdiction bears the burden of establishing these elements. Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i. e., with the manner and degree of evidence required at the successive stages of the litigation."

      Counsel's motion demonstrates that she lacks standing in the instant motion. The motion and brief are signed by Staub, not her client. Staub is not an allegedly injured person. Neither is she a witness for an allegedly injured person. Neither does Staub have standing to maintain her motion on behalf of "taxpayers". *See* Doc 51, p.5. In fact, FRCP 5 does not state that a

government movant's attorney may maintain a Rule 11 motion for monetary sanctions against an opposing *pro se* litigant as a means to cancel his lawsuit. Staub cites no cases in which a similar motion was successful. For these reasons, the court must find that Staub lacks standing to maintain this motion, and accordingly that the court lacks jurisdiction.[2]

ii. **The Court Lacks Personal Jurisdiction in this Motion.**

Miller challenges the court's personal jurisdiction of the instant motion. The Supreme Court explained in *Lujan, 561*, "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim. In response to a summary judgment motion, however, the plaintiff can no longer rest on such "mere allegations," but must "set forth" by affidavit or other evidence "specific facts," Fed. Rule Civ. Proc. 56(e), which for purposes of the summary judgment motion will be taken to be true. And at the final stage, those facts (if controverted) must be "supported adequately by the evidence adduced at trial." Likewise, nothing in FRCP 11 or FRCP 5

---

[2] Miller neither admits that County has standing to bring this motion but reserves argument while the point is moot.

waives any requirement for answerable allegations by a party against another party to be made under oath.

Applicably, County's motion for sanctions is akin to a request for a restraining order by a person who lacks standing and without affidavit.[3] *See* FRCP 65(b). Miller objects and demands that any alleged matter against him involving his life, liberty, or property be served by affidavit of an injured party and subject to cross-examination. See *U.S. Const. art. 14, cl. 2*.

2. **THE MOTION'S CLAIMS IS NOT CONDUCT WITHIN THE SCOPE OF COURT'S INHERENT POWERS.**

County's motion fails to allege conduct that empowers the court to impose monetary sanctions against Miller to pay County's attorney fees. Nothing in the motion can be reasonably construed as "within the narrowly defined circumstances federal courts have inherent power to assess attorney's fees against counsel". In the United States, the 'American rule' holds that the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser. See *Alyeska Pipeline Service Co. v. Wilderness Society, 421 U. S. 240, 259 (1975)*.

---

[3] Counsel's motion differs from a restraining order in that not only deters Miller from pursuing his right to petition, but it would also fine him $30,000.

3. **THE COURT SHOULD STRIKE CONTENT IN THIS MOTION THAT IT FINDS TO BE SCANDALOUS, IMPERTINENT, OR IRRELEVANT TO A MOTION FOR SANCTIONS.**

Pursuant to FRCP 12(f), Miller demands that the court strike content in County's motion and brief that is scandalous, impertinent, or irrelevant to a Rule 11 motion.

4. **THE COURT SHOULD DETERMINE IF COUNTY'S MOTION WAS FILED FOR AN IMPROPER PURPOSE.**

Miller demands the court inquire into County's motion to determine if it was filed for an improper purpose. In *Smith v. Psychiatric Solutions, Inc., 750 F.3d 1253 (11th Cir. 2014) @ 1260,* the court held, "Rule 11 authorizes a court to sanction a party who submits a pleading for an improper purpose. Fed.R.Civ.P. 11(b)(1). "[T]he filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions." Ordinarily, this does not require a cross-motion for sanctions, since a court is authorized to award fees to a party that successfully opposes a Rule 11 sanctions motion. Thus, when a party files a Rule 11 motion for an improper purpose, the court may award fees to the target of the motion."

Also, see *Chambers v. Nasco, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) @ 47* wherein the Supreme Court held, "Rule 11…imposes an objective standard of reasonable inquiry which does not

mandate a finding of bad faith.")

Since a filer's knowledge, intent, and reasonableness is the crux of FRCP 11(b), the court should determine if County and Staub's filings are objectively reasonable, as follows:

First, the court should inquire into Staub's assertion that Miller filed this lawsuit "merely to harass, annoy, and 'vex' the County". She repeats this assertion in her filings. *See* Doc. 17, p.1; Doc. 48-1 p.3, Doc. 51 p.1, p.16. However, in the six months since the Petition was filed, neither Staub nor County has alleged any facts to support this claim. The court should demand that Staub supply facts demonstrating her making this claim against Miller was objectively reasonable. If she is unwilling or unable to do so, the court should strike the claim and determine if she violated FRCP 11(b)(3) when she filed documents containing this claim. ("the factual contentions have evidentiary support")

Second, Staub's motion foundationally asserts that "The Complaint is merely an attempt to relitigate the RTKL proceedings, which is insufficient both to state a claim and to establish subject matter jurisdiction in this Court." (*See* Doc. 17, p.9 and Doc 51 p.18). The court should demand that Staub supply facts to the court which demonstrate that making this claim was objectively reasonable. If Staub is unwilling or unable to do so, the

court should strike the claim and determine if Staub violated Rule 11(b)(3) when she filed these documents.

Third, Staub filed a brief on February 15, 2024 which argues that this court lacks jurisdiction of the Petition's subject matter. (Doc. 17) However, in her motion for sanctions, her argument depends upon the court having jurisdiction to fine Miller for things he wrote in briefs about the Petition's subject matter. The court should review these two filings to determine how Staub believed both these claims are warranted by law. If Staub is unwilling or unable to do so, the court should strike the claim and determine if Staub violated Rule 11(b)(2) when she filed these documents ("the claims, defenses, and other legal contentions are warranted by existing law").

5. **THE MOTION LACKS SPECIFICITY.**

The motion should be denied because it lacks the specificity required by FRCP 11(b) and FRCP 7(B)(1)(b). FRCP 11(c)(2) states that the motion "must describe the *specific* conduct that allegedly violates Rule 11(b)." Thus, general allegations of Rule 11 violations are insufficient. Further, FRCP 11(c)(6) requires the court's order granting a motion for sanctions to *specify* the violative conduct. Likewise, FRCP 7(B)(1)(b) requires a motion to contain *specific* grounds so as to not prejudice the defense. See

9

*Registration Control Systems v. Compusystems, Inc.*, 922 F.2d 805 (Fed. Cir. 1990) @ 808. ("The purpose of the particularity requirement in Rule 7 is to afford notice of the grounds and prayer of the motion to both the court and to the opposing party, providing that party with a meaningful opportunity to respond and the court with enough information to process the motion correctly.")

Applicably, County's motion violates the specificity requirements of FRCP 11 and FRCP 7. Counsel's motion does not specify what specific statements made by Miller she claims violate FRCP 11(b). It fails to show how sanction of Miller's conduct is necessary to deter repetition of the conduct, as required by FRCP 11. It fails to allege what conduct under FRCP 11(b) caused $30,000 in damages to the movant. The proposed order does not specifically describe the sanctioned conduct and explain the basis of the sanction. For these reasons, County's motion lacks specificity required for notice and Miller is prejudiced in his ability to respond due to this lack of specificity. Accordingly, the court should deny the motion.

6. **STANDARD OF PERFORMANCE UNDER FRCP 11.**

FRCP 11 requires the presumed knowledge of the filer to be considered. See 'Notes of Advisory Committee on Rules—1983

Amendment'. Miller is not an attorney and lacks access to resources and advice. Therefore, the court must hold to less stringent standards than formal pleadings drafted by lawyers. See *Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)*.

V.  **CONCLUSION**

This brief shows that the court should dismiss County's motion for sanctions. The movant lacks standing and therefore the court lacks jurisdiction. The motion is not made by affidavit, thus depriving Miller of service of process and the court of jurisdiction. The motion lacks specificity, thus depriving Miller of sufficient notice. Additionally, Miller is a not and attorney and may not be held to the same standard for his pleadings as a lawyer. On the other hand, the court should review Attorney Staub's and County's filing for concerns they violate FRCP 11. The court should also strike material in County's motion and brief that contains scandalous, impertinent, and irrelevant matter.

Respectfully Submitted:

*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd, Ste F, 246
Ephrata, Pennsylvania
(717) 388-0163
reaganfive@protonmail.com

Date: May 21, 2024

# **CERTIFICATE OF SERVICE**

I hereby certify that I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

Yarish, Mary Katherine
15th Floor, Strawberry Square
Attorney ID #328843
Harrisburg, PA 17120
Phone: (717) 783-6315
myarish@attorneygeneral.gov

Sarah Hyser-Staub
Lauren Anthony
McNees, Wallace, and Nurick LLC
100 Pine Street
Harrisburg, PA 17101
717-237-5473
sstaub@mcneeslaw.com


Respectfully Submitted,

/s/*Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania
717-388-0163
reaganfive@protonmail.com

Dated: May 21, 2024