IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| Michael Miller<br>Petitioner,<br><br>v.<br><br>COUNTY OF LANCASTER, ET. AL.,<br>Respondents. | Civ. No.: 1:24-CV-00014<br><br><br><br>(Judge Jennifer Wilson)<br>(Magistrate Judge Martin Carlson) |
|---|---|

**BRIEF IN SUPPORT OF MOTION TO DISPOSE JURISDICTION CHALLENGE (DOC. 56)**

Petitioner files this brief in support of his motion requesting the court dispose respondents' jurisdiction challenge (Doc. 56) and in support states:

## I. PROCEDURAL HISTORY

Petitioner filed a Petition for declaratory judgment on January 4, 2024. (Doc. 1). The Petition contains jurisdictional allegations. (Doc. 1, p. 1-2). On February 1, 2024, Respondent, County of Lancaster, filed objection to the Petition under 12(b)(1) and 12(b)(6). (Doc. 8). On February 9, 2024, Respondent, Office of Open Records, filed objection to the Petition under 12(b)(6). (Doc. 16).

## II. STATEMENT OF FACTS

The court has not disposed respondents' 12(b) objections. The court has issued other orders in this action. (Doc. 18, 19, 34, 35, 36, 37, 55).

1

## III. QUESTION INVOLVED

Should the district judge dispose of the 12(b) motions (Doc. 8, 16) without further delay?

Suggested Answer: *Yes*

## IV. LEGAL STANDARD

**FRCP 12(b)** "How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction;…(6) failure to state a claim upon which relief can be granted;"

**FRCP 12(a)(4)** "Effect of a Motion. Unless the court sets a different time, serving a motion under this rule alters these periods as follows: (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action;"

**FRCP 12(h)(3):** "Lack of Subject-Matter Jurisdiction. If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

**FRCP 1**: "Rule 1. Scope and Purpose: These rules govern the

procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

**FRCP 57:** "The court may order a speedy hearing of a declaratory-judgment action."

## V. ARGUMENT

1. **Jurisdiction:** If the court lacks subject matter jurisdiction, its only function remaining is to announce the fact. "The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties." *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982).* Absent a grant of subject-matter jurisdiction from Congress, a court "is powerless to act." *Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).* "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *(Schober v. Schober, No. 18-2510 (3d Cir. Jan. 24, 2019)* quoting *Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868)).*

Accordingly, if this court lacks subject matter jurisdiction, its only function remaining is that of announcing the fact and dismissing the cause.

### 2. The "Speedy" Mandate

The court's delay in disposing respondents' 12(b) objections is inconsistent with the "speedy" mandates in FRCP 1 and FRCP 57 and the standard for efficiency in resolving FRCP 12(b) objections. These rules plainly (nor this court's local rules for briefing schedules) suggest the timespan here. The objection was made 138 days ago and yet the court has not disposed it. Presumably, 138 days (and counting) is inconsistent with FRCP 1's definition of "speedy". Moreover, it is neither just nor inexpensive for the court to delay determining its own jurisdiction in the subject matter of the Petition. Quite the opposite, it is prejudicial to the Petitioner's cause and rights to due process in a court with jurisdiction. "Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them." *Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).*

## VI. <u>CONCLUSION</u>

This brief shows that the court should dispose the longstanding 12(b)

objections without further delay and according to Petitioner's motion. The court's actions are invalid if it lacks jurisdiction. Delaying determination of jurisdiction is not reasonably sanctioned by FRCP 1 of FRCP 57. The court's only function remaining is to announce the fact. The judge should do so in accordance with the proposed order in this motion.

Respectfully Submitted:

*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd, Ste F, 246
Ephrata, Pennsylvania 17522
(717) 388-0163
reaganfive@protonmail.com

Date: June 18, 2024

# CERTIFICATE OF SERVICE

I hereby certify that I have this day caused to be served a copy of this document on all parties or counsel by operation of the Court's electronic filing system.

Yarish, Mary Katherine
15th Floor, Strawberry Square
Attorney ID #328843
Harrisburg, PA 17120
Phone: (717) 783-6315
myarish@attorneygeneral.gov

Sarah Hyser-Staub
PA I.D. No. 315989
Lauren Anthony
McNees, Wallace, & Nurick
100 Pine Street
Harrisburg, PA 17101
717-237-5473
sstaub@mcneeslaw.com

Respectfully Submitted,

/s/*Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania
717-388-0163
reaganfive@protonmail.com

Dated: June 18, 2024