IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| Michael Miller<br>　　　Petitioner,<br>v.<br><br>COUNTY OF LANCASTER, ET. AL.,<br>　　　Respondents. | Civ. No: 1:24-CV-00014<br><br><br><br>(District Judge Jennifer P. Wilson)<br>(Magistrate Judge Martin C. Carlson) |
|---|---|

**PETITIONER'S APPEAL AND BRIEF IN OPPOSITION TO MAGISTRATE'S RECOMMENDATIONS (DOC. 59)**

Michael Miller, ["Petitioner"] files this appeal and brief in objection to Magistrate Carlson's recommendations in Doc. 59, p.17. The basis for the objections is that the recommendations are contrary to law. A *de novo* review is demanded pursuant to 28 USC § 636(b)(1)(C).

## I.　PROCEDURAL HISTORY

On January 4, 2024, Miller filed a petition. (Doc. 1) On February 1, 2024, County's counsel filed an objection under FRCP 12(b)(1) and 12(b)(6). (Doc. 8). On February 9, 2024, respondent Office of Open Records ["OOR"] filed an objection under FRCP 12(b)(6). (Doc. 16). On April 10th, the parties declined Magistrate Carlson's jurisdiction. On June 20, 2024, Magistrate Carlson filed his second 'Report and Recommendations' ["R&R"] in this action. (Doc. 59) The R&R advises the district judge to grant the government respondents' FRCP

12(b)(1) and 12(b)(6) objections and to dismiss the petition. In the alternative to dismissal, the R&R recommends a transfer of venue to the Eastern District. (Doc 59, p.3).

II. **LEGAL STANDARD**

1. **FRCP 12(b)(6)**

*Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008)* at 234-234 describes the requirements of FRCP 8(a) and summarily states: "The Supreme Court's *Twombly* formulation of the pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element…There must be some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation."

2. **FRCP 12(b)(1)**:

The respondents 12(b)(1) is in the nature of a facial attack. The legal standard for granting a facial challenge assumes that the allegations of the complaint are true but contends that the pleadings fail to present an action within the court's

jurisdiction. *Mortensen v. First Federal Sav. and Loan Ass'n, 549 F.2d 884 (3d Cir. 1977) at 891*. Such a motion should only be granted if it appears with certainty that the court's assertion of jurisdiction would be improper." *Ridge v. Campbell, 984 F. Supp. 2d 364 (M.D. Pa. 2013)* [underline added for emphasis]

**3. Transfer of Venue**:

"A party waives the right to challenge venue if he fails to raise that defense either in his responsive pleading or in a motion to dismiss under Fed.R.Civ.P. 12(b)(3). Fed.R.Civ.P. 12(h)(1)…At any time before the defendants waive the defense of improper venue, a district court may raise on its own motion an issue of defective venue…The district court did not raise the defense of improper venue before [defendants] waived that issue…In light of the defendants' waiver, it was error for the district court to order [Plaintiff] to show cause…" *Stjernholm v. Peterson, 83 F.3d 347 (10th Cir. 1996).*[1]

**4. 28 USC 636(b)(1)(A)**:

"Notwithstanding any provision of law to the contrary a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for

---

[1] Magistrate Carlson cites this case in support. See Doc. 36.

summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, <u>to dismiss for failure to state a claim upon which relief can be granted</u>, and to <u>involuntarily dismiss an action</u>. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." [Underline added for emphasis].

### III. <u>OBJECTIONS TO RECOMMENDATIONS</u>

**1. Recommendation to Grant 12(b)(1) Motion (Doc 59, p.17)**

Miller objects to the recommendation to grant respondents' 12(b)(1) motion(s) on procedural and meritorious grounds. As to procedure, according to 28 USC 636(b)(1)(A), a 12(b)(1) motion is not assignable to the magistrate's review. ["except a motion to…involuntarily dismiss an action"]. Granting 12(b)(1) results in involuntary dismissal of Miller's action. Miller objects that this recommendation is not authorized by the statute and thus contrary to law.

Secondly, Miller objects to this recommendation's lack of specificity. In Doc. 59, p.3, the report states that the recommendation is to grant motions contained in "Doc. 8, 16." however, the report rarely if ever identifies which of its recommendations/arguments apply to which respondent's 12(b) motion.

Miller objects on grounds that insufficient notice and lack of specificity for the grounds of its recommendations prejudice his defense.

Third, Miller objects that the recommendation does not meet the legal standard for granting a 12(b)(1) motion. The recommendation says it addresses Doc. 8, which raises a 12(b)(1) objection ["lack of subject-matter jurisdiction"], however the recommendation is not premised on this objection, but rather on discretion to decline to exercise jurisdiction it actually has. Moreover, Doc. 16 does not even raise a 12(b)(1) objection. Miller objects to this lack of grounds and specificity.

Relatedly, granting the 12(b)(1) motion means that the court determined it "*lacks* subject-matter jurisdiction" but the legal standard for granting a 12(b)(1) objection is different than the five-factor standard for declining jurisdiction on a discretionary basis. Therefore, the magistrate's arguments about discretion, even if correct, do not apply to, nor establish sufficient grounds for, granting the 12(b)(1) motion because it requires review of matters outside the pleadings; therefore, the magistrate erred in considering them in a facial challenge. *Id*. Miller objects to the lack of grounds.

Fourth, as to merits, the recommendation is falsely premised on the magistrate's claim that Miller has a 'parallel proceeding' in state court. The magistrate appeals to support for this claim from *Brillhart v. Excess Ins. Co. of*

*America*, 316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942), but support from *Brillhart* is wanting. *Brillhart* said, "The motion rested upon the claim that, since another proceeding was pending in a state court in which all the matters in controversy between the parties could be fully adjudicated, a declaratory judgment in the federal court was unwarranted." That is not the case here and therefore the *Brillhart* facts are inapposite.

In *Wilton v. Seven Falls Co., 515 U.S. 277, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995), 290,* the Court clarified the inapplicability of *Brillhart* in actions without parallel proceedings, holding: "We do not attempt at this time to delineate the outer boundaries of that discretion in other cases, for example, cases raising issues of federal law or cases in which there are no parallel state proceedings. Like the Court of Appeals, we conclude only that the District Court acted within its bounds in staying this action for declaratory relief where parallel proceedings, presenting opportunity for ventilation of the same state law issues, were underway in state court."

Miller's petition is not a parallel proceeding because it raises federal questions for which there are no actions in state court. Indeed, Miller seeks relief under state law in state courts and different relief under federal law in federal court. Neither *Wilton, Brillhart,* nor any other holding case Miller could identify, advises a district court to decline jurisdiction of a declaratory judgment

action and a constitutional challenge to a state law in federal court because the petitioner also maintains a mandamus action pursuant to state law in state court. Such is the case here.

Accordingly, "The absence of pending parallel state proceedings militates significantly in favor of exercising jurisdiction. In this circumstance, as part of exercising sound and reasoned discretion, district courts declining jurisdiction should be rigorous in ensuring themselves that the lack of pending parallel state proceedings is outweighed by opposing factors." *Reifer v. Westport Ins. Corp., 751 F.3d 129 (3d Cir. 2014).*

The six-month history of filings in this action show that the court has not been rigorous in weighing opposing factors. Quite the opposite, they show that the magistrate judge and respondents persist in mischaracterizing Miller's petition as a parallel proceeding when it is not. (Doc. 17, Doc. 21, Doc. 59). Miller persists in objecting and defending his petition.


2. **Recommendation to Grant Respondents' 12(b)(6) objections (Doc 59 p.17)**

Miller objects to the magistrate's recommendation to grant respondents' 12(b)(6) motion. First, he objects on grounds that according to 28 USC 636(b)(1)(A) a judge may not assign a 12(b)(6) motion to the magistrate. *Id.* ["except a motion to… to dismiss for failure to state a claim upon which relief

can be granted"]. Therefore, Miller contends the recommendation is contrary to the statute.

Second, the recommendation is not rooted in the legal standard for sustaining a 12(b)(6) objection. *Id.* The R&R does not specifically state which part of the "three-step" legal standard for a 12(b)(6) motion is violated by the Petition. Pursuant to FRCP 7, Miller objects to the lack of specificity and grounds for granting the motion.

Third, Miller objects on grounds the recommendation is fallacious. Even if the court had discretion to decline jurisdiction, it does not mean that the court *may* (or may not) grant relief or that the petition itself is deficient according to the legal standard for granting a 12(b)(6) motion. Contrarily, the court *may* grant relief because Congress and the Constitution say that it may and the petition does not fail to state claims and relief that the court may grant.

For these reasons, Miller objects that the recommendation fails to establish that respondent's 12(b)(6) may be granted. Even if it had, the magistrate errors in recommending dismissal instead of granting Miller opportunity to amend. *Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), 521*.

## 3. Objection to Recommendation to Transfer Venue (Doc 59, p.17)

Miller objects to the recommendation to transfer venue because according to 28 USC 636(b)(1)(A), a venue change is not expressly named as an issue assignable to the magistrate judge.

Additionally, Miller objects on grounds the recommendation is contrary to the legal standard for raising this issue. *Id*. Venue in the Middle District was decided by the parties as explained in Doc. 36, 41, 42, 43. The court is not authorized to raise the issue sua sponte at this stage of litigation.

## 4. Objections to Proceedings under 28 USC 636.

First, as stated, 28 USC 636(b) does not expressly permit a judge to refer a magistrate judge 12(b)(1) or 12(b)(6) motions. Miller objects on grounds the recommendation is contrary to 28 USC 636(b).

Second, the court's manner of applying 28 USC 636(b) in his action is prejudicial to Miller. Unlike the parties' motions and briefs, which address one issue at a time, the R&R is effectively an omnibus motion that makes five recommendations (which are effectively motions) and briefs in a single 'report'. Miller has objected to all five of these motions, but because of the R&R, is coerced into writing this omnibus brief in 14 days or else waive all these objections. The report frequently does not specify which of its arguments

support which recommendation and which recommendation supports granting which motion. Additionally, the magistrate's recommendations are not responsive to, or even expressly agreed with, the underlying motions, prejudicing Miller's ability to object, i.e., must he to object to the recommendation, or must he to object to the merits motion it would grant? Miller objects to this insufficient notice of and vagueness.

Third, this scheme is prejudicial against Miller because, after the government respondents' motions were fully briefed, the magistrate effectively rewrote their motions, yet Miller must start over writing his objections (or else waive them). Relatedly, the judge's order affirming the previous R&R shows that if she decides that Miller's objections restate objections from his prior briefs, she disqualifies them from *de novo* review as "considered generalized". (Doc. 55) Miller objects on grounds of prejudice, lack of notice, and arbitrary and capricious rulemaking.

For these reasons, Miller objects to this proceeding. Miller is not an attorney and reasonably does not have the time, resources, or knowledge for extraneous litigation, and he objects to the prejudicial nature of this court's proceedings under 28 USC 636.

## IV. **CONCLUSION**

The R&R's recommendations to grant the respondents 12(b) objections are contrary to law, both procedurally and on the merits. Procedurally, 28 USC 636 does not authorize the magistrate to make these recommendations. Even if it did, the standard applied is either inapplicable (as in the case for 12(b)(1) because the petition has no parallel proceeding in state court, or it is not reasonably established, as is the case under 12(b)(6). The recommendation to transfer venue is also contrary to law because the court may not raise the issue sua sponte. Finally, Miller objects to the court's prejudicial practices and capricious rulemaking under 28 USC 636(b).

Respectfully Submitted:

*/s/ Michael Miller*
Michael Miller
108 North Reading Road, Ste F, 246
Ephrata, PA 17522
(717) 388-0163
reaganfive@protonmail.com

Date: July 4, 2024

# CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by e-service a true and correct copy of the foregoing document to the following named parties or their counsel:

| | |
|---|---|
| Yarish, Mary Katherine<br>Pennsylvania Attorney General<br>15th Floor, Strawberry Square<br>Attorney ID #328843<br>Harrisburg, PA 17120<br>Phone: (717) 783-6315<br>myarish@attorneygeneral.gov | Sarah Hyser-Staub<br>McNees Wallace and Nurick LLC<br>PA I.D. No. 315989<br>100 Pine Street<br>Harrisburg, PA 17101<br>717-237-5473<br>sstaub@mcneeslaw.com |
| | Lauren Anthony<br>McNees Wallace and Nurick LLC<br>100 Pine St<br>Harrisburg, PA 17101<br>717-237-5299<br>lanthony@mcneeslaw.com |
| | Respectfully Submitted,<br><br>/s/*Michael Miller*<br>Michael Miller<br>108 N. Reading Rd., Ste F, 246<br>Ephrata PA 17522<br>717-388-0163 |
| Dated: July 4, 2024 | reaganfive@protonmail.com |