UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL MILLER, | : | No. 1:24-cv-00014-JPW-MCC |
| Plaintiff, | : | |
| | : | |
| v. | : | (Judge Wilson) |
| | : | (Magistrate Judge Carlson) |
| COUNTY OF LANCASTER, *et al.*, | : | |
| Defendants. | : | (Electronically filed) |

## DEFENDANT COUNTY OF LANCASTER'S BRIEF IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION

Defendant County of Lancaster (the "County"), by and through its undersigned counsel, submits this brief in opposition to Plaintiff Michael Miller ("Miller")'s objections (Doc. No. 60) to the June 20, 2024 Report and Recommendation issued by Magistrate Judge Carlson recommending dismissal of this action (Doc. No. 59). The County respectfully requests that this Court overrule Miller's objections, adopt the Report and Recommendation, and dismiss the above-captioned action with prejudice.

**I.  INTRODUCTION**

As the County previously discussed at length in its papers filed in support of its Motion to Dismiss (Doc. Nos. 17, 31), Miller's Complaint warrants dismissal both because of a lack of subject matter jurisdiction and because Miller fails to state a claim upon which relief may be granted. The County generally agrees with the conclusions set forth in the subject Report and Recommendation, which this Court should adopt for the reasons set forth therein and also for the reasons

previously advanced in the County's motion papers. For the sole purpose of addressing Miller's objections to the Report and Recommendation, the County writes briefly *infra* to note its opposition to various points made by Miller.

## II. RELEVANT BACKGROUND

Miller initiated this action in January of this year by filing a *pro se* Complaint against the County and the Commonwealth of Pennsylvania Office of Open Records ("OOR"), in connection with proceedings under Pennsylvania's Right-to-Know Law ("RTKL") to which Miller is a party. (Doc. No. 1). In sum, Miller takes issue with the outcome of those RTKL proceedings in the state court system through which he sought access to certain election-related records pertaining to an election in Pennsylvania in which he unsuccessfully ran for office and has attempted to use this Complaint in federal court to challenge the outcome of the RTKL proceedings. *See generally id.*

Both the County and OOR filed Motions to Dismiss the Complaint, with the OOR asserting Rule 12(b)(6) as a basis for dismissal and the County citing both Rules 12(b)(1) and 12(b)(6) as grounds for dismissal. (Doc. Nos. 8, 16). On June 20, 2024, Magistrate Judge Carlson issued a Report and Recommendation in which he recommended that the motions to dismiss be granted, or in the alternative, that any surviving claims asserted by Miller be transferred to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

(Doc. No. 59). Miller filed objections to the Report and Recommendation on July 4, 2024. (Doc. No. 60).

For the reasons discussed in more detail below, the County respectfully requests that this Court overrule Miller's objections, adopt the Report and Recommendation, and dismiss this action with prejudice.

## III. STATEMENT OF THE QUESTION INVOLVED

Should this Court overrule Miller's objections to the Report and Recommendation?

*Suggested Answer*: Yes

## IV. ARGUMENT

Miller advances various points in his objections to the Report and Recommendation, none of which are persuasive. The County responds briefly to Miller's objections topically below.

### A. Miller's Objection to "Recommendation to Grant 12(b)(1) Motion"

Initially, Miller states that a magistrate judge lacks authority to review the pending motions to dismiss because they are not "assignable" to a magistrate judge. (Doc. No. 60 at 4). This argument lacks merit because, under 28 U.S.C. § 636(b)(1)(B), even where a magistrate judge may not be permitted to decide a matter under Section (b)(1)(A), a district judge may nonetheless assign a matter to a magistrate judge to conduct hearings and submit a recommendation for

3

disposition by the District Court. *See* 28 U.S.C. § 636(b)(1)(B) ("[A] judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A) . . . ."). Miller ignores this portion of the statute, and thus his arguments regarding assignability lack merit.

Miller makes general complaints regarding an alleged lack of specificity in the Report and Recommendation, but cites no case law or other authority in support of his point. (Doc. No. 60 at 4-5). A Court may decline jurisdiction under the Declaratory Judgment Act *sua sponte*. *See i2i Optique LLC v. Valley Forge Ins. Co.*, 515 F. Supp. 3d 358, 361 (E.D. Pa. 2021) (citing authority in support of proposition that "[c]ourts may decline jurisdiction under the Declaratory Judgment Act" and noting case law where courts declined jurisdiction *sua sponte*). There is simply no basis for Miller's objection on this front.

Finally, with respect to Miller's assertions regarding parallel proceedings (Doc. No. 60 at 5-6), Miller overlooks the point that he is effectively asking for this Court to make decisions under Pennsylvania's Right-to-Know Law ("RTKL"), which federal courts lack subject matter jurisdiction to do because the RTKL does not give rise to a cause of action in federal court. Indeed, as the County previously pointed out and discussed in detail, Miller's Complaint does not raise a federal

4

question.[1] And from a factual standpoint, Miller's assertion on this front is inaccurate—Miller's Complaint does not seek relief different from that which he appears to have sought from the state courts in connection with his RTKL proceedings, which involved access to certain election-related records. *See generally* Doc. No. 1 (Miller's Complaint); Doc. No. 17 at 2-6 (describing factual background of case in connection with the County's brief in support of its Motion to Dismiss).

Consequently, the Court should reject these arguments and overrule Miller's objection on this point.

### B. Miller's Objection to "Recommendation to Grant Respondents' 12(b)(6) [O]bjections"

Miller's second objection to the Report and Recommendation also lacks merit. First, Miller generally appears to fixate on Rule 12(b)(6), but the Report and Recommendation is largely premised on Rule 12(b)(1) as a basis for dismissal. Further, while Miller maintains that a magistrate judge cannot make a recommendation as to a Rule 12(b)(6) motion, such an argument contravenes standard practices of the federal courts and overlooks 28 U.S.C. § 636(b)(1)(B), as discussed above.

---

[1] The County discussed this point and cited authority in support of this notion in its earlier briefing on its Motion to Dismiss and its Motion for Sanctions under Federal Rule of Civil Procedure 11. (Doc. Nos. 17 at 9-12; 31 at 3-4; 51 at 16 n.3).

Miller also suggests that "[e]ven if the court had discretion to decline jurisdiction, it does not mean that the court may (or may not) grant relief or that the petition itself is deficient according to the legal standard for granting a 12(b)(6) motion." (Doc. No. 60 at 8). This argument is nonsensical—a court may obviously decline to order relief if it declines to exercise jurisdiction over a given matter, as Magistrate Judge Carlson recommends here.

For these reasons, the County respectfully asks this Court to overrule Miller's objection on this front.

### C. Miller's Objection to "Recommendation to Transfer Venue"

Miller again advances meritless objections with respect to the Magistrate Judge's recommendation on venue by suggesting that "a venue change is not expressly named as an issue assignable to the magistrate judge." (Doc. No. 60 at 9). Miller is incorrect for several reasons. Under 28 U.S.C. § 636, a magistrate judge can hear any pretrial matter pending before the court, and such matter need not be expressly listed. Moreover, again, even the matters excepted under section (A) are permitted pursuant to Section (B) if a district judge so designates, which is what has occurred in the instant case. *See* 28 U.S.C. § 636(b)(1)(B); *see also* Verbal Order dated April 11, 2024 (referring action to Magistrate Judge Carlson) *and* Doc. No. 55 (June 5, 2024 Order referring case back to Magistrate Judge Carlson for pretrial management).

Miller's argument also lacks merit because a court may raise the issue of venue *sua sponte*. *See, e.g.*, *Schwager v. Keith*, No. 1:23-CV-01732, 2023 WL 8008352, at *1 (M.D. Pa. Oct. 24, 2023), *report and recommendation adopted*, No. 1:23-CV-01732, 2023 WL 8005299 (M.D. Pa. Nov. 17, 2023) (stating that "[w]hile improper venue may be waived, judges in this Circuit have repeatedly concluded that venue considerations may be raised *sua sponte*" and that "[w]e are permitted to raise the issue of an apparent lack of venue *sua sponte*, provided the court gives a plaintiff adequate notice of its concerns and an opportunity to be heard on the issue" (citations omitted)).

Notably, Miller advances no argument that venue in the Eastern District of Pennsylvania would actually be improper. Accordingly, this Court should overrule Miller's objection regarding venue.

### D. Miller's "Objections to Proceedings [U]nder 28 U.S.C. § 636"

In this section of his filing, Miller continues to advance meritless objections regarding what matters may be delegated to a magistrate judge, all of which are incorrect for reasons previously discussed above. Furthermore, to the extent Miller disputes the responsiveness of the Report and Recommendation to the arguments in the parties' motion papers, such an argument does not warrant departing from the Report and Recommendation because a court may raise the concept of declining jurisdiction under the Declaratory Judgment Act *sua sponte*, as discussed

7

*supra*. In sum, Miller ignores established procedures for assigning matters to magistrate judges and fails to put forth any objection that is meritorious.

As a result, the Court should overrule this objection for lack of merit, as well.

**V.   CONCLUSION**

Defendant County of Lancaster respectfully requests that this Court overrule Miller's objections, adopt the Report and Recommendation, and dismiss the above-captioned action with prejudice.[2]

                                       Respectfully submitted,

                                       McNEES WALLACE & NURICK LLC

                                       By *Sarah H Staub*

                                            Sarah Hyser-Staub
                                            PA I.D. No. 315989
                                            Lauren Anthony
                                            PA I.D. No. 324557
                                            100 Pine Street
                                            Harrisburg, PA 17101
                                            717-237-5473
                                            717-237-5299
                                            sstaub@mcneeslaw.com
                                            lanthony@mcneeslaw.com

Dated: July 18, 2024                     *Attorneys for Defendant Lancaster County*

---

[2] The Report and Recommendation does not explicitly address whether the dismissal should be with or without prejudice. On this point, the County notes its earlier request that the Court dismiss the action with prejudice because no amendment would cure the deficiencies that plague Miller's Complaint. (Doc. No. 17 at 12-13, n.4). Accordingly, the County respectfully reiterates this request herein and asks that, if this Court adopts the Report and Recommendation and decides to dismiss the Complaint, that it dismiss the Complaint with prejudice.

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the foregoing document on all parties and/or counsel of record by operation of the Court's electronic filing system.

McNEES WALLACE & NURICK LLC

By *Sarah H Staub*
Sarah Hyser-Staub
PA I.D. No. 315989
Lauren Anthony
PA I.D. No. 324557
100 Pine Street
Harrisburg, PA 17101
717-237-5473
717-237-5299
sstaub@mcneeslaw.com
lanthony@mcneeslaw.com

Dated: July 18, 2024

*Attorneys for Defendant Lancaster County*

Unpublished Decision

2023 WL 8008352
Only the Westlaw citation is currently available.
United States District Court, M.D. Pennsylvania.

Brian C. SCHWAGER, Plaintiff,
v.
Ms. Jessica KEITH, et al., Defendants.

CIVIL NO: 1:23-CV-01732
|
Signed October 24, 2023

**Attorneys and Law Firms**

Brian Charles Schwager, Norristown, PA, Pro Se.

**REPORT AND RECOMMENDATION**

Susan E. Schwab, United States Magistrate Judge

 *1  Plaintiff Brian C. Schwager began this action by filing a complaint on October 18, 2023. He also filed an application to proceed *in forma pauperis*. Schwager is currently at the Norristown State Hospital. He names as defendants Jessica Keith, who is the Chief Executive Officer of the Norristown State Hospital, and G. Chesney, a director at the Montgomery County Correctional Facility ("MCCF"). Schwager's claims are not clear, but he appears to be complaining about events and/or conditions at the Norristown State Hospital and the MCCF.[1]

28 U.S.C. § 1391(b), which is the general venue statute, provides that a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, Schwager has sued defendants who work in Montgomery County, and there are no allegations in the complaint to suggest that either of the defendants resides in the Middle District of Pennsylvania. Further, the events or omissions giving rise to Schwager's claims appear to have occurred in Montgomery County, which, as noted above, is in the Eastern District of Pennsylvania. Therefore, Schwager's claims fall within the venue of the United States District Court for the Eastern District of Pennsylvania, and the claims are not properly brought in the Middle District of Pennsylvania, which has no apparent connection to the claims or the defendants.

"While improper venue may be waived, judges in this Circuit have repeatedly concluded that venue considerations may be raised sua sponte." *Guess v. Bureau of Prisons*, No. 4:CV-16-385, 2016 WL 1242363, at *2 (M.D. Pa. Mar. 30, 2016) (citing cases). We are permitted to raise the issue of an apparent lack of venue *sua sponte*, provided the court gives a plaintiff adequate notice of its concerns and an opportunity to be heard on the issue. *Guyton v. Lappin*, No. 3:11-CV-1390, 2011 WL 7430063, at *4 (M.D. Pa. 2011), *report and recommendation adopted*, 2012 WL 511571, at *6 (M.D. Pa. Feb. 15, 2012). Through the filing of this Report and Recommendation, we are providing notice to Schwager that these claims and defendants are not properly brought in this district. *See Davis v. Wetzel*, No. 4:21-CV-826, 2021 WL 3563101, at *3 (M.D. Pa. June 23, 2021) (stating that while a magistrate judge has "the authority to enter an order transferring this case, acting out of an abundance of caution, and in order to allow [the plaintiff] to lodge any objection to this proposed case transfer, we are addressing this venue and transfer issue through a Report and Recommendation to the assigned district judge" and observing that "[i]n this way, [the plaintiff] is given notice of the proposed transfer and is afforded the opportunity to lodge any objections he may have to this course of action"), *report and recommendation adopted*, 2021 WL 3545296, at *1 (M.D. Pa. Aug. 11, 2021); *Cruz v. Allegheny Cnty. Jail*, No. 1:21-CV-00344, 2021 WL 1098470, at *1 (M.D. Pa. Mar. 2, 2021) ("Through the filing of this Report and Recommendation, we are providing notice to Cruz that these claims and defendants are not properly brought in this district."), *report and recommendation adopted*, 2021 WL 1087664, at *1 (M.D. Pa. Mar. 22, 2021); *Bell v. Blue Hen Spring Works Inc.*, No. 1:15-CV-01753, 2016 WL 2587126, at *2 (M.D. Pa. Apr. 14, 2016) (stating that "this Report and Recommendation functions as sufficient notice to the Plaintiff that the Court is considering *sua sponte* transfer of

this action for improper venue, as the claims and Defendants are not properly brought in this judicial district"), *report and recommendation adopted*, 2016 WL 2347188, at *1 (M.D. Pa. May 4, 2016).

**\*2** When a case has been brought against defendants in the wrong venue, the court may either dismiss that action "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C.A. § 1406(a). Here, since the complaint reveals that venue does not lie in this district, but it does lie in the Eastern District of Pennsylvania, the court should enter an order transferring this case to the United States District Court for the Eastern District of Pennsylvania. Doing so will ensure that venue is proper and operate to protect Schwager's rights. In other words, transferring this case to the Eastern District of Pennsylvania would be in the interest of justice.

Based on the foregoing, it is recommended that the court transfer this case to the United States District Court for the Eastern District of Pennsylvania. It is further recommended that decision on Schwager's application to proceed *in forma pauperis* be deferred to the transferee court.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 24th day of October, 2023.

**All Citations**

Slip Copy, 2023 WL 8008352

---

### Footnotes

| | |
|---|---|
| 1 | Both the Norristown State Hospital and the MCCF are located in Montgomery County, Pennsylvania, which is in the Eastern District of Pennsylvania. *See* 28 U.S.C. § 118(a) (listing Montgomery County as one of the counties that constitutes the Eastern District of Pennsylvania). |