2023 WL 8008352
Only the Westlaw citation is currently available.
United States District Court, M.D. Pennsylvania.

Brian C. SCHWAGER, Plaintiff,
v.
Ms. Jessica KEITH, et al., Defendants.

CIVIL NO: 1:23-CV-01732
|
Signed October 24, 2023

**Attorneys and Law Firms**

Brian Charles Schwager, Norristown, PA, Pro Se.

### REPORT AND RECOMMENDATION

Susan E. Schwab, United States Magistrate Judge

 *1  Plaintiff Brian C. Schwager began this action by filing a complaint on October 18, 2023. He also filed an application to proceed *in forma pauperis*. Schwager is currently at the Norristown State Hospital. He names as defendants Jessica Keith, who is the Chief Executive Officer of the Norristown State Hospital, and G. Chesney, a director at the Montgomery County Correctional Facility ("MCCF"). Schwager's claims are not clear, but he appears to be complaining about events and/or conditions at the Norristown State Hospital and the MCCF.[1]

28 U.S.C. § 1391(b), which is the general venue statute, provides that a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, Schwager has sued defendants who work in Montgomery County, and there are no allegations in the complaint to suggest that either of the defendants resides in the Middle District of Pennsylvania. Further, the events or omissions giving rise to Schwager's claims appear to have occurred in Montgomery County, which, as noted above, is in the Eastern District of Pennsylvania. Therefore, Schwager's claims fall within the venue of the United States District Court for the Eastern District of Pennsylvania, and the claims are not properly brought in the Middle District of Pennsylvania, which has no apparent connection to the claims or the defendants.

"While improper venue may be waived, judges in this Circuit have repeatedly concluded that venue considerations may be raised sua sponte." *Guess v. Bureau of Prisons*, No. 4:CV-16-385, 2016 WL 1242363, at *2 (M.D. Pa. Mar. 30, 2016) (citing cases). We are permitted to raise the issue of an apparent lack of venue *sua sponte*, provided the court gives a plaintiff adequate notice of its concerns and an opportunity to be heard on the issue. *Guyton v. Lappin*, No. 3:11-CV-1390, 2011 WL 7430063, at *4 (M.D. Pa. 2011), *report and recommendation adopted*, 2012 WL 511571, at *6 (M.D. Pa. Feb. 15, 2012). Through the filing of this Report and Recommendation, we are providing notice to Schwager that these claims and defendants are not properly brought in this district. *See Davis v. Wetzel*, No. 4:21-CV-826, 2021 WL 3563101, at *3 (M.D. Pa. June 23, 2021) (stating that while a magistrate judge has "the authority to enter an order transferring this case, acting out of an abundance of caution, and in order to allow [the plaintiff] to lodge any objection to this proposed case transfer, we are addressing this venue and transfer issue through a Report and Recommendation to the assigned district judge" and observing that "[i]n this way, [the plaintiff] is given notice of the proposed transfer and is afforded the opportunity to lodge any objections he may have to this course of action"), *report and recommendation adopted*, 2021 WL 3545296, at *1 (M.D. Pa. Aug. 11, 2021); *Cruz v. Allegheny Cnty. Jail*, No. 1:21-CV-00344, 2021 WL 1098470, at *1 (M.D. Pa. Mar. 2, 2021) ("Through the filing of this Report and Recommendation, we are providing notice to Cruz that these claims and defendants are not properly brought in this district."), *report and recommendation adopted*, 2021 WL 1087664, at *1 (M.D. Pa. Mar. 22, 2021); *Bell v. Blue Hen Spring Works Inc.*, No. 1:15-CV-01753, 2016 WL 2587126, at *2 (M.D. Pa. Apr. 14, 2016) (stating that "this Report and Recommendation functions as sufficient notice to the Plaintiff that the Court is considering *sua sponte* transfer of

this action for improper venue, as the claims and Defendants are not properly brought in this judicial district"), *report and recommendation adopted*, 2016 WL 2347188, at *1 (M.D. Pa. May 4, 2016).

**\*2** When a case has been brought against defendants in the wrong venue, the court may either dismiss that action "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C.A. § 1406(a). Here, since the complaint reveals that venue does not lie in this district, but it does lie in the Eastern District of Pennsylvania, the court should enter an order transferring this case to the United States District Court for the Eastern District of Pennsylvania. Doing so will ensure that venue is proper and operate to protect Schwager's rights. In other words, transferring this case to the Eastern District of Pennsylvania would be in the interest of justice.

Based on the foregoing, it is recommended that the court transfer this case to the United States District Court for the Eastern District of Pennsylvania. It is further recommended that decision on Schwager's application to proceed *in forma pauperis* be deferred to the transferee court.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 24th day of October, 2023.

**All Citations**

Slip Copy, 2023 WL 8008352

---

### Footnotes

| | |
|---|---|
| 1 | Both the Norristown State Hospital and the MCCF are located in Montgomery County, Pennsylvania, which is in the Eastern District of Pennsylvania. *See* 28 U.S.C. § 118(a) (listing Montgomery County as one of the counties that constitutes the Eastern District of Pennsylvania). |