IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL MILLER, | : | |
| Plaintiff | : | No. 1:24-CV-00014 |
| | : | |
| v. | : | Judge Wilson |
| | : | |
| COUNTY OF LANCASTER *and* | : | Electronically Filed Document |
| OFFICE OF OPEN RECORDS, | : | |
| Defendants | : | *Complaint Filed 01/04/24* |

## DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S OBJECTIONS (DOC. 60) TO THE REPORT & RECOMMENDATION (DOC. 59)

Defendant the Office of Open Records (Defendant or OOR), through counsel, hereby files this Brief in Opposition to Plaintiff's Objections, (Doc. 60), to the Report and Recommendation, (Doc. 37), pursuant to Local Rules 7.6, 72.2, and 72.3. Plaintiff's general Objections should be overruled and this Court should adopt the Report and Recommendation in full and dismiss the complaint.

## STANDARD OF REVIEW

Local Rule 72.3 permits a party to object to a magistrate judge's proposed findings, recommendations, or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B), within fourteen days. *See* L.R. 72.3. Objections to a report and recommendation must be timely, specific, and identify the basis for such objections. *See* 28 U.S.C. § 636(b)(1); L.R. 72.3.

When reviewing objections to a report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C). District courts may accept, reject, or modify—in whole or in part—the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). The district court is permitted to rely upon the magistrate judge's proposed recommendations to the extent they are deemed proper. *United States v. Raddatz*, 447 U.S. 667, 676 (1980).

A *de novo* review of the contested portions of a report and recommendation is not required where the objections are merely general in nature. *See Sample v. Dieck*s, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); *see also Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete *de novo* determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process.").

In this matter, Plaintiff presents his generalized disagreements with the Report and Recommendation to be: (1) that Magistrate Judge Carlson did not have authority under 28 U.S.C. § 636(b)(1)(A), to issue the Report and Recommendation; (2) the Report and Recommendation does not specifically illustrate what portions of Defendants' Motions to Dismiss it rules upon and, therefore, did not provide Plaintiff with notice and specificity as to the Court's ruling; (3) this Court may exercise its jurisdiction over this matter because it advances a declaratory judgment action raising

a federal constitutional challenge to a state statute and there is no parallel state court proceeding; and (4) he generally "objects to this proceeding." (Doc. 60 at 4-10.) These Objections are insufficient to rise above "generalized objections," and, thus, are not entitled to *de novo* review.

First, and foremost, within his Objections and without legal authority to support his positions, Plaintiff advances his generalized disagreements with Magistrate Judge Carlson's statutory authority and the ultimate dismissal recommendation presented within the Report and Recommendation. (*See id.*) Respectfully, these general objections are insufficient to overrule the Report and Recommendation as they do not illustrate any error of law or manifest injustice on the record to be corrected and, thus, are not entitled to a *de novo* review. *See Goney*, 749 F.2d at 6-7.

In addition to this fatality, Plaintiff also chiefly misunderstands the statutory authority of magistrate judges. As plainly explained within Section 636(b)(1)(B), this Court has the explicit authority to refer any matter to a magistrate judge for pretrial handling, which was the case here. 28 U.S.C. § 636(b)(1)(B); (*see Docket Entries* (April 9, 2024, and April 11, 2024), *generally*.). Plaintiff's numerous arguments claiming that Magistrate Judge Carlson did not have authority to issue the Report and Recommendation in this matter is outrageous and not based in any legal authority. These Objections, therefore, should be overruled.

Plaintiff's next Objection is rooted in his misunderstanding of the plain reading of the Report and Recommendation when he claims that he was not afforded the notice and specificity as to the Court's ruling on matters therein. (Doc. 60 at 4-5, 10.) He is wrong. The Report and Recommendation aptly provides the Parties and this Court with the procedural history, alleged statement of facts of this case, and detailed legal authority for its Recommendation. (*See gen.* Doc. 59.) Objections of this nature must, therefore, be overruled.

Plaintiff next argues that this Court may exercise jurisdiction in this matter because he is, via a declaratory judgment action, asserting a federal constitutional claim to a state statute in federal court. (Doc. 60 at 5-7.) He claims, again without legal or factual support, that this case is not identical to his presently pending state court actions. (*See id.*) However, in so doing, Plaintiff plainly ignores his own pleadings that explicitly indicate that he is asking this Court to make rulings upon the interpretation of the Pennsylvania Right to Know Law that are present within the issues within his current RTKL appeals in state court. (Doc. 1 at ¶¶ 1, 52, 64 (complaint averments that OOR dismissed RTKL appeals).) The Report and Recommendation already reviewed Plaintiff's claims and determined that they failed to state a claim upon which relief may be granted. Plaintiff's attempt to re-argue those same matters previously dismissed are insufficient to meet his burden required

for objections to a report and recommendation. Thus, for these reasons, this additional Objection should also be overruled.

Plaintiff lastly argues that he "objects to this proceeding" and conclusively, without legal or factual support, that this matter is prejudicial to him as a *pro se* party as he "does not have the time, resources, or knowledge for extraneous litigation." (Doc. 60 at 10.) Plaintiff is welcome to voluntarily dismiss this litigation at any time in accordance with Federal Rule of Civil Procedure 41(a)(1)(A) should he deem that he no longer wishes to proceed with this duplicative litigation that he, and he alone, initiated in federal court.

<u>CONCLUSION</u>

For the foregoing reasons, and for the reasons set forth in greater length within their Motion to Dismiss the Complaint, (Docs. 16, 21), Defendant OOR respectfully requests that this Court adopt the Report and Recommendation in full and dismiss the Complaint with prejudice.

|  | Respectfully submitted, |
|---|---|
|  | MICHELLE A. HENRY<br>Attorney General |
|  | By: _s/ Mary Katherine Yarish_ |
| **Office of Attorney General**<br>**15th Floor, Strawberry Square**<br>**Harrisburg, PA 17120**<br>**Phone: (717) 783-6315** | **MARY KATHERINE YARISH**<br>Deputy Attorney General<br>Attorney ID #328843 |
|  | **NICOLE R. DITOMO**<br>Chief Deputy Attorney General<br>Civil Litigation Section |
| **myarish@attorneygeneral.gov** |  |
| **Date: July 18, 2024** | *Counsel for Defendant Office of Open Records* |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL MILLER,** | : | |
| Plaintiff | : | No. 1:24-CV-00014 |
| | : | |
| v. | : | Judge Wilson |
| | : | |
| **COUNTY OF LANCASTER** and | : | Electronically Filed Document |
| **OFFICE OF OPEN RECORDS,** | : | |
| Defendants | : | *Complaint Filed 01/04/24* |

## CERTIFICATE OF SERVICE

I, Mary Katherine Yarish, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on July 18, 2024, I caused to be served a true and correct copy of the foregoing document titled Defendant OOR's Brief in Opposition to Plaintiff's Objections (Doc. 60) to the Report and Recommendation (Doc. 59) to the following:

**VIA ECF**

| | |
|---|---|
| Michael Miller | Sarah Hyser-Staub, Esq. |
| 108 North Reading Road | Lauren Anthony, Esq. |
| Suite F, 246 | McNees Wallace & Nurick LLC |
| Ephrata, PA 17522 | 100 Pine Street |
| reaganfive@protomail.com | Harrisburg, PA 17101 |
| *Pro Se Plaintiff* | sstaub@mcneeslaw.com |
| | lanthony@mcneeslaw.com |
| | *Counsel for Defendant County of Lancaster* |

    *s/ Mary Katherine Yarish*
**MARY KATHERINE YARISH**
Deputy Attorney General