# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL MILLER, | : | Civil No. 1:24-CV-00014 |
| Plaintiff, | : | |
| v. | : | |
| COUNTY OF LANCASTER, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **ORDER**

Before the court is the report and recommendation of United States Magistrate Judge Martin C. Carlson recommending that the court grant the motions to dismiss filed by the County of Lancaster ("the County") and the Office of Open Records ("OOR"), and dismiss Plaintiff's complaint. (Doc. 59.) Specifically, Judge Carlson notes that Plaintiff invokes the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202, "in the course of inviting us to intervene in state litigation involving the application and interpretation of the state Right to Know law and opine on some 23 questions propounded by the plaintiff." (*Id.* at 10.)[1] Judge Carlson recommends that the court should decline to exercise its discretion under the Declaratory Judgment Act, which would be "antithetical" to the applicable standard. (*Id.* at 10–17.)

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

1

Plaintiff filed objections to the report and recommendation, which Defendants opposed.[2] (Docs. 60, 61, 62.) Plaintiff raises multiple objections to the report and recommendation and states that his objections are specific and require de novo review. (Doc. 60.) However, a review of the objections shows that only one objection is specific. Plaintiff argues that the magistrate judge was not authorized to review the Rule 12 motions filed in this case. (*Id.* at 4, 7, 9–10.)

When a party specifically objects to a magistrate judge's report and recommendation, the district court is required to conduct a de novo review of the contested portions of the report and recommendation. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may accept, reject, or modify the magistrate judge's report and recommendation in whole or in part. 28 U.S.C. § 636(b)(1). The district court may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.* "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)).

---

[2] The court notes that on August 20, 2024, Plaintiff also filed an objection to the court's delay in disposing of preliminary objections. (Doc. 63.) Therein, Plaintiff details his displeasure at the delay in resolving the "12(b) objections." (*Id.*)

In response to Miller's specific objection to the referral of this matter to a magistrate judge, Defendants argue that it was within the district court's discretion to refer Defendants' motion to dismiss to a magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and the consent of the parties was not required. (Doc. 61, pp. 3–4, 5–8; Doc. 62, p. 3.)

Defendants are correct. This case was originally directly assigned to Magistrate Judge Susan E. Schwab, and then reassigned to Magistrate Judge Carlson on April 8, 2024. However, when the parties did not consent to the jurisdiction of a United States Magistrate Judge, the case was reassigned to the undersigned by verbal order entered on April 11, 2024. The undersigned then referred the case back to Judge Carlson for pretrial management on the same date. The district court's referral of the case for pretrial management was authorized by 28 U.S.C. § 636(b)(1)(A) and M.D. Pa. L.R. 72.1(a), and the parties' consent was not required. Because the case was properly referred to Judge Carlson, so too was the resolution of the motions to dismiss, which was authorized by 28 U.S.C. § 636(b)(1)(B), and, once again, the parties' consent was not required. As a result, Miller's objection to the referral is overruled.

The court finds the remainder of Miller's objections generally disagree with Judge Carlson's analysis and otherwise fail to address the underlying reasons compelling the dismissal of Miller's complaint.

Mere disagreement with the report and recommendation is not a basis to decline to adopt the report and recommendation. Indeed, when a party raises only a general objection to a report and recommendation, a district court is not required to conduct a de novo review of the report and recommendation. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). "To obtain de novo determination of a magistrate's findings by a district court, 28 U.S.C. § 636(b)(1) requires both timely and specific objections to the report." *Id.* at 6. Thus, when reviewing a general objection to a report and recommendation, the court's review is limited "to ascertaining whether there is 'clear error' or 'manifest injustice'" on the face of the record. *Boomer v. Lewis*, No. 3:06-CV-00850, 2009 WL 2900778, at *1 (M.D. Pa. Sept. 9, 2009). The court finds no clear error or manifest injustice in the recommendation to grant the motion to dismiss. As a result, the general objections raised by Miller are overruled.

In sum, following de novo review of the contested portions of the report and recommendation, *E.E.O.C. v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C.§ 636(b)(1)), and giving "reasoned consideration" to the uncontested portions, *id.* (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)), the court finds that Judge Carlson's analysis is well-reasoned and fully supported by the record and applicable law with respect to each of his recommendations.

Accordingly, **IT IS ORDERED THAT**:

1) Plaintiff's objections, Doc. 60, are **OVERRULED**.

2) The report and recommendation, Doc. 59, is **ADOPTED**.

3) Defendant County of Lancaster's motion to dismiss, Doc. 8, is **GRANTED**.

4) Defendant Office of Open Records' motion to dismiss, Doc. 16, is **GRANTED**.

5) Plaintiff's complaint, Doc. 1, is **DISMISSED** without leave to file an amended complaint.

6) The Clerk of Court is directed to close this case.

7) Notwithstanding the closure of this case, this matter is referred back to Magistrate Judge Carlson for resolution of Defendant County of Lancaster's motion for sanctions, Doc. 48.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: September 30, 2024