IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| MICHAEL MILLER, | : | No. 1:24-cv-00014-JPW-MCC |
|---|---|---|
| Plaintiff, | : | |
| | : | |
| v. | : | (Judge Wilson) |
| | : | (Magistrate Judge Carlson) |
| COUNTY OF LANCASTER, *et al.*, | : | |
| Defendants. | : | (Electronically filed) |

# DEFENDANT COUNTY OF LANCASTER'S BRIEF IN SUPPORT OF MOTION TO TAKE JUDICIAL NOTICE

Defendant County of Lancaster ("Lancaster County" or the "County"), by and through its undersigned counsel, McNees Wallace & Nurick LLC, files this brief in support of its contemporaneously filed Motion to Take Judicial Notice. For the reasons discussed below, the County respectfully requests that this Court take judicial notice of additional filings made by *pro se* Plaintiff Michael Miller ("Miller").

## I.  INTRODUCTION

The County respectfully submits the instant Motion for purposes of bringing to the Court's attention various recent filings made by Miller before the Third Circuit and Eastern District of Pennsylvania, as part of Miller's ongoing campaign of frivolous litigation against the County. As discussed below, these statements and submissions made by Miller are highly relevant to the County's Rule 11 Motion for Sanctions and are properly the subject of judicial notice.

## II. RELEVANT FACTUAL AND PROCEDURAL HISTORY

Miller initiated this action in January 2024 by filing a Complaint against the County and the Pennsylvania Office of Open Records ("OOR"), through which Miller sought federal review of several decisions pertaining to his requests for election-related records under Pennsylvania's Right to Know Law ("RTKL").[1] In February 2024, the County and OOR moved to dismiss the Complaint. (Doc. Nos. 8, 16). While its Motion to Dismiss was pending, the County also filed a Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11, seeking sanctions against Miller (after proper notice). (Doc. No. 48).

On June 20, 2024, Magistrate Judge Carlson issued a Report and Recommendation recommending that both Motions to Dismiss be granted. (Doc. No. 59). On September 30, 2024, Judge Wilson adopted the Report and Recommendation, dismissed the Complaint without leave to amend, directed that this case be closed, and referred the County's Motion for Sanctions back to Judge Carlson for resolution, notwithstanding the closure of this case. (Doc. No. 24). The County's Motion for Sanctions remains pending.

Days after Judge Wilson dismissed the Complaint in this case, on October 5, 2024, Miller filed a Complaint in the U.S. District Court for the Eastern District of

---

[1] *See generally* Doc. No. 1 (Complaint). For purposes of concision, the County declines to recite the complete factual background of this action herein.

Pennsylvania against the County and several County employees (the "Eastern District Action"). *See generally Miller v. County of Lancaster, et al.*, No. 5:24-cv-05338-JFL, Doc. No. 1. Miller has since filed an Amended Complaint in that action. The claims asserted in the Eastern District Action are duplicative of the claims dismissed by this Court. Indeed, Miller alleges in his Amended Complaint that the issues in both cases are the same. Accordingly, Defendants have moved to dismiss the Eastern District Action on the basis of *res judicata*, among other things. *See id.*, Doc. Nos. 4 (Amended Complaint), 17 (Motion to Dismiss).

Miller also appealed Judge Wilson's Order dismissing the Complaint in this action. *See Miller v. County of Lancaster, et al.*, No. 24-2934 (3d Cir.). On October 29, 2024, the Clerk of the Third Circuit docketed a letter advising that the appeal "has been listed for possible summary action by a panel of this Court, pursuant to Chapter 10.6 of the Internal Operating Procedures of the United States Court of Appeals for the Third Circuit." *See id.*, Doc. No. 11-1. Miller objected to the potential summary action and has even filed numerous pleadings in the Third Circuit demanding damages from the Clerk. He further filed an appellate brief, despite that no briefing schedule has been established.

The County respectfully submits that this Court should take judicial notice of recent filings made by Miller in the proceedings before the Third Circuit and Eastern District—which were made after the County's Rule 11 Motion was filed—

3

because such filings demonstrate Miller's pattern of abuse and continued pursuit of vexatious litigation strategies.

## III. STATEMENT OF THE QUESTION INVOLVED

Whether the Court Should Take Judicial Notice of the Filings by Miller Discussed Herein Because Such Filings Are Properly the Subject of Judicial Notice and Are Relevant to the County's Pending Motion for Sanctions?

*Suggested Answer:* Yes.

## IV. ARGUMENT

### A. Applicable Legal Standard

The Federal Rules of Civil Procedure authorize a court to take judicial notice of public records. One Pennsylvania district court recently summarized the concept of taking judicial notice as follows:

> The judicial notice rule allows the court to "take judicial notice of public records." *Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000). Federal Rule of Evidence 201(b) states: "The Court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Federal Rule of Evidence 201(c)(2) further explains that a court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Upon judicial notice, the document "may only be considered for the limited purpose of showing that a particular statement was made by a particular person" and not "for the truth of the matters purportedly contained within those documents." *Oran*, 226 F.2d at 289 (citations omitted). For a document to be subject to judicial notice, it must not be "reasonably subject to dispute." *Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir. 2007). "Concerns regarding the authenticity or completeness of a document are the types of concerns

4

that render a document reasonably subject to dispute." *Ryanair DAC v. Booking Holdings, Inc.*, 2022 WL 13946243, at *3 (D. Del. Oct. 24, 2022).

*Hasson v. FullStory, Inc.*, No. 2:22-CV-1246, 2023 WL 4727619, at *1 (W.D. Pa. July 25, 2023).

Miller's various filings in the Third Circuit and in the Eastern District Action are properly the subject of judicial notice, and this Court should consider them in connection with its resolution of the County's pending sanctions motion.

**B.     The Court Should Take Judicial Notice of Miller's Filings.**

**1.     Miller's Recent Filings That Warrant the Court's Attention**

The County notes the following filings by Miller in both the Third Circuit and the Eastern District Action:

- "Motion for Judicial Intervention to Revoke Clerk's Unauthorized Directive and to Reinstate Transparent Briefing Schedule" and supporting brief (Third Circuit, Doc. Nos. 13, 14) (Exhibits A and B hereto);

- Second "Motion for Judicial Intervention to Revoke Clerk's Unauthorized Directive" (Third Circuit, Doc. No. 15) (Exhibit C);

- "Status Inquiry, Objection and Request for Court-Borne Costs Regarding Pending Motions" (Third Circuit, Doc. No. 16) (Exhibit D);

- Miller's "Appellate Brief" Filed in Contravention of the Third Circuit's Letter Advising That a Briefing Schedule Shall Not Issue (Third Circuit, Doc. No. 18) (Exhibit E);

- Brief in Support of "Motion to Remedy Procedural Irregularities, Protect Constitutional Claims and Compel Judicial Oversight, for Leave to Adopt Proposed Order" (Third Circuit, Doc. No. 20-1) (Exhibit F);

- Amended Complaint (Eastern District Action, Doc. No. 4) (Exhibit G); and

- "Notice of Objection to Extension and Reservation of Rights (Eastern District Action, Doc. No. 16) (Exhibit H).

The County respectfully submits that this Court should take judicial notice of the above filings made by Miller in disposing of the County's Rule 11 Motion. The above-referenced documents are public records that may be judicially noticed. *See, e.g.*, *Plumbers' Loc. Union No. 690 Health Plan v. Apotex Corp.*, No. CV 16-665, 2017 WL 4235773, at *6 (E.D. Pa. Sept. 25, 2017) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings" (alteration in original) (quoting *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006))); *Richardson v. Werner*, No. CV 16-1551, 2016 WL 7485968, at *1 (W.D. Pa. Oct. 17, 2016), (stating that in connection with motion to proceed in forma pauperis, "this Court takes judicial notice of court records and dockets of the federal courts located in the Commonwealth of Pennsylvania" (citing *DiNicola v. DiPaolo*, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996))), *report and recommendation adopted as modified*, No. CV 16-1551, 2016 WL 7474822 (W.D. Pa. Dec. 29, 2016).

As to Miller's recent filings in the Third Circuit Action (Exs. A-F), Defendants respectfully submit that the text of those filings speak for themselves and demonstrate Miller's continued efforts to embroil the County in frivolous litigation at the expense of public resources. Miller has filed numerous motions challenging the listing of the Third Circuit Action for possible summary action, stating, among other things, that he is experiencing "procedural abuse" that "mirrors the judicial misconduct encountered in the district court—the very basis of this appeal" and that "[t]he actions in this matter suggest an intent by judicial actors to evade substantive review and undermine procedural integrity." *See* Ex. B at 6. Miller has even sought damages *from the Court* in the Third Circuit case. *See* Ex. C at 3-4 (requesting that the Court "[o]rder compensatory damages to Appellant in the amount of $4,000, to be paid by the Court itself, not the Respondents" and stating that "[t]his amount reflects the significant time, financial costs, and emotional distress imposed on Appellant due to the Clerk's unauthorized actions. Compensation is necessary to remedy the harm inflicted on Appellant and deter future procedural misconduct.").

Continuing with this pattern of meritless submissions, Miller filed a purported appellate brief (Ex. E) even though the Third Circuit case has been listed for potential summary disposition and no briefing schedule is in place at this time.

The above representations and filings are only some examples of the frivolous requests and unfounded statements made by Miller in the Third Circuit.

In the Eastern District Action, Miller has continued to submit meritless filings that needlessly drive litigation costs.[2] The Eastern District Action is the subject of a pending Motion to Dismiss filed by the County and other Defendants in that case. *See* Eastern District Action, Doc. No. 4. The Amended Complaint—as discussed in more detail by Defendants in the Eastern District Action in support of their Motion to Dismiss—contains numerous inaccuracies in addition to its legal deficiencies, as well.[3]

Continuing his pattern of baseless objections, Miller opposed the County's reasonable request for a 14-day extension of time to respond to his twelve-count, 84-page Amended Complaint, because undersigned counsel had suffered a personal family tragedy. Miller went so far as to file a statement with the Court

---

[2] Indeed, in his Amended Complaint in the Eastern District Action, Miller refers to his Complaint filed in this Court and states "Plaintiff filed a federal declaratory judgment action on January 4, 2024, to address the same issues that are the basis of this action." *See* Ex. G at 11.

[3] For example, Miller incorrectly states in the Amended Complaint in the Eastern District Action that "On May 8, 2024, Defendants Parsons, D'Agostino, and Pfursich, in their individual and official capacities, filed a motion for sanctions against Plaintiff, seeking $30,000 because he would not withdraw his lawsuit by May 7, 2024." *See* Ex. G at 10. Miller bases his retaliation claim in the Amended Complaint on this concept and disregards the fact that those individuals were not even parties to this action, where the Motion for Sanctions has been filed. *See id.*; *see also id.* at 35-36 (discussing retaliation claim).

after the extension was nevertheless granted, accusing counsel of engaging in "bad-faith tactic[s] to delay the timely adjudication of [Miller's] claims." *See* Ex. D at 2-3. Miller also filed a meritless motion to strike the exhibits attached to the County's motion to dismiss the Eastern District Action, which was recently denied. *See Miller v. County of Lancaster, et al.*, No. 5:24-cv-05338-JFL, Doc. No. 26 (denying motion to strike and taking judicial notice of filings from this case, which the County attached to its motion to dismiss in that case).

### 2. The Need to Consider Miller's Recent Filings for Purposes of the County's Motion for Sanctions

Miller's latest filings substantiate the County's claims that Miller has engaged (and continues to engage) in abusive litigation and misuse of the court's processes. *See Simmerman v. Corino,* 27 F.3d 58, 62 (3d Cir. 1994) (quoting *Teamsters Local Union No. 430 v. Cement Express, Inc.,* 841 F.2d 66, 68 (3d Cir.), *cert. denied sub nom. Herman Bros., Inc. v. Teamsters Local Union No. 430,* 488 U.S. 848 (1988)). Because these filings are public records and they cannot be reasonably disputed, it is proper for the Court to take judicial notice of them. Accordingly, the Court should consider the court filings referenced herein in adjudicating the pending Motion for Sanctions (Doc. No. 48). *See Napier v. Thirty or More Unidentified Federal Agents*, 855 F.2d 1080, 1091 (3d Cir. 1988) ("The

9

district court has substantial discretion to determine nature and extent of a sanction.").

## V. CONCLUSION

For the foregoing reasons, the County respectfully requests that the Court grant the instant motion, take judicial notice of the filings discussed herein, and consider such filings in connection with the County's pending Motion for Sanctions, as it deems appropriate.

Respectfully submitted,

McNEES WALLACE & NURICK LLC

By *Sarah H Staub*
Sarah Hyser-Staub
PA I.D. No. 315989
Lauren Anthony
PA I.D. No. 324557
100 Pine Street
Harrisburg, PA 17101
717-237-5473
sstaub@mcneeslaw.com
lanthony@mcneeslaw.com

*Attorneys for Defendant Lancaster County*

Dated: December 17, 2024